


ATTORNEYS AT LAW

Richard S. Swartz, Esquire
1878 Marlton Pike East
Society Hill Office Park, Suite 10
Cherry Hill, NJ 08003
Tel: (856) 685-7420
Fax: (856) 685-7417
rswartz@swartz-legal.com

July 26, 2011

**VIA FACSIMILE AND ECF**

The Honorable Karen Williams, USMJ
United States Courthouse
4th and Cooper Streets
Camden, NJ
856-757-6848

**Re: Javier Alavez-Lopez, *et al.* v. South Jersey Sanitation Co., Inc., *et al.***
**Docket No.: 1:10-CV-05647-NLH-KMW**

Dear Judge Williams:

This Firm represents the plaintiffs in this matter. The plaintiffs hereby request that Your Honor schedule in short order an in-person status conference with counsel for the parties, so that Your Honor may address the perceived lack of good-faith with which the defendants appear to be approaching their discovery obligations.[1]

During the Rule 16 conference held in this matter, Your Honor made it very clear – *after I raised a concern regarding the defendants' willingness to engage in discovery in good-faith (I raised this concern because the defendants' counsel had cited as being a "problem" the immigration status of the plaintiffs)* – that Your Honor would not tolerate any shenanigans relating to discovery in this matter. Indeed, Your Honor directed the defendants *not* to inquire into the immigration status of the plaintiffs. Your Honor did so as such an inquiry was not relevant to this matter and would only serve to intimidate and harass the plaintiffs. This directive was consistent with established case law. *See, e.g., Zavala v. Wal-Mart Stores, Inc.*, 393 F. Supp. 2d 295, 2005 U.S. Dist. LEXIS 22990 (D.N.J. October 7, 2005); *Serrano v. Underground Utilities Corp.*, 970 A.2d 1054 (N.J. Super. 2009); *Patel v. Quality Inn South*, 846 F.2d 700, 705-06 (11th Cir. 1988), *cert. denied* 489 U.S. 1011 (1989); *In re Reyes*, 814 F.2d 168, 170 (5th Cir. 1987), *cert. denied*, 487 U.S. 1235; *Jing-Ming Lin v. Chinatown Restaurant Corp.*, 771 F. Supp.

---

[1] This matter consists of a collective/class action that has been filed on behalf of the defendants' employees who have worked for the defendants in excess of 40 hours per workweek without receiving overtime compensation. These employees ride on the back of the defendants' trash trucks and dump trash into the trash trucks.




2d 185 (D. Mass. 2011); *Villareal v. El Chile, Inc.*, 266 F.R.D. 207 (N.D. Ill. 2010); *Conteras v. Corinthian Vigor Ins. Co.*, 25 F. Supp. 2d 153 (N.D. Cal. 1998).

That said, the defendants have chosen to serve discovery demands that specifically inquire into the immigration status of the plaintiffs, in direct violation of Your Honor's directive (as well as established case law).[2] Needless to say, the defendants have done so solely to harass the plaintiffs and to attempt to intimidate them into dropping their lawsuit. With absolutely no regard for Your Honor's directive (as well as for the established case law), the defendants demand from each plaintiff: *"A copy of your **social security card**. If you are not a United States citizen, attach copies of all **documents containing your right to live and work in the United States** from January 1, 2007 to the present."* Request for Production ("RFP") No. 4 (emphasis added).

Defendants also demand without justification, and solely to harass and intimidate the plaintiffs: "*All **W-2 and 1099 forms** issued to the plaintiff for income earned **from any source** for the **10 years** prior to the date of this request.*" RFP No. 1 (emphasis added). This RFP is improper on many levels. First, only W-2 and 1099 forms that were issued by the defendants (if any were issued at all) could be relevant in this matter, and the defendants certainly have same in their possession and/or control. Second, the RFP seeks such forms "from any source," meaning from the plaintiffs' prior and subsequent employers. Certainly this cannot be relevant to this failure to pay overtime claim and is only requested to harass and intimidate. Third, the RFP seeks such forms going back "10 years." Clearly, any period of inquiry beyond the two or potentially three year statute of limitations period cannot be relevant.

The bottom line is that the defendants' discovery demands ignore Your Honor's directive (as well as dictates of established case law) as they relate to the immigration status of the plaintiffs. This cannot be. This case is simply about the amount of overtime compensation due to the plaintiffs – non-exempt employees who worked for the defendants in excess of forty hours a week without being paid overtime. The defendants' discovery demands should thus be limited to seeking information relevant to this (*i.e.*, the hours the plaintiffs' claim they worked each week; the defendants already have in their possession and control the dates of their employment, the positions held, the names of their supervisors, and the like).

I thank the Court for its attention to this matter.

Very truly yours,

/s/*Richard S. Swartz*

cc: Counsel for the defendants (via ECF)

---

[2] The defendants' discovery demands are premature. As directed by Your Honor at the Rule 16 conference, discovery is to be bifurcated, with class discovery taking place in the first instance. Thus, a motion for a protective order would not be appropriate at this time. Hence this letter requesting a status conference.