UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

JAVIER ALAVEZ-LOPEZ, ANTONIO
HERNANDEZ, WILLIAM TOVILLA,
ALEJANDRO CONSTANTINO, ANTONIO
GUTIERREZ, MARCO ANTONIO ORTEGA, on
behalf of themselves and those similarly situated,

                                  Plaintiffs

vs.

SOUTH JERSEY SANITATION CO., INC.
and ANTHONY COLARSURDO,

                                Defendants.

Civil Action No. 1:10-cv-05647
(NLH/KMW)

---

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS'
STATE LAW CLAIMS**

---

Alyson Tomljenovic, Esquire
AT (7045)
COOPER LEVENSON APRIL NIEDELMAN & WAGENHEIM, P.A.
1125 Atlantic Avenue - Third Floor
Atlantic City, NJ 08401
(609) 344-3161
File No. 47597-9
atomljenovic@cooperlevenson.com
Attorney for Defendants, South Jersey Sanitation Company, Inc. and Anthony Colarsurdo

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ....................................................................... iii

**INTRODUCTION** ..................................................................................... 4

**FACTUAL BACKGROUND** ...................................................................... 4

**LEGAL ARGUMENT** ................................................................................ 5

    A. **STANDARD FOR DISMISSAL PURSUANT TO F.R.C.P. 12(b)(6)** ................. 5

    B. **THE COLLECTIVE ACTION AND CLASS ACTION CLAIMS ARE INHERENTLY INCOMPATIBLE** ................................................................... 6

    C. **THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS** ....................................... 7

**CONCLUSION** ........................................................................................ 9

## TABLE OF AUTHORITIES

**Cases**

Trump Hotels and Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F. 3d 478 (3rd Cir. 1998) ..... 5

Raub v. Philadelphia, 733 F. 2d 286 (3rd Cir. 1984) .......................................................... 5

Zynn v. O'Donnell, 688 F. 2d 940 (3rd Cir. 1982) ............................................................. 5

Joseph v. Caesar's Entm't Corp., No. 10-6293, 2011 U.S. Dist. LEXIS 79478 (D.N.J. July 21, 2011) .................................................................................................................. 6, 7, 8

Woodard v. FedEx Freight E., Inc., 250 F.R.D. 178 (W.D. Pa. 2008) ........................................ 6

De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 308 (3rd Cir. 2003) ....................................... 7


**Statutes**

28 U.S.C. § 1367 (a) and (c) ..................................................................................... 4, 7, 8

29 U.S.C. §§ 201 et seq. ............................................................................................ 4, 8

29 U.S.C. §§ 201 et seq .................................................................................................. 4

29 U.S.C. § 216 (b) ............................................................................................... *passim*

29 U.S.C. § 251(b)(3) ................................................................................................... 8

N.J.S.A. §§ 34:11-56 et seq .......................................................................................... 4


**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 5

Fed. R. Civ. P. 23 .................................................................................................. 5, 6, 7

## I.   **INTRODUCTION**

Plaintiffs filed this action against Defendants South Jersey Sanitation Company, Inc. and Anthony Colarsurdo, for allegedly failing to pay overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, and the New Jersey Wage and Hour Laws ("NJWHL"), N.J.S.A. §§ 34:11-56 et seq., including the New Jersey Wage Payment Law ("NJWPL"). In their Amended Complaint, plaintiffs seek to allow their FLSA claims to proceed as a collective action pursuant to the "opt-in" provision of 29 U.S.C. § 216(b) and designating plaintiffs as representatives of those similarly situated. Plaintiffs also request that their state law claims be certified as a class action pursuant to Rule 23(b). Plaintiffs seek to form a class action and a collective action; however, these mechanisms are "inherently incompatible," as the utilization of the former circumvents the requirements of the latter and undermines the policy underlying the amendments to the FLSA. Defendants therefore respectfully request that this Court decline to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 and defendants' motion to dismiss these claims.

## II.   **FACTUAL BACKGROUND**

Plaintiffs filed an Amended Complaint against Defendants South Jersey Sanitation Company, Inc. and Anthony Colarsurdo, on December 1, 2010. (See true and complete copy of Plaintiffs' Amended Complaint dated December 1, 2010 at Exhibit "A"). Plaintiffs assert in the complaint that "Defendants intentionally failed to pay them overtime compensation earned while in the employ of Defendants." (See Exhibit A, ¶ 1). Plaintiffs claim this was a violation of both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and The New Jersey Wage and Hour Laws ("NJWHL"), N.J.S.A. §§ 34:11-56 et seq., including the New Jersey Wage Payment Law. (See Exhibit A, ¶¶ 62, 72 & 76). All three Counts are supported by the same

alleged facts, that "Defendants failed to pay Plaintiffs any overtime compensation…" (See Exhibit A, ¶¶ 65, 71 & 74). Plaintiffs also seek to bring the FLSA claim "as a collective action for and in behalf of themselves and those employees similarly situated, pursuant to the 'opt-in' provisions of 29 U.S.C. § 216(b)." (See Exhibit A, ¶ 51). Plaintiffs also seek to bring their NJWHL and NJWPL claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure "on behalf of themselves and those similarly situated." (See Exhibit A, ¶ 53).

As a class action and a collective action are "inherently incompatible," as the use of Rule 23 circumvents the requirements of the §216(b) of the FLSA and undermines the policy underlying that section, defendants respectfully request that this Court decline to exercise jurisdiction over plaintiffs' state law claims and grant defendants' order to dismiss the same.

## III.   LEGAL ARGUMENT

### A. STANDARD FOR DISMISSAL PURSUANT TO F.R.C.P. 12(b)(6).

In deciding a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must take all allegations in the Complaint as true and view them in the light most favorable to the plaintiff. Trump Hotels and Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F. 3d 478, 483 (3rd Cir. 1998); Raub v. Philadelphia, 733 F. 2d 286, 290 (3rd Cir. 1984). If, after so doing, it appears beyond doubt that no relief can be granted under any set of facts that can prove consistent with the allegations, the Court shall dismiss the complaint for failure to state a claim. Zynn v. O'Donnell, 688 F. 2d 940, 941 (3rd Cir. 1982).

> In making this determination, a court must engage in a two-part analysis. First, the court must separate factual allegations from legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Second, the court must determine whether the factual allegations are sufficient to show that the plaintiff has a "plausible claim for relief." Determining plausibility is a "context-specific task" that requires the court to "draw on its judicial experience and common sense." Id.

A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible.

Joseph v. Caesar's Entm't Corp., No. 10-6293, 2011 U.S. Dist. LEXIS 79478 at 6-7 (D.N.J. July 21, 2011) (citations omitted).

## B. THE COLLECTIVE ACTION AND CLASS ACTION CLAIMS ARE INHERENTLY INCOMPATIBLE

In Woodard v. FedEx Freight E., Inc., the Court found "a state wage law class action cannot be maintained in the same proceeding as an FLSA collective action because the opt-out mechanism of Rule 23 class actions is 'inherently incompatible' with the opt-in scheme of FLSA collective actions." Woodard, 250 F.R.D. 178, 180 (W.D. Pa. 2008); see also Joseph v. Caesar's Entm't Corp., No. 10-6293, 2011 U.S. Dist. LEXIS 79478 (D.N.J. July 21, 2011). Under the FLSA, a collective action may be created pursuant to 29 U.S.C. § 216(b). Under § 216(b), "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Thus, in order to become an "opt-in" plaintiff in a collective action filed pursuant to the FLSA, one must take affirmative action and notify the court. 29 U.S.C. § 216(b). This procedure stands in contrast to the mechanism to form a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

"Rule 23(a) provides that '[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members' if the requirements of Rule 23 are met." Woodard, supra, 250 F.R.D. at 185. Under this Rule, the putative class members are assumed to be part of the class unless they affirmatively "opt-out" of the class. Ibid. If these members fail to request exclusion from the class, they will be bound by the judgment. Id. at 186. "Because of the incongruity between the opt-out Rule 23 class action and the opt-in § 216(b) collective action, Rule 23 is inapplicable to FLSA claims." Ibid.

## C. **THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS**

In a recent opinion, U.S. District Judge Robert Kugler declined to exercise supplemental jurisdiction over plaintiff's state law claims, as he found they undermined the underlying policy of the FLSA. Joseph, supra, 2011 U.S. Dist. LEXIS 79478 at 16. This matter also arose from plaintiff's allegations of unlawful employment compensation practices. Id. at 2. Specifically, plaintiff claimed that "Defendants intentionally failed to pay and did not pay Plaintiff and those similarly situated overtime wages for time worked in excess of forty hours in a workweek." Ibid. Plaintiff claimed that as a result, Defendants had violated both the FLSA and New Jersey Wage and Hour Laws. Id. at 3. In his complaint, plaintiff similarly asserted both a collective action claim pursuant to the "opt-in" provision of the FLSA, 29 U.S.C. § 216(b) and a class action claim under the New Jersey Wage and Hour Laws pursuant to Federal Rule of Civil Procedure 23. Id. at 2-3. The Court dismissed the latter pursuant to 28 U.S.C. § 1367.

In Joseph, the Court noted that under 28 U.S.C. § 1367(a), "a district court may exercise supplemental jurisdiction where state-law claims share a 'common nucleus of operative fact[s]' with the claims that supported the district court's original jurisdiction." Id. at 10, (quoting De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 308 (3rd Cir. 2003). In that case, as here, the factual allegations giving rise to both claims were identical, that is that Defendant failed to pay plaintiff(s) overtime compensation. Ibid. Thus, the Court found that it was entitled to exercise supplemental jurisdiction over the state law claim. Ibid.

However, under 28 U.S.C. § 1367(c)(4), a Court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if…in exceptional circumstances, there are other compelling reasons for declining jurisdiction." The Court in Joseph found such a reason in its

examination of the Congressional policy behind the creation of the FLSA "opt-in" requirement. Joseph, supra, 2011 U.S. Dist. LEXIS 79478 at 19.

After Congress enacted the FLSA, 29 U.S.C. §§ 201 et. seq., the Supreme Court broadly expanded its scope resulting in a massive influx of litigation against employers, threatening their financial ruin. Id. at 12-13. Congress enacted the Portal-to-Portal Act (PPA), which added the following to § 216(b): "no employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Joseph, supra, 2011 U.S. Dist. LEXIS 79478 at 14. By doing so, "the PPA furthered Congress's goal to 'define and limit the jurisdiction of the courts,' by limiting collective actions under the FLSA to employees who expressly consented to joining the lawsuit." Ibid. (citing 29 U.S.C. §251(b)(3)).

> … Plaintiff cannot bring an FLSA claim using the Rule 23 class action device because the FLSA expressly precludes Plaintiff from exercising that option with its opt-in requirement. That distinction is critical because Congress enacted the PPA to limit the scope of collective action under the FLSA to plaintiffs who expressly "opt-in" under the framework created by § 216(b). Thus, to allow Plaintiff to circumvent the FLSA's opt-in requirement by bringing an identical action under Rule 23's opt-out regime would undermine the "crucial policy decision" Congress made to limit the scope of an FLSA collective action.

Id. at 16-17 (citations omitted).

Finding that undermining the Congressional intent behind the construction of §216(b) of the FLSA was a "compelling reason" pursuant to 28 U.S.C. § 1367(c)(4), the Court declined to exercise supplemental jurisdiction over the state law causes of action and dismissed plaintiff's NJWHL and NJWPL claims. Id. at 19.

Similarly, this Court should decline to exercise jurisdiction over and dismiss plaintiffs' state law claims. As in Joseph, here, plaintiffs' FLSA claims and NJWHL and NJWPL claims are based on the same alleged fact, that is that Defendants failed to pay them proper overtime

8

compensation. However, allowing plaintiffs to create both a class action and a collective action based on this allegation would undermine the purpose of § 216(b), namely to limit these types of actions to include only those plaintiffs who affirmatively "opt-in" to the suit. Therefore, this Court should find that preserving the intended aim of this section of the FLSA is a "compelling reason" to decline to exercise supplemental jurisdiction over plaintiffs' state law claims and dismiss these claims.

## IV.   **CONCLUSION**

For the foregoing reasons, it is respectfully requested that the Court grants defendants' Motion dismissing the plaintiffs' NJWHL and NJWPL claims.

> Respectfully submitted,
> COOPER LEVENSON APRIL
> NIEDELMAN & WAGENHEIM, P.A.


> By:/s/ Alyson M. Tomljenovic
> Alyson M. Tomljenovic, Esquire
> Attorney for Defendants, South Jersey Sanitation
> Company, Inc. *and* Anthony Colarsurdo

DATED:  SEPTEMBER 20, 2011

CLAC 1443071.1

9

# E X H I B I T   "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAVIER ALAVEZ-LOPEZ, ANTONIO HERNANDEZ, WILLIAM TOVILLA, ALEJANDRO CONSTANTINO, ANTONIO GUTIERREZ, MARCO ANTONIO ORTEGA, on behalf of themselves and those similarly situated. | CIVIL ACTION<br><br>No. _____ |
| PLAINTIFFS | |
| v. | **FIRST AMENDED COMPLAINT - COLLECTIVE AND CLASS ACTION COMPLAINT** |
| SOUTH JERSEY SANITATION CO., INC.<br>9th and Egg Harbor Road<br>Hammonton, NJ 08037<br>or<br>253 N. White Horse Pike<br>Hammonton, NJ 08037 | |
| and | |
| ANTHONY COLARSURDO, owner<br>c/o South Jersey Sanitation Co., Inc.<br>9th and Egg Harbor Road<br>Hammonton, NJ 08037<br>or<br>253 N. White Horse Pike<br>Hammonton, NJ 08037 | |
| DEFENDANTS | |

## AMENDED CIVIL ACTION COMPLAINT
## COLLECTIVE AND CLASS ACTION

Plaintiffs Javier Alavez-Lopez, Antonio Hernandez, Tovilla William, AleJandro Constantino, and Antonio Gutierrez, on behalf of themselves and those similarly situated (hereinafter collectively "Plaintiffs"), by and through their undersigned counsel, hereby aver as follows:

## INTRODUCTION

1.      This action arises about of Defendants' violations of the Fair Labor Standards Act ("FLSA") and New Jersey Wage & Hour Laws. Plaintiffs and those similarly situated assert that Defendants intentionally failed to pay them overtime compensation earned while in the employ of Defendants.

## JURISDICTION AND VENUE

2.      The instant action is initiated pursuant to violations of the FLSA, 29 U.S.C. §201 *et seq*. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of such jurisdiction to comply with traditional notions of fair play and substantial justice.

3.      This Court may properly exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §1331 because the instant action arises under the laws of the United States and seeks redress for violations of a federal law.

4.      This Court may also maintain supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure, because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

5.      Pursuant to 28 U.S.C. §1391, venue is properly laid in this judicial district because Defendants conduct substantial, systematic, and continuous activity in this judicial district, and because a substantial part and/or all of the actions alleged herein took place in this judicial district.

## PARTIES

6.  The foregoing paragraphs are incorporated herein as if set forth in their entirety.

7.  Plaintiff Javier Alavez-Lopez ("Plaintiff Alavez-Lopez") is an adult individual with an address located at 770 N. Egg Harbor Road, Hammonton, NJ 08037.

8.  Plaintiff Antonio Hernandez ("Plaintiff Hernandez") is an adult individual with an address located at 110 S. 2nd Street, Hammonton, NJ 08037.

9.  Plaintiff William Tovilla ("Plaintiff Tovilla") is an adult individual with an address located at 230 23rd Avenue, Elwood, NJ 08217.

10. Plaintiff Alejandro Constantino ("Plaintiff Constantino") is an adult individual with an address located at 107 Peach Street, Hammonton, NJ 08037.

11. Plaintiff Antonio Gutierrez ("Plaintiff Gutierrez") is an adult individual with an address located at 239 South First Rd, Apt. A, Hammonton, NJ 08037.

12. Plaintiff Marco Antonio Ortega ("Plaintiff Ortega") is an adult individual with an address located at [#] Bellvue Ave., Apt. 4, Hammonton, NJ.

13. Defendant South Jersey Sanitation Co., Inc. ("Defendant Sanitation Co."), upon information and belief, is a New Jersey corporation and conducts business within the state of New Jersey.

14. Defendant Anthony Colarsurdo ("Defendant Colarsurdo"), upon information and belief, is the Owner of Defendant Sanitation Co. and is responsible for overseeing and approving payroll for Defendant Sanitation Co.

15. Defendant Sanitation Co. and Defendant Colarsurdo shall be collectively referred to herein as "Defendants."

16. John Does 1-10, whose identities and addresses are presently unknown to

Plaintiff, are individuals who are responsible for overseeing and approving payroll for Defendant Sanitation Co.

17.     XYZ Corporations 1-10, whose identities and addresses are presently unknown to Plaintiff, are alter egos of Defendant Sanitation Co.

18.     At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUD

19.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

20.     Defendant Sanitation Co. is a vendor for many municipalities, engaged to pick up the trash of the residents of the municipalities.

21.     Plaintiff Alavez-Lopez worked for Defendants from in or about April 2004 through on or about May 21, 2010.

22.     Plaintiff Hernandez began working for Defendants in or about September 2004, continues to work for Defendants through the present and, assuming Defendants do not unlawfully retaliate against him for joining in this lawsuit, will continue working for Defendants into the foreseeable future.

23.     Plaintiff Tovilla began working for Defendants in or about 2003, continues to work for Defendants through the present and plans to continue working for Defendants into the foreseeable future.

24.     Plaintiff Constantino began working for Defendants in or about 2003, continues to work for Defendants through the present and plans to continue working for Defendants into the foreseeable future.

25.     Plaintiff Gutierrez began working for Defendants in or about 2008, continues to work for Defendants through the present and plans to continue working for Defendants into the foreseeable future.

26.     Plaintiff Ortega began working for Defendants in or about July 2010, continues to work for Defendants through the present and plans to continue working for Defendants into the foreseeable future.

27.     Plaintiffs worked for Defendants as laborers, riding on the back of trash trucks to pick up trash.

28.     Defendants required that Plaintiffs begin their workday at 5:00 a.m.

29.     Defendants required that Plaintiffs not end their workday until all trash on their respective routes was picked up; this required that Plaintiffs work until approximately 6:00 p.m. each workday.

30.     Defendants required that Plaintiffs work Monday through Friday each workweek.

31.     To the extent Defendants permitted Plaintiffs to take a break during the workday, Defendants permitted Plaintiffs to take a hurried lunch breach of about 15 to 20 minutes.

32.     Plaintiffs work and/or worked for Defendants, on average, 13 hour days (from 5:00 a.m. to approximately 6:00 p.m., with a hurried and short break for lunch).

33.     For each workday that Plaintiff Alvarez-Lopez worked, Defendants paid Mr. Alvarez-Lopez only $95, so that Defendants paid Plaintiff Alvarez-Lopez only $475 per workweek for approximately 65 hours of manual labor.

34.     For each workday that Plaintiff Hernandez worked and continues to work, Defendants pay Plaintiff Hernandez only $100 (Defendants initially paid him $85 per workday; in 2008, Defendants began paying him $90 per workday; in 2009, Defendants began paying him

$95 per workday; and in 2010, Defendants began paying him $100 per workday), so that Defendants currently pay Plaintiff Hernandez only $500 per workweek for approximately 65 to 70 hours of manual labor.

35.   For each workday that Plaintiff Tovilla worked and continues to work, Defendants pay Plaintiff Tovilla only $95 (Defendants initially paid him $85 per workday; in 2005, Defendants began paying him $90 per workday; in 2009, Defendants began paying him $95 per workday), so that Defendants currently pay Plaintiff Tovilla only $475 per workweek for approximately 65 hours of manual labor.

36.   For each workday that Plaintiff Constantino worked and continues to work, Defendants pay Plaintiff Constantino only $95 (Defendants initially paid him $80 per workday, gave him a raise approximately every two years, and two years ago, began paying him $95 per workday), so that Defendants currently pay Plaintiff Constantino only $475 per workweek for approximately 65 hours of manual labor.

37.   For each workday that Plaintiff Gutierrez worked and continues to work, Defendants pay Plaintiff Gutierrez only $95 (Defendants initially paid him $85 per workday, and approximately one and a half years after, began paying him $95 per workday), so that Defendants currently pay Plaintiff Gutierrez only $475 per workweek for approximately 65 hours of manual labor.

38.   For each workday that Plaintiff Ortega worked and continues to work, Defendants pay Plaintiff Ortega only $90, so that Defendants currently pay Plaintiff Ortega only $450 per workweek for approximately 65 hours of manual labor.

39.   Plaintiffs and those similarly situated are non-exempt employees within the meaning of the FLSA and the New Jersey Wage and Hour laws.

40. Defendants knew that Plaintiffs and those similarly situated are and were non-exempt employees within the meaning of the FLSA and the New Jersey Wage and Hour laws.

41. Defendants failed to pay Plaintiffs and those similarly situated any overtime compensation (compensation at the rate of 1.5 times their regular rate of pay) for the hours that they worked in excess of 40 each workweek.

42. Defendant Colarsurdo makes, and at all relevant times has made, the decisions not to pay Plaintiffs the overtime compensation due them.

43. Plaintiff Alvarez-Lopez last performed services for Defendants on May 21, 2010.

44. Plaintiffs Hernandez, Tovilla, Constantino, Gutierrez, and Ortega continue to work for Defendants to date, and absent unlawful retaliation by Defendants will continue to work for Defendants into the foreseeable future.

## FLSA COLLECTIVE ACTION ALLEGATIONS

45. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

46. Defendants intentionally failed to pay its laborers any overtime compensation for the hours they worked in excess of 40 each workweek.

47. Members of the FLSA class, which include all current and former laborers who worked on trash trucks for Defendants, are similarly situated to the named Plaintiffs.

48. Members of the FLSA class have substantially similar job requirements, and were subject to a common practice, policy, or plan that requires them to perform uncompensated work for the benefit of the Defendants in excess of 40 hours each workweek.

49. There are numerous similarly situated current and former employees of Defendants who were uncompensated for overtime work in violation of FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity

to join in the present lawsuit.

50.   Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

51.   Therefore, Plaintiffs should be permitted to bring this action as a collective action for and in behalf of themselves and those employees similarly situated, pursuant to the "opt-in" provisions of 29 U.S.C. § 216(b).

## RULE 23 NEW JERSEY CLASS ACTION ALLEGATIONS

52.   The foregoing paragraphs are incorporated herein as if set forth in their entirety.

53.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, named Plaintiffs bring their claim for relief to redress Defendants' violations of the New Jersey Wage and Hour Law and the New Jersey Wage Payment Law on behalf of themselves and those similarly situated.

54.   Specifically, named Plaintiffs seek to represent a class of all present and former employees of Defendants who worked for Defendants as laborers on trash trucks.

55.   The proposed class is so numerous that the joinder of all class members is impracticable. Plaintiffs do not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is at least several dozen and could number in the hundreds.

56.   Plaintiffs' claims are typical of the claims of members of the class, because Plaintiffs, like all class members, were/are employees of Defendants whom Defendants required to work more than 40 hours per workweek and then failed to pay overtime wages as required by New Jersey Wage and Hour Law and New Jersey Wage Payment Law.

57.   Plaintiffs will fairly and adequately protect the interests of the class because

Plaintiffs' interests are coincident with, and not antagonistic to, those of the class. Plaintiffs have retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

58.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendants' records.

59.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants. Furthermore, the amount at stake for individual class members, though substantial, may not great enough to enable all of the individual class members to maintain separate actions against Defendants.

60.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class is whether Defendants required Plaintiffs to work more than 40 hours per workweek without paying them overtime compensation as required under the law for hours they worked in excess of 40 a workweek.

## COUNT I
### Violations of the Fair Labor Standards Act (29 U.S.C. § 206)
#### (Failure to Pay Overtime Wages)

61. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

62. At all times relevant herein, Defendants have and continue to be an "employer" within the meaning of the FLSA.

63. At all times relevant herein, Plaintiffs were employed by Defendants as an "employee" within the meaning of the FLSA.

64. The FLSA requires covered employers, such as Defendants, to minimally compensate employees, such as Plaintiffs, 1.5 times the employees' regular rate of pay for each hour that the employees work over 40 in a workweek.

65. Defendants failed to pay Plaintiffs any overtime compensation whatsoever, let alone 1.5 times Plaintiffs' regular rate of pay for each hour that they worked over 40 each workweek.

66. As a result of Defendants' failure to pay Plaintiffs the overtime compensation due him, Defendants have violated and continue to violate the FLSA.

## COUNT II
### Violations of the New Jersey Wage & Hour Law
#### (Failure to Pay Overtime Wages)

67. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

68. At all times relevant herein, Defendants have and continue to be an "employer" within the meaning of the New Jersey Wage & Hour Laws.

69. At all times relevant herein, Plaintiffs were employed by Defendants as an "employee" within the meaning of the New Jersey Wage & Hour Laws.

70. The New Jersey Wage & Hour Laws require covered employers, such as

Defendants, to minimally compensate employees, such as Plaintiffs, 1.5 times the employees' regular rate of pay for each hour that the employees work over 40 in a workweek.

71.     Defendants failed to pay Plaintiffs any overtime compensation whatsoever, let alone 1.5 times Plaintiffs' regular rate of pay for each hour that they worked over 40 each workweek.

72.     As a result of Defendants' failure to pay Plaintiffs the overtime compensation due them, Defendants have violated and continue to violate the New Jersey Wage & Hour Laws.

**COUNT III**
**Violations of the New Jersey Wage Payment Law**
**(Unpaid Wages)**

73.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

74.     Defendants failed to pay Plaintiffs any overtime compensation for the hours they worked in excess of 40 each workweek.

75.     The aforesaid actions constitute violations of the New Jersey Wage Payment Law.

76.     As the individual who made the decision(s) not to pay Plaintiffs, Defendant Colarsurdo is individually liable for the aforesaid violations.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs prays that the Court enter an Order providing that:

A.     Plaintiffs' FLSA claims proceed as a collective action pursuant to the "opt-in" provision set forth in 19 U.S.C. § 216(b), and designate the above Plaintiffs as representatives of those similarly situated;

B.     Plaintiffs' state law claims be certified as a class action pursuant to Rule 23(b)(1), 23(b)(2), and 23(b)(3).

C.     Defendants are to compensate Plaintiffs, and/or otherwise make Plaintiffs whole

for any and all compensation Plaintiffs would have received had it not been for Defendants' illegal actions;

     D.    Plaintiffs are to be awarded liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate given Defendants' willful, deliberate, malicious, and outrageous conduct, and to deter Defendants and other employers from engaging in such misconduct in the future;

     E.    Plaintiffs are to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

     F.    Plaintiffs are to be awarded the costs and expenses of this action, prejudgment interest, and reasonable attorney's fees as provided by applicable federal and state law;

     G.    Plaintiffs are to receive a trial by jury to the extent allowed by applicable law.

Respectfully submitted,

SWARTZ SWIDLER, LLC

Richard S. Swartz
1878 Marlton Pike East, Suite 10
Cherry Hill, NJ 08003
856-685-7420
Attorneys for Plaintiffs

Dated:   December 1, 2010

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Javier Alavez-Lopez, Antonio Hernandez, William Tovilla, Alejandro Constantino, Antonio Gutierrez, Marco Antonio Ortega, on behalf of

## DEFENDANTS
South Jersey Sanitation Co., Inc. and Anthony Colarsurdo

(b) County of Residence of First Listed Plaintiff **camden**

County of Residence of First Listed Defendant **Camden**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

Swartz Swidler, LLC
1878 Marlton Pike E., Suite 10 Cherry Hill, NJ 08003
rswartz@swartz-legal.com (856)685-7420

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☒ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
FLSA and NJ Wage and Hour Law

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE

DOCKET NUMBER

Explanation:

DATE
12/01/2010

SIGNATURE OF ATTORNEY OF RECORD