IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAVIER ALAVEZ-LOPEZ, ANTONIO HERNANDEZ, WILLIAM TOVILLA, ALEJANDRO CONSTANTINO, ANTONIO GUTIERREZ, MARCO ANTONIO ORTEGA, on behalf of themselves and those similarly situated.<br><br>　　PLAINTIFFS<br><br> v.<br><br>SOUTH JERSEY SANITATION CO., INC., *et al.*<br><br>　　DEFENDANTS | CIVIL ACTION<br><br>No.: 1-10-CV-05647-NLH-KMW |

## MEMORANDUM IN SUPPORT OF MOTION FOR COLLECTIVE ACTION CERTIFICATION AND AUTHORIZATION OF ISSUANCE OF NOTICE TO PROSPECTIVE FLSA CLASS MEMBERS

Dated:    September 20, 2011

Counsel:   Richard S. Swartz, Esq.

　　　　　SWARTZ SWIDLER LLC
　　　　　1878 Marlton Pike East. Ste. 10
　　　　　Cherry Hill NJ, 08003
　　　　　(856) 685-7420

　　　　　Attorney for Plaintiffs

# TABLE OF CONTENTS

I.   INTRODUCTION ……………………………………………………………………..3
II.  LEGAL STANDARD ………………………………………………………………...4
   a. Collective Action Conditional Certification …………………………………….4
   b. Court Facilitated Notice ………………………………………………………….5
III. ARGUMENT …………………………………………………………………………..6
   a. Defendants' Procedure for Paying Plaintiff Was a Common Practice
      Which Violates the FLSA ………………………………………………………..6
   b. Plaintiffs and Opt-In Plaintiffs are Similarly Situated ………………………...8
   c. Notice Should be Provided on an Expedited Schedule ………………………….9
IV.  CONCLUSION ………………………………………………………………………...9

# TABLE OF AUTHORITIES

**Cases**

*Aquilino v. Home Depot, Inc.*, Civ. A. No. 04-cv-4100, 2006 U.S. Dist. LEXIS 66084 at *5 (Sept. 6, 2006).................................................................................................................. 4, 5

*Dreyer v. Altchem Environmental Services*. Civ. A. No. 06-2393 (D.N.J. Dec. 12, 2006)............ 4

*Herring v. Hewitt Associates, Inc.*, Civ. A. No. 06-267, 2007 U.S. Dist. LEXIS 53278 at * 3-4 (D.N.J., July 24, 2007)..................................................................................................... 4, 5, 6

*Hoffman-La Rochose v. Sperling*, 493 U.S. 165, 169 (1989) ....................................................... 5, 6

*Ingram v. Coach USA, Inc.*, Civ. A. No. 06-3425, 2008 U.S. Dist. LEXIS 5935 (D.N.J. Jan. 28, 2008) ................................................................................................................................. 6

*Morisky v. Public Service Elect. & Gas, Co.* 111 F.Supp. 2d 493, 496 (D.N.J. 2000)................... 4

*Purndamasidi v. Ichiban Japanese Restaurant*, Civ. A. No. 10-1549 (D.N.J. Sept. 23, 2010) . 4, 6

*Ritzer v. UBS Fin. Servs.*, Civ. A. No. 08-1235, 2008 U.S. Dist LEXIS 71635 (D.N.J. Spt., 22, 2008) (Martini, J) ..................................................................................................................... 6

*Sperling v. Hoffman-La Rochose, Inc.*, 862 F.2d 439, 444 (3d Cir. 1988) ..................................... 4

**Statutes**

29 U.S.C. § 207(a) ........................................................................................................................ 6
29 U.S.C. § 216(b) ........................................................................................................................ 4
29 U.S.C. § 255............................................................................................................................. 8
29 U.S.C. § 256(b). ....................................................................................................................... 9

**Regulations**

29 C.F.R. § 778.501………………………………………………………………………………9

**Other Authorities**

DOL Letter, FLSA2006-7NA (May 26, 2006)……………………………………………………9

I.      INTRODUCTION

On October 29, 2010, Plaintiffs Javier Alavez-Lopez (hereinafter "Plaintiff Lopez"), on behalf of himself and others similarly situated (hereinafter collectively "Plaintiffs"), filed a complaint in the above captioned matter against Defendant South Jersey Sanitation Co., Inc. and Defendant Anthony Colarsurdo (hereinafter collectively "Defendants") alleging violations of the Fair Labor Standards Act (hereinafter "FLSA") and New Jersey state law. On December 1, 2010, Plaintiffs filed an Amended Complaint to name Antonio Hernandez, William Tovilla, Alejandro Constantino, Antonio Gutierrez and Marco Antonio Ortega as additional Plaintiffs.

Defendant South Jersey Sanitation Co., Inc. ("Defendant Sanitation") is a garbage removal, collection, and hauling company that does business in the state of New Jersey. Defendant Anthony Colarsurdo ("Defendant Colarusdo") is the owner of Defendant Sanitation and is responsible for overseeing and approving the payroll of Defendant Sanitation.

Plaintiffs, potentially 400 trash haulers or more,[1] who are titled by Defendants as "throwers," work and/or worked for Defendants in excess of forty (40) hours per week. Aff, ¶ 7, attached to Swartz Decl. as Exhibit B. By Defendants' own admission, Defendants paid Plaintiffs and all "throwers," a pre-determined daily wage for each day worked. Defendant's Answers to Plaintiffs' Initial Interrogatories, ¶ 1(b), attached to Swartz Decl. as Exhibit C. Though Plaintiffs are non-exempt employees under the FLSA or New Jersey wage laws, Defendants failed to keep records of each hour worked by Plaintiffs and failed to provide Plaintiffs overtime compensation for each hour worked over forty hours per week.

---

[1] The approximate number of similarly situated Plaintiffs is calculated pursuant to Defendants' documents bates stamped 1-159 listing all current and former persons employed by Defendants as throwers.

**II.     LEGAL STANDARD**

The FLSA expressly provides for plaintiffs to bring claims for violations of the FLSA in their individual capacities and on behalf of those employees who are similarly situated. 29 U.S.C. § 216(b). The FLSA provides that unnamed class members must opt-in to the class by filing a written consent notice with the court. 29 U.S.C. § 216(b). Thus, unlike class actions brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, where all affected individuals are bound by the suit unless they chose to opt-out, the FLSA mandates that putative class members affirmatively "opt-in" as a prerequisite to obtaining relief under a pending suit. *See Sperling v. Hoffman-La Rochose, Inc.*, 862 F.2d 439, 444 (3d Cir. 1988), *aff'd*, 493 U.S. 165 (1989).

a.     **Collective Action Conditional Certification**

FLSA collective actions are set forth in two stages, the conditional certification and notice stage, and the final certification stage. *Dreyer v. Altchem Environmental Services*. Civ. A. No. 06-2393 (D.N.J. Dec. 12, 2006); *Morisky v. Public Service Elect. & Gas, Co*. 111 F.Supp. 2d 493, 496 (D.N.J. 2000). In the first stage, the Court is required to determine, under a "comparatively limited standard," whether or not the plaintiff's proposed collective group is constituted of similarly situated employees to whom notice should be sent. *Morisky*, 111 F.Supp. 2d at 497; *Herring v. Hewitt Associates, Inc.*, Civ. A. No. 06-267, 2007 U.S. Dist. LEXIS 53278 at * 3-4 (D.N.J., July 24, 2007). The determination is made using a **lenient** standard based on limited evidence before the Court. *Morisky,* 111 F.Supp.2d at 297*, see also Aquilino v. Home Depot, Inc.*, Civ. A. No. 04-cv-4100, 2006 U.S. Dist. LEXIS 66084 at *5 (Sept. 6, 2006) ("[T]he inquiry at the inception of the lawsuit (step 1) is less stringent than the ultimate determination that the class is properly constituted (step 2)"). Therefore, a plaintiff seeking conditional class certification need only show "a factual nexus between its situation and the situation of other

current and former [employees] sufficient to show they are similarly stated." *Purndamasidi v. Ichiban Japanese Restaurant*, Civ. A. No. 10-1549 (D.N.J. Sept. 23, 2010) *quoting Aquilino*, 2006 U.S. Dist. LEXIS 66084 . Once this burden is met, the Court must grant a conditional certification. *Id*.

It should be noted that even after a conditional certification is granted, a defendant may then move the court to decertify the collective action after the case proceeds throughout discovery. *Herring*, 2007 U.S. Dist. LEXIS 53278 at *12-13; *Aquilino*, 2006 U.S. Dist. LEXIS 66084 at *5-6. Therefore a preliminary determination "does not prejudice [a defendant] precisely because it is preliminary. It may be revised if it later appears, after appropriate discovery, that the additional plaintiffs who opt in the lawsuit are not similarly situated." *Id*. Accordingly, certification is appropriate at this stage regardless of whether subsequent discovery may prove that the original plaintiff and opt-in plaintiffs are not similarly situated. As long as a plaintiff has made a preliminary showing that he or she is similarly situated to the employees to whom he or she seeks to have notice sent, class certification and authorized notice is appropriate. *Id.*

b.     **Court Facilitated Notice**

Once a Court conditionally certifies a collectively action, it has the discretion to facilitate notice to potential plaintiffs. *Hoffman-La Rochose v. Sperling*, 493 U.S. 165, 169 (1989); *see also Herring v. Hewitt Assocs.,* Civ. A. No. 06-267, 2007 U.S. Dist. LEXIS 53278 at * 3-4 (D.N.J., July 24, 2007). Specifically, as the Supreme Court set forth:

> A collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged activity.
>
> These benefits however, depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to

5

> participate. . . It follows, that once an action is filed the court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way.

*Hoffman-LaRoche*, 493 U.S. at 170-71. Notice to potential plaintiffs is necessary to fulfill the broad remedial purpose of the FLSA. *Id.*

Accordingly, Courts in this district have routinely issued notice to putative plaintiffs in FLSA actions. *See e.g. Purndamasidi v. Ichiban Japanese Restaurant,* Civ. A. No. 10-1549 (D.N.J. Sept. 23, 2010) (Cavanaugh, J.); *Ritzer v. UBS Fin. Servs.*, Civ. A. No. 08-1235, 2008 U.S. Dist LEXIS 71635 (D.N.J. Spt., 22, 2008) (Martini, J); *Ingram v. Coach USA, Inc.*, Civ. A. No. 06-3425, 2008 U.S. Dist. LEXIS 5935 (D.N.J. Jan. 28, 2008) (Hayden J.); *Herring*, Civ. A. No. 06-267, 2007 U.S. Dist. LEXIS 53278 (D.N.J. Sept. 24, 2007) (Brown, J.).

Expedited notice is of particular importance in FLSA matters as the filing of an FLSA action may not toll the statute of limitations for individuals not named as plaintiffs in the action.

### III.   ARGUMENT

#### a. Defendant's Procedure for Paying Plaintiffs Was a Common Practice Which Violates the FLSA

As throwers, Plaintiffs were/are paid a flat daily rate for each day they worked for Defendants. Aff ¶ 5, attached to Swartz Decl. as Exhibit B. Defendants required that Plaintiffs begin their workday at 5:00 am each morning and that Plaintiffs work day not end until all trash along their routes is picked up. Such requirement caused Plaintiffs to work until approximately 6:00 p.m. each workday. Thus, Plaintiffs worked for Defendants approximately 13 hours per day. Aff ¶ 6, attached to Swartz Decl. as Exhibit B. Plaintiffs work/worked for Defendants approximately five days per week, totaling approximately 65 hours per week. Aff ¶ 7, attached to Swartz Decl. as Exhibit B.

The FLSA sets forth the general requirement that employees must be paid overtime compensation for hours worked in excess of 40 hours per week and a minimum wage for each hour worked. 29 U.S.C. § 207(a). This requirement is generally applicable to all employees. Though the FLSA provides a limited number of exemptions from the requirement to provide overtime compensation, Plaintiffs do not meet the standard for exempt employees.

Defendants, in this matter, do not attempt to argue that throwers qualify as FLSA exempt employees. Rather, Defendants, via their answers to Plaintiffs' initial interrogatories, argue that the daily wage rate provided to throwers includes compensation for overtime hours worked. Specifically, Defendants state:

> All individuals in the "throwers" job classification are compensated on a daily rate basis. The daily rate is based upon a formula which assumes that "throwers" may work up approximately 10 hours per day. This formula is calculated using the in-effect minimum wage, and upon the assumption that employee will be paid for 8 hours at regular time (minimum wage_ and 2 hours at an overtime rate (1.5 times the minimum wage) together with a daily incentive amount. Employees in the "throwers" job classification are paid the full daily rate regardless of how many hours worked. For example, if a thrower completes his route in 5 hours, he is still paid the full daily rate

Defendants' Answers to Plaintiffs Initial Interrogatories ¶ 1(b), attached to Swartz Decl. as Exhibit B.

It is well established in the FLSA statute itself that the method of pay as utilized by the Defendants is in violation of the overtime pay requirements. 29 C.F.R. § 778.501, *See also* DOL Letter, FLSA2006-7NA (May 26, 2006).  This is because the split-day plan fails to represent the rate which employees are actually paid for ordinary, non-overtime hours, and fails to allow extra compensation to be paid for true overtime hours. *Id*. The FLSA itself clearly sets forth that a "split-day" plan is unlawful, citing for example:

> [The] division of the normal 8-hour workday into 4 straight time hours and 4 overtime hours is purely fictitious. The employee is not paid at the rate of $5 an hour and the alleged overtime rate of $7.50 per hour is not paid for overtime

7

> work. It is not geared either to hours "in excess of the employee's normal working hours or regular working hours" (section 7(e)(5) or for work "outside of the hours established in good faith * * * as the basic, normal, or regular workday" (section 7(e) (7)) and it cannot therefore qualify as an overtime rate. The regular rate of pay of the employee in this situation is $6.25 per hour and he is owed additional overtime compensation, based on this rate, for all hours in excess of the applicable maximum hours standard.

29 C.F.R. § 778.501(b).

Thus, Plaintiffs' complaint clearly sets forth violations of the FLSA to which Plaintiffs are entitled relief.

### b. Plaintiffs and Opt-In Plaintiffs are Similarly Situated

Defendants employ throwers such as Plaintiffs to act as collectors and haulers of garbage. Defendants, by their own admission, set forth that each thrower is and/or was subjected to similar compensation procedures. Defendants' Answers to Plaintiffs Initial Interrogatories ¶ 1(b), attached to Swartz Decl. as Exhibit B. Thus, all throwers are similarly situated in that (1) they routinely work in excess of 40 hours per week without being paid the overtime compensation mandated by the FLSA; (2) each thrower is and/or was subjected to the same unlawful compensation procedure; and (3) Defendants willfully fail/failed to keep records of the actual hours each thrower worked.

Accordingly, Plaintiffs have shown a factual nexus between their situation and the situation of other current and former employees sufficient to determine that they are similarly situated. Notice should be sent to all current and former employees who serve or served in the role of thrower for Defendants. There appear to be approximately 400 or more similarly situated throwers.[2]

---

[2] The approximate number of similarly situated Plaintiffs is calculated pursuant to Defendants' documents bates stamped 1-159 listing all current and former persons employed by Defendants as throwers.

### c. Notice should be provided on an expedited schedule

As explained in detail above, Defendants have failed to pay proper overtime compensation to employees and former employees who work or worked for Defendants as throwers. The FLSA imposes a two year statute of limitations on most employee claims and a three years statute of limitations for claims in which the violation is deemed to have been willful. 29 U.S.C. § 255. The filing of an FLSA collective action does not toll the statute of limitations for individuals not named as plaintiffs in the action. Rather, the FLSA provides that the date on which an action is considered to have commenced with respect to individuals not named as a plaintiff is the date on which "the written consent is filed in the court in which the action was commenced." 29 U.S.C. § 256(b). Accordingly, the statute of limitations may continue to run against all prospective plaintiffs until they are given notice of the case and opt-in to the class by filing written consent with the court. For these reasons it is tremendously important that the Court issue notice to the potential plaintiffs on an expedited basis.

## IV. CONCLUSION

For the above-stated reasons and authorities, Plaintiffs respectfully request that this Court: (1) authorize this case to proceed as collective action; (2) order Defendants, within ten (10) days, to provide Plaintiffs' counsel with the names, addresses, telephone numbers, cellular telephone numbers and any other contact information of all employees who have worked for the Defendants as throwers in the last three years; (3) direct the issuance of Plaintiffs' proposed

notice, attached to Swartz Decl. as Exhibit A, to all prospective collective action members on an expedited schedule.[3]

                                      Respectfully submitted,

                                      /s/ *Richard S. Swartz*
                                      Richard S. Swartz
                                      SWARTZ SWIDLER, LLC
                                      *Attorney for Plaintiffs*

---

[3] As many employees read only Spanish, Plaintiffs further request this Court order the notice to be sent in Spanish as well. A translated document will be created following the Court entering its Order. Those Plaintiffs who have already filed opt-in notices have were provided and have signed both an English and Spanish translated form.