UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

JAVIER ALAVEZ-LOPEZ, ANTONIO
HERNANDEZ, WILLIAM TOVILLA,
ALEJANDRO CONSTANTINO, ANTONIO
GUTIERREZ, MARCO ANTONIO ORTEGA, on
behalf of themselves and those similarly situated,

                                       PLAINTIFFS

Vs.

SOUTH JERSEY SANITATION CO., INC.
9TH and Egg Harbor Road
Hammonton, NJ 08037

      and

ANTHONY COLARSURDO, owner
c/o South Jersey Sanitation Co., Inc.
9th and Egg Harbor Road
Hammonton, NJ  08037
      Or
253 N. White Horse Pike
Hammonton, NJ  08037

                           DEFENDANTS.

CIVIL ACTION NO. 1:10-cv-5647
(NLH/KMW)

---

## DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR COLLECTIVE ACTION CERTIFICATION AND AUTHORIZATION OF ISSUANCE OF NOTICE TO PROSPECTIVE FLSA CLASS MEMBERS

Alyson Tomljenovic, Esquire
AMT (7045)
COOPER LEVENSON APRIL NIEDELMAN & WAGENHEIM, P.A.
1125 Atlantic Avenue - Third Floor
Atlantic City, NJ  08401
(609) 344-3161
File No. 47597-9
atomljenovic@cooperlevenson.com
Attorney for Defendants, South Jersey Sanitation Company, Inc. and Anthony Colarsurdo

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .......................................................................................... iii

INTRODUCTION .......................................................................................................... 4

FACTUAL BACKGROUND ......................................................................................... 5

LEGAL ARGUMENT .................................................................................................... 6

    A.  PLAINTIFFS FAIL TO PROFFER SUFFICIENT EVIDENCE THAT OTHER EMPLOYEES ARE SIMILARLY SITUATED. .................................. 6

    B.  THIS COURT SHOULD NOT GRANT AUTHORIZATION OF ISSUANCE OF NOTICE TO PROSPECTIVE FLSA CLASS MEMBERS. ........................ 9

CONCLUSION ............................................................................................................. 11

## TABLE OF AUTHORITIES

**Cases**

Bramble v. Wal-Mart Stores, Inc., 2011 U.S. Dist. LEXIS 39457 (E.D. Pa. Apr. 12, 2011) .....8, 9

Holt v. Rite Aid Corp., 333 F. Supp. 2d 1265 (M.D. Ala. 2004) .............................................9, 10

Morisky v. Public Serv. Elec. & Gas Co., 111 F. Supp. 2d 493 (D.N.J. 2000).......................6, 7, 8

Myers v. Hertz Corp., 2006 U.S. Dist. LEXIS 100597 at *5 (E.D.N.Y., July 17, 2006)..............10

**Statutes**

29 U.S.C. §§ 201 et seq. ..............................................................................................................5, 8

29 U.S.C. § 206 ...................................................................................................................................4

29 U.S.C. § 216 (b) ...................................................................................................................*passim*

N.J.S.A. §§ 34:11-56 et seq ......................................................................................................4, 5

## I.   __INTRODUCTION__

Plaintiffs filed this action against Defendants South Jersey Sanitation Company, Inc. and Anthony Colarsurdo, for allegedly failing to pay overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, and the New Jersey Wage and Hour Laws ("NJWHL"), N.J.S.A. §§ 34:11-56 et seq., including the New Jersey Wage Payment Law ("NJWPL"). Plaintiffs now move to allow their FLSA claims to proceed as a collective action pursuant to the "opt-in" provision of 29 U.S.C. § 216(b), designating plaintiffs as representatives of those "similarly situated." They also move for authorization to issue notice to prospective class members.

Plaintiffs have failed to demonstrate that they are similarly situated to the prospective class members. Plaintiffs have not shown that the daily rate paid by defendants was improper or unlawful. As such, a fact specific analysis would be necessary for each potential claimant; thus, creating an undue burden on the defendants and this Court. Defendants therefore respectfully request that this Court deny Plaintiffs' motion for collective action certification and authorization of issuance of notice to prospective class members.

## II.  **FACTUAL BACKGROUND**

Plaintiffs filed an Amended Complaint against Defendants South Jersey Sanitation Company, Inc. and Anthony Colarsurdo, on December 1, 2010. (See a true and complete copy of Plaintiffs' Amended Complaint dated December 1, 2010 at Exhibit "A"). Plaintiffs assert in the complaint that "Defendants intentionally failed to pay them overtime compensation earned while in the employ of Defendants." (See Exhibit A, ¶ 1). Plaintiffs claim this was a violation of both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and The New Jersey Wage and Hour Laws ("NJWHL"), N.J.S.A. §§ 34:11-56 et seq., including the New Jersey Wage Payment Law. (See Exhibit A, ¶¶ 62, 72 & 76). Plaintiffs also seek to bring the FLSA claim "as a collective action for and in behalf of themselves and those employees similarly situated, pursuant to the 'opt-in' provisions of 29 U.S.C. § 216(b)." (See Exhibit A, ¶ 51).

Plaintiffs now move for conditional certification of the class which allegedly is to include those "similarly situated" employees with respect to the FLSA claim. Plaintiffs seek to sue on behalf of "all current and former employees of SJ Sanitation in the last three years who have worked as throwers or trash haulers, collectors and transporters." (See a true and accurate copy of Plaintiffs' proposed Notice of Lawsuit at Exhibit "B").

Also a part of Plaintiffs' present motion is Plaintiffs' request for "court-facilitated notice" to the putative class members and an Order requiring Defendants to produce the names and addresses of such class members.

Defendants now respectfully request that this Court deny Plaintiffs' motion for collective action certification and authorization of issuance of notice to prospective class members.

### III.   <u>LEGAL ARGUMENT</u>

### A. **PLAINTIFFS FAIL TO PROFFER SUFFICIENT EVIDENCE THAT OTHER EMPLOYEES ARE SIMILARLY SITUATED.**

In order to maintain a collective action under 29 U.S.C. § 216(b), the named plaintiffs must establish that the potential plaintiffs are "similarly situated" employees. <u>Morisky v. Public Serv. Elec. & Gas Co.</u>, 111 F. Supp. 2d 493, 496 (D.N.J. 2000) (citing 29 U.S.C. §216(b)). "Plaintiffs bear the burden of showing they are similarly situated to the remainder of the proposed class." <u>Ibid</u>. (citation omitted). The phrase "similarly situated" is not defined by the FLSA; however, courts have adopted a two-step approach when making a determination regarding possible certification of an alleged class. <u>Id</u>. at 497. (citation omitted). The initial examination generally takes place at the "notice stage," that is when the court also rules on whether prospective class members should be given notice of the action. <u>Ibid</u>.

Courts have often applied a "fairly lenient standard" when determining whether plaintiffs and prospective class members are "similarly situated" at this stage, when compared to that standard applied at the final determination of class certification. <u>Ibid</u>. (citation omitted). This is because the latter occurs at or near the close of discovery, while the former usually occurs at the start of a case, leaving plaintiffs to rely on only pleadings and affidavits. <u>Ibid</u>. However, if substantial discovery has or should have been completed at the point of the determination, Courts have applied the "stricter standard, " as there is more information available to the parties as well as the Court to analyze. <u>Id</u>. at 497-98.

In <u>Morisky</u>, the District Court of New Jersey denied plaintiff's motion to certify their claim as a collective action under the FLSA. <u>Id</u>. at 493. Plaintiffs claimed that defendant had violated the FLSA by failing to pay them overtime compensation. <u>Id</u>. at 494. Defendant had allegedly misclassified them as "administrative" employees, treating them as exempt under the

FLSA. Ibid. Plaintiffs claimed that this misclassification was a "common scheme" to deny them benefits, and bound them and other employees as a class. However, the District Court found that the classification alone was not improper. Id. at 498. It held that the determination of whether an employee was entitled to overtime compensation depended "on an individual, fact-specific analysis of each employee's job responsibilities under the relevant statutory exemption criteria." Ibid. In that case, the Court found that plaintiffs had "made no showing that the job responsibilities of the named plaintiffs are the same or similar to those of the remaining members of the proposed class…" Ibid.

Similarly, in this case, the method of compensation used by the defendants is not automatically improper nor in violation of the FLSA. Defendants simply answer that they calculated their flat day rate using a formula adding compensation for extra hours; however, as also stated in their Answers to interrogatories, this did not mean that they expected employees to actually work ten hours, only that an employee "may" work that amount in a single day. (See a true and accurate copy of Defendants Answers to Interrogatories at Exhibit "C"). In fact, as stated in their Answers, they had no objection to employees finishing their work in half of that time and collecting the entire daily wage. See Exhibit C.

Under FLSA, employers must pay their employees at least minimum wage for each hour worked up to forty hours per week. 29 U.S.C. §§ 206, 207. Defendants have stated that they paid "throwers" a flat daily rate. See Exhibit C. The rates plaintiffs allege they were paid in their Amended Complaint range from eighty dollars ($80.00) to ninety-five dollars ($95.00), a rate, which, even if paid to compensate for ten hours of work, would calculate as eight dollars ($8.00) to nine dollars and fifty cents ($9.50) per hour. See Exhibit A. Both of these amounts are higher than the prior minimum wage of $7.15 or the current minimum wage of $7.25. (See a

7

true and accurate copy of U.S. Department of Labor chart of "Basic Minimum Wages" at Exhibit "D"). As such, if Plaintiffs worked forty or less hours a week, they would have received compensation in excess of the minimum required. Therefore, Defendants' compensation structure is not improper.

The issue then becomes whether an individual employee worked more than forty hours in one week. As in <u>Morisky</u>, the inquiry essentially becomes a case-by-case, fact-specific examination. "The right to proceed collectively may be foreclosed where 'an action relates to specific circumstances personal to the plaintiff rather than any generally applicable policy or practice.'" <u>Bramble v. Wal-Mart Stores, Inc.</u>, 2011 U.S. Dist. LEXIS 39457 at *15 (E.D. Pa. Apr. 12, 2011) (citation omitted).

Additionally, as stated above, the burden is on plaintiffs to demonstrate that these other proposed class members are similarly situated to them in order to have the right to represent them and their interests. Here, despite Defendants providing Answers to Interrogatories and extensive document production labeled Alavez-Lopez 000001 to 001131, plaintiffs have only provided an affidavit with conclusory statements that every person holding that particular job title worked sixty-five hours a week. (See a true and accurate copy of the Affidavit of Julio Terah at Exhibit "E"). They have provided no evidence that their routes were similar in length or distance, nor that they were similar in difficulty to service, which may add some sort of credence to their claim that others took as long to complete their work as the plaintiffs assert they did. They have provided no other support to their allegations.

Though, the Courts may tend towards a more lenient standard at the start of the case, there is still a burden to be met by the plaintiffs.

Plaintiffs must "provide 'a sufficient factual basis on which a reasonable inference could be made' that potential plaintiffs are similarly situated." Plaintiffs

8

must "provide some 'modest' evidence, beyond pure speculation, that Defendant's alleged policy affected other employees." …Although plaintiffs' burden to establish a right to conditional certification is modest, it is "not nonexistent and the factual showing, even if modest, must still be based on some substance."

Bramble, supra, 2011 U.S. Dist. LEXIS 39457 at *16-17 (citations omitted).

Here, plaintiffs have not demonstrated that they are similarly situated to those in the proposed class.

Plaintiffs try to downplay the importance of this Court's potential instant ruling in their favor, asserting it would simply be a preliminary determination and would not prejudice defendants; however, the cost and time expended in investigating each individual claim, despite their "grouping" as a collective action is a massive burden.  Those resources expended in propounding and responding to discovery requests by possible claimants, who may or may not continue to participate in litigation after they join, are not so trivial as to be casually dismissed. Rather, this should play a role in the Court's evaluation of plaintiffs' bid to represent these prospective joiners.  Plaintiffs appear to want to paint a ruling to form a collective class as simply a formality, as it is in the early stages of a case; however, like all decisions of this Court, it carries with it great ramifications and should be treated with the same gravitas.  "In order to avoid the 'stirring up' of litigation through unwarranted solicitation conditional certification should be denied where plaintiffs fail to satisfy their burden." Bramble, supra, 2011 U.S. Dist. LEXIS 39457 at *17 (citation and quotations omitted).

## B.  THIS COURT SHOULD NOT GRANT AUTHORIZATION OF ISSUANCE OF NOTICE TO PROSPECTIVE FLSA CLASS MEMBERS

"District courts have discretionary power to authorize the sending of notice to potential class members in a collective action brought pursuant to 29 U.S.C. §216(b) of the FLSA." Holt v. Rite Aid Corp., 333 F. Supp. 2d 1265, 1268 (M.D. Ala. 2004).  "The power to authorize notice

must, however, be exercised with discretion and only in appropriate cases." Ibid. In deciding whether to authorize such notice, the Court must determine whether plaintiffs demonstrated that they are similarly situated to potential class members. Myers v. Hertz Corp., 2006 U.S. Dist. LEXIS 100597 at *5 (E.D.N.Y., July 17, 2006) (citation omitted).

Plaintiffs bear "the burden of establishing that [they] and the group [they] wish[] to represent are similarly situated." Holt, supra, 333 F. Supp. 2d at 1270 (citation omitted). Plaintiffs "must make some rudimentary showing of commonality between the basis for [their] claims and that of the potential claims of the proposed class, beyond the mere facts of job duties and pay provisions. Without such a requirement, it is doubtful that § 216(b) would further the interests of judicial economy, and it would undoubtedly present a ready opportunity for abuse." Ibid. (citations omitted).

As detailed above, plaintiffs in this case have failed to demonstrate that they are similarly situated with those they want to represent. First, they have failed to show that the practice of paying a daily flat rate is improper or unlawful, as the amount paid was in excess of the minimum wage for a ten hour day. Second, as this inquiry now becomes one in which each potential claimant's work situation must be examined, plaintiffs have failed to offer even a modest amount of evidence that these current and former employees also worked more than forty hours a week, as plaintiffs allege they did. See Myers v. Hertz Corp., FLSA 2006 U.S. Dist. LEXIS 100597 (E.D.N.Y. May 18, 2006) (District Court denied plaintiff's motion requesting leave to send notice to all potential opt-in plaintiffs finding that the Court would be required to make a fact-intensive inquiry into each potential plaintiff's employment).

Therefore, this Court should deny plaintiffs' motion for authorization of issuance of notice to prospective class members.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, it is respectfully requested that this Court deny Plaintiffs'

Motion for Collective Action Certification and Authorization of Issuance of Notice to

Prospective Class Members.


Respectfully submitted,
COOPER LEVENSON APRIL
NIEDELMAN & WAGENHEIM, P.A.


By /s/ Alyson M. Tomljenovic
Alyson M. Tomljenovic


DATED:  OCTOBER 3, 2011


CLAC 1454607.1

# E X H I B I T   "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAVIER ALAVEZ-LOPEZ, ANTONIO HERNANDEZ, WILLIAM TOVILLA, ALEJANDRO CONSTANTINO, ANTONIO GUTIERREZ, MARCO ANTONIO ORTEGA, on behalf of themselves and those similarly situated, <br><br> **PLAINTIFFS** <br><br> v. <br><br> SOUTH JERSEY SANITATION CO., INC. <br> 9th and Egg Harbor Road <br> Hammonton, NJ 08037 <br> or <br> 253 N. White Horse Pike <br> Hammonton, NJ 08037 <br><br> and <br><br> ANTHONY COLARSURDO, owner <br> c/o South Jersey Sanitation Co., Inc. <br> 9th and Egg Harbor Road <br> Hammonton, NJ 08037 <br> or <br> 253 N. White Horse Pike <br> Hammonton, NJ 08037 <br><br> **DEFENDANTS** | CIVIL ACTION <br><br> No. _____ <br><br><br> **FIRST AMENDED COMPLAINT – COLLECTIVE AND CLASS ACTION COMPLAINT** |

## AMENDED CIVIL ACTION COMPLAINT
## COLLECTIVE AND CLASS ACTION

Plaintiffs Javier Alavez-Lopez, Antonio Hernandez, Tovilla William, AleJandro Constantino, and Antonio Gutierrez, on behalf of themselves and those similarly situated (hereinafter collectively "Plaintiffs"), by and through their undersigned counsel, hereby aver as follows:

## INTRODUCTION

1.        This action arises about of Defendants' violations of the Fair Labor Standards Act ("FLSA") and New Jersey Wage & Hour Laws. Plaintiffs and those similarly situated assert that Defendants intentionally failed to pay them overtime compensation earned while in the employ of Defendants.

## JURISDICTION AND VENUE

2.        The instant action is initiated pursuant to violations of the FLSA, 29 U.S.C. §201 *et seq.* This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of such jurisdiction to comply with traditional notions of fair play and substantial justice.

3.        This Court may properly exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §1331 because the instant action arises under the laws of the United States and seeks redress for violations of a federal law.

4.        This Court may also maintain supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure, because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

5.        Pursuant to 28 U.S.C. §1391, venue is properly laid in this judicial district because Defendants conduct substantial, systematic, and continuous activity in this judicial district, and because a substantial part and/or all of the actions alleged herein took place in this judicial district.

<u>PARTIES</u>

6.      The foregoing paragraphs are incorporated herein as if set forth in their entirety.

7.      Plaintiff Javier Alavez-Lopez ("Plaintiff Alavez-Lopez") is an adult individual with an address located at 770 N. Egg Harbor Road, Hammonton, NJ 08037.

8.      Plaintiff Antonio Hernandez ("Plaintiff Hernandez") is an adult individual with an address located at 110 S. 2nd Street, Hammonton, NJ 08037.

9.      Plaintiff William Tovilla ("Plaintiff Tovilla") is an adult individual with an address located at 230 23rd Avenue, Elwood, NJ 08217.

10.     Plaintiff Alejandro Constantino ("Plaintiff Constantino") is an adult individual with an address located at 107 Peach Street, Hammonton, NJ 08037.

11.     Plaintiff Antonio Gutierrez ("Plaintiff Gutierrez") is an adult individual with an address located at 239 South First Rd, Apt. A, Hammonton, NJ 08037.

12.     Plaintiff Marco Antonio Ortega ("Plaintiff Ortega") is an adult individual with an address located at [#] Bellvue Ave., Apt. 4, Hammonton, NJ.

13.     Defendant South Jersey Sanitation Co., Inc. ("Defendant Sanitation Co."), upon information and belief, is a New Jersey corporation and conducts business within the state of New Jersey.

14.     Defendant Anthony Colarsurdo ("Defendant Colarsurdo"), upon information and belief, is the Owner of Defendant Sanitation Co. and is responsible for overseeing and approving payroll for Defendant Sanitation Co.

15.     Defendant Sanitation Co. and Defendant Colarsurdo shall be collectively referred to herein as "Defendants."

16.     John Does 1-10, whose identities and addresses are presently unknown to

Plaintiff, are individuals who are responsible for overseeing and approving payroll for Defendant Sanitation Co.

17.    XYZ Corporations 1-10, whose identities and addresses are presently unknown to Plaintiff, are alter egos of Defendant Sanitation Co.

18.    At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

19.    The foregoing paragraphs are incorporated herein as if set forth in their entirety.

20.    Defendant Sanitation Co. is a vendor for many municipalities, engaged to pick up the trash of the residents of the municipalities.

21.    Plaintiff Alavez-Lopez worked for Defendants from in or about April 2004 through on or about May 21, 2010.

22.    Plaintiff Hernandez began working for Defendants in or about September 2004, continues to work for Defendants through the present and, assuming Defendants do not unlawfully retaliate against him for joining in this lawsuit, will continue working for Defendants into the foreseeable future.

23.    Plaintiff Tovilla began working for Defendants in or about 2003, continues to work for Defendants through the present and plans to continue working for Defendants into the foreseeable future.

24.    Plaintiff Constantino began working for Defendants in or about 2003, continues to work for Defendants through the present and plans to continue working for Defendants into the foreseeable future.

25.    Plaintiff Gutierrez began working for Defendants in or about 2008, continues to work for Defendants through the present and plans to continue working for Defendants into the foreseeable future.

26.    Plaintiff Ortega began working for Defendants in or about July 2010, continues to work for Defendants through the present and plans to continue working for Defendants into the foreseeable future.

27.    Plaintiffs worked for Defendants as laborers, riding on the back of trash trucks to pick up trash.

28.    Defendants required that Plaintiffs begin their workday at 5:00 a.m.

29.    Defendants required that Plaintiffs not end their workday until all trash on their respective routes was picked up; this required that Plaintiffs work until approximately 6:00 p.m. each workday.

30.    Defendants required that Plaintiffs work Monday through Friday each workweek.

31.    To the extent Defendants permitted Plaintiffs to take a break during the workday, Defendants permitted Plaintiffs to take a hurried lunch breach of about 15 to 20 minutes.

32.    Plaintiffs work and/or worked for Defendants, on average, 13 hour days (from 5:00 a.m. to approximately 6:00 p.m., with a hurried and short break for lunch).

33.    For each workday that Plaintiff Alvarez-Lopez worked, Defendants paid Mr. Alvarez-Lopez only $95, so that Defendants paid Plaintiff Alvarez-Lopez only $475 per workweek for approximately 65 hours of manual labor.

34.    For each workday that Plaintiff Hernandez worked and continues to work, Defendants pay Plaintiff Hernandez only $100 (Defendants initially paid him $85 per workday; in 2008, Defendants began paying him $90 per workday; in 2009, Defendants began paying him

$95 per workday; and in 2010, Defendants began paying him $100 per workday), so that Defendants currently pay Plaintiff Hernandez only $500 per workweek for approximately 65 to 70 hours of manual labor.

35.   For each workday that Plaintiff Tovilla worked and continues to work, Defendants pay Plaintiff Tovilla only $95 (Defendants initially paid him $85 per workday; in 2005, Defendants began paying him $90 per workday; in 2009, Defendants began paying him $95 per workday), so that Defendants currently pay Plaintiff Tovilla only $475 per workweek for approximately 65 hours of manual labor.

36.   For each workday that Plaintiff Constantino worked and continues to work, Defendants pay Plaintiff Constantino only $95 (Defendants initially paid him $80 per workday, gave him a raise approximately every two years, and two years ago, began paying him $95 per workday), so that Defendants currently pay Plaintiff Constantino only $475 per workweek for approximately 65 hours of manual labor.

37.   For each workday that Plaintiff Gutierrez worked and continues to work, Defendants pay Plaintiff Gutierrez only $95 (Defendants initially paid him $85 per workday, and approximately one and a half years after, began paying him $95 per workday), so that Defendants currently pay Plaintiff Gutierrez only $475 per workweek for approximately 65 hours of manual labor.

38.   For each workday that Plaintiff Ortega worked and continues to work, Defendants pay Plaintiff Ortega only $90, so that Defendants currently pay Plaintiff Ortega only $450 per workweek for approximately 65 hours of manual labor.

39.   Plaintiffs and those similarly situated are non-exempt employees within the meaning of the FLSA and the New Jersey Wage and Hour laws.

40.     Defendants knew that Plaintiffs and those similarly situated are and were non-exempt employees within the meaning of the FLSA and the New Jersey Wage and Hour laws.

41.     Defendants failed to pay Plaintiffs and those similarly situated any overtime compensation (compensation at the rate of 1.5 times their regular rate of pay) for the hours that they worked in excess of 40 each workweek.

42.     Defendant Colarsurdo makes, and at all relevant times has made, the decisions not to pay Plaintiffs the overtime compensation due them.

43.     Plaintiff Alvarez-Lopez last performed services for Defendants on May 21, 2010.

44.     Plaintiffs Hernandez, Tovilla, Constantino, Gutierrez, and Ortega continue to work for Defendants to date, and absent unlawful retaliation by Defendants will continue to work for Defendants into the foreseeable future.

## FLSA COLLECTIVE ACTION ALLEGATIONS

45.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

46.     Defendants intentionally failed to pay its laborers any overtime compensation for the hours they worked in excess of 40 each workweek.

47.     Members of the FLSA class, which include all current and former laborers who worked on trash trucks for Defendants, are similarly situated to the named Plaintiffs.

48.     Members of the FLSA class have substantially similar job requirements, and were subject to a common practice, policy, or plan that requires them to perform uncompensated work for the benefit of the Defendants in excess of 40 hours each workweek.

49.     There are numerous similarly situated current and former employees of Defendants who were uncompensated for overtime work in violation of FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity

to join in the present lawsuit.

50.     Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

51.     Therefore, Plaintiffs should be permitted to bring this action as a collective action for and in behalf of themselves and those employees similarly situated, pursuant to the "opt-in" provisions of 29 U.S.C. § 216(b).

## RULE 23 NEW JERSEY CLASS ACTION ALLEGATIONS

52.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

53.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, named Plaintiffs bring their claim for relief to redress Defendants' violations of the New Jersey Wage and Hour Law and the New Jersey Wage Payment Law on behalf of themselves and those similarly situated.

54.     Specifically, named Plaintiffs seek to represent a class of all present and former employees of Defendants who worked for Defendants as laborers on trash trucks.

55.     The proposed class is so numerous that the joinder of all class members is impracticable. Plaintiffs do not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is at least several dozen and could number in the hundreds.

56.     Plaintiffs' claims are typical of the claims of members of the class, because Plaintiffs, like all class members, were/are employees of Defendants whom Defendants required to work more than 40 hours per workweek and then failed to pay overtime wages as required by New Jersey Wage and Hour Law and New Jersey Wage Payment Law.

57.     Plaintiffs will fairly and adequately protect the interests of the class because

Plaintiffs' interests are coincident with, and not antagonistic to, those of the class. Plaintiffs have retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

58.    No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendants' records.

59.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants. Furthermore, the amount at stake for individual class members, though substantial, may not great enough to enable all of the individual class members to maintain separate actions against Defendants.

60.    Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class is whether Defendants required Plaintiffs to work more than 40 hours per workweek without paying them overtime compensation as required under the law for hours they worked in excess of 40 a workweek.

## COUNT I
### Violations of the Fair Labor Standards Act (29 U.S.C. § 206)
### (Failure to Pay Overtime Wages)

61.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

62.     At all times relevant herein, Defendants have and continue to be an "employer" within the meaning of the FLSA.

63.     At all times relevant herein, Plaintiffs were employed by Defendants as an "employee" within the meaning of the FLSA.

64.     The FLSA requires covered employers, such as Defendants, to minimally compensate employees, such as Plaintiffs, 1.5 times the employees' regular rate of pay for each hour that the employees work over 40 in a workweek.

65.     Defendants failed to pay Plaintiffs any overtime compensation whatsoever, let alone 1.5 times Plaintiffs' regular rate of pay for each hour that they worked over 40 each workweek.

66.     As a result of Defendants' failure to pay Plaintiffs the overtime compensation due him, Defendants have violated and continue to violate the FLSA.

## COUNT II
### Violations of the New Jersey Wage & Hour Law
### (Failure to Pay Overtime Wages)

67.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

68.     At all times relevant herein, Defendants have and continue to be an "employer" within the meaning of the New Jersey Wage & Hour Laws.

69.     At all times relevant herein, Plaintiffs were employed by Defendants as an "employee" within the meaning of the New Jersey Wage & Hour Laws.

70.     The New Jersey Wage & Hour Laws require covered employers, such as

Defendants, to minimally compensate employees, such as Plaintiffs, 1.5 times the employees' regular rate of pay for each hour that the employees work over 40 in a workweek.

71.     Defendants failed to pay Plaintiffs any overtime compensation whatsoever, let alone 1.5 times Plaintiffs' regular rate of pay for each hour that they worked over 40 each workweek.

72.     As a result of Defendants' failure to pay Plaintiffs the overtime compensation due them, Defendants have violated and continue to violate the New Jersey Wage & Hour Laws.

### COUNT III
### Violations of the New Jersey Wage Payment Law
### (Unpaid Wages)

73.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

74.     Defendants failed to pay Plaintiffs any overtime compensation for the hours they worked in excess of 40 each workweek.

75.     The aforesaid actions constitute violations of the New Jersey Wage Payment Law.

76.     As the individual who made the decision(s) not to pay Plaintiffs, Defendant Colarsurdo is individually liable for the aforesaid violations.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays that the Court enter an Order providing that:

A.      Plaintiffs' FLSA claims proceed as a collective action pursuant to the "opt-in" provision set forth in 19 U.S.C. § 216(b), and designate the above Plaintiffs as representatives of those similarly situated;

B.      Plaintiffs' state law claims be certified as a class action pursuant to Rule 23(b)(1), 23(b)(2), and 23(b)(3).

C.      Defendants are to compensate Plaintiffs, and/or otherwise make Plaintiffs whole

for any and all compensation Plaintiffs would have received had it not been for Defendants' illegal actions;

D.    Plaintiffs are to be awarded liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate given Defendants' willful, deliberate, malicious, and outrageous conduct, and to deter Defendants and other employers from engaging in such misconduct in the future;

E.    Plaintiffs are to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

F.    Plaintiffs are to be awarded the costs and expenses of this action, prejudgment interest, and reasonable attorney's fees as provided by applicable federal and state law;

G.    Plaintiffs are to receive a trial by jury to the extent allowed by applicable law.


Respectfully submitted,

SWARTZ SWIDLER, LLC

Richard S. Swartz
1878 Marlton Pike East, Suite 10
Cherry Hill, NJ 08003
856-685-7420
Attorneys for Plaintiffs


Dated:    December 1, 2010

JS 44 (Rev. Case 1:10-cv-05647-NLH   **CIVIL COVER SHEET** Filed 12/01/1   Page 1 of 1 PageID: 25

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Javier Alavez-Lopez, Antonio Hernandez, William Tovilla, Alejandro Constantino, Antonio Gutierrez, Marco Antonio Ortega, on behalf of | South Jersey Sanitation Co., Inc. and Anthony Colarsuido |

**(b)** County of Residence of First Listed Plaintiff  camden

County of Residence of First Listed Defendant  Camden

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Swartz Swidler, LLC
1878 Marlton Pike E., Suite 10 Cherry Hill, NJ 08003
rswartz@swartz-legal.com (856)685-7420

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)  and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | LABOR | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | IMMIGRATION | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**  Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
FLSA and NJ Wage and Hour Law

**VII. REQUESTED IN COMPLAINT:**  ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S)** (See instructions)

JUDGE _____   DOCKET NUMBER _____

Explanation: _____

DATE
12/01/2010

SIGNATURE OF ATTORNEY OF RECORD

E X H I B I T   "B"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAVIER ALAVEZ-LOPEZ, ANTONIO HERNANDEZ, WILLIAM TOVILLA, ALEJANDRO CONSTANTINO, ANTONIO GUTIERREZ, MARCO ANTONIO ORTEGA, on behalf of themselves and those similarly situated. <br><br> PLAINTIFFS <br><br> v. <br><br> SOUTH JERSEY SANITATION CO., INC., *et al.* <br><br> DEFENDANTS | CIVIL ACTION <br><br> No.: 1-10-CV-05647-NLH-KMW |

## NOTICE OF LAWSUIT AGAINST SOUTH JERSEY SANITTATION CO., INC AND ANTHONY COLARSURDO

TO:  All present and former employees who have worked for South Jersey Sanitation Co., Inc. (hereinafter "SJ Sanitation") at any time since October 29, 2007.

### 1. INTRODUCTION

The purpose of this Notice is to: (1) inform you of the existence of a lawsuit that you may be interested in joining; (2) advise you of how your rights may be affected by this lawsuit; and (3) instruct you on the procedure for joining the lawsuit, should you chose to do so.

### 2. DESCRIPTION OF THE LAWSUIT

Current employees of SJ Sanitation have sued SJ Sanitation and its owner, Anthony Colarsudo, on behalf of themselves and all other similarly situated persons to recover unpaid overtime compensation under a federal law known as the Fair Labor Standards Act ("FLSA"). The FLSA sets forth a general requirement that employees must be paid overtime compensation for hours worked in excess of 40 hours per week and a minimum wage for each hour worked. The Plaintiffs have alleged that they are owed money for unpaid overtime

compensation because SJ Sanitation and Mr. Colarsudo required them to work over forty hours per week.

Plaintiffs also seek from SJ Sanitation and Mr. Colarsudo an additional equal amount as liquidated damages, as well as pre-judgment interest and attorneys' fees and costs. This lawsuit is currently in the early pretrial stage and is pending in the United States District Court for the District of New Jersey.

SJ Sanitation and Mr. Colarsudo deny the allegations in the lawsuit.

### 3. COMPOSITION OF THE COLLECTIVE ACTION

Plaintiffs seek to sue on behalf of themselves and on behalf of all current and former employees of SJ Sanitation in the last three years who have worked as throwers or trash haulers, collectors and transporters.

### 4. NO LEGAL AFFECT IN NOT JOINING THE LAWSUIT

If you chose not to join this lawsuit, you will not be affected by any decisions, judgments or settlements rendered in this case, whether favorable or unfavorable to the class. It is entirely your own decision to join this lawsuit. Your decision not to join this lawsuit will not affect your right to bring a similar case on your own at a future time. However, claims under the FLSA must be brought within 2 years of the date the claim accrues, unless the employer's violation of the law was willful, in which case the claim must be brought within 3 years.

### 5. EFFECT OF JOINING THIS LAWSUIT

If you chose to join the lawsuit, you will be bound by all Judgments or Settlements of the parties involved. Plaintiffs' lead attorneys are being paid on a contingency fee basis, which means that if there is no recovery, you will not have to pay the attorneys a fee. If there is a recovery, the attorneys for the class will be paid a portion of the settlement obtained or a portion of the judgment of the Court.

By joining this lawsuit, you will designate the individually named Plaintiffs, Javier Alavez-Lopez, Antonio Hernandez, William Tovilla, Alejandro Constantino, Antonio Gutierrez and Marco Antonio Ortega, as your agents for purposes of this lawsuit. They will be authorized

to make decisions on your behalf concerning all aspects of the lawsuit. The decisions and agreements made and entered into by the lead Plaintiffs will be binding only if you join this lawsuit. However, by joining this lawsuit, Plaintiffs' attorneys will become your attorneys, and you will be entitled to communicate with, provide input to and receive advise directly from them.

## 6.  FURTHER INFORMATION

Further information about this lawsuit, and/or the deadline for filing a consent to become a Plaintiff may be obtained by writing, sending an e-mail to or calling Plaintiff's counsel.

## 7.  YOUR LEGAL REPRESENTATION IF YOU JOIN

If you join this lawsuit, your interests will be represented by the Plaintiffs named in paragraph 5, through their attorneys, as counsel for Plaitniffs who are Richard S. Swartz and Justin L. Swidler of Swartz Swidler, LLC, 1878 Marlton Pike East, Society Hill Office Park, Suite 10, Cherry Hill, NJ 08003, Telephone number (856) 685-7420, Fax number (856) 685-7417. Mr. Swartz and Mr. Swidler can be reached at the following email addresses as well: rswartz@swartz-legal.com and jswidler@swartz-legal.com.


**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE FEDERAL DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY. THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF PLAINTIFFS' CLAIMS OR THE DEFENDANTS' DEFENSES.**

# E X H I B I T   "C"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

Russell L. Lichtenstein, Esquire
4996
COOPER LEVENSON APRIL NIEDELMAN
& WAGENHEIM, P.A.
A Professional Association, 1125 Atlantic Avenue - 3rd Floor
Atlantic City, NJ 08401
(609) 344-3161
File No.: 47,597.1
Attorneys for Defendants, South Jersey Sanitation Company, Inc. and Anthony Colasurdo

| | |
|---|---|
| JAVIER ALAVEZ-LOPEZ, ANTONIO HERNANDEZ, WILLIAM TOVILLA, ALEJANDRO CONSTANTINO, ANTONIO GUTIERREZ, MARCO ANTONIO ORTEGA, on behalf of themselves and those similarly situated,<br><br>   PLAINTIFFS,<br><br>v.<br><br>SOUTH JERSEY SANITATION CO., INC.<br>9TH and Egg Harbor Road<br>Hammonton, NJ 08037<br><br>   and<br><br>ANTHONY COLARSURDO, owner<br>c/o South Jersey Sanitation Co., Inc.<br>9th and Egg Harbor Road<br>Hammonton, NJ 08037<br>   Or<br>253 N. White Horse Pike<br>Hammonton, NJ 08037<br><br>   DEFENDANTS | CIVIL ACTION<br><br>Civil Action No: 10-cv-05647<br><br><br>DEFENDANTS' ANSWERS TO PLAINTIFF'S INITIAL INTERROGATORIES |

1. Objection, improper. Upon advice of counsel, this interrogatory is overly broad as it seeks information well beyond the job classifications of the named plaintiffs and others who are "similarly situated." The following response is provided subject to this objection and relates to individuals employed as "throwers," which job classification includes all named plaintiffs.

    a. See attached documents which contain the names, addresses and dates of hire and termination (where applicable) of all "throwers" employed by South Jersey Sanitation Corporation from December 1, 2007 until the present.
    b. See "a" above.
    c. See "a" above.
    d. All individuals in the "throwers" job classification are compensated on a daily rate basis. The daily rate is based upon a formula which assumes that "throwers" may work up approximately 10 hours per day. This formula is calculated using the in-effect minimum wage, and upon the assumption that employee will be paid for 8 hours at regular time (minimum wage) and 2 hours at an overtime rate (1.5 times the minimum wage) together with a daily incentive amount. Employees in the "throwers" job classification are paid the full daily rate regardless of how many hours they work. For example, if a thrower completes his route in 5 hours, he is still paid the full daily rate.
    e. See response to "d" above. South Jersey Sanitation does not keep records of the specific hours actually worked by employees in the "thrower" job classification.
    f. Objection, improper. No individual has been identified and therefore, it is impossible to answer this question in its current form. Without waiving this or any other objection to this interrogatory, the number of hours per week actually worked by "throwers" vary greatly.
    g. All individuals identified on documents attached were employees.

2. Not applicable.

<div style="margin-left:40%;">

COOPER LEVENSON APRIL NIEDELMAN<br>
& WAGENHEIM, P.A.

BY: _____

Russell L. Lichtenstein, Esquire<br>
Attorneys for Defendant South Jersey Sanitation Company,<br>
Inc. and Anthony Colasurdo

</div>

DATED: September 1, 2011

CLAC 1346166.1

# E X H I B I T   "D"

Subscribe to E-mail Updates

All DOL   WHD   Advanced Search

SUBSCRIBE          SEARCH

A to Z | Site Map | FAQs | Forms | About DOL | Contact Us | Español

Wage and Hour Division

DOL Home > WHD > State Labor Laws > Historical Table

# Wage and Hour Division (WHD)

## CHANGES IN BASIC MINIMUM WAGES IN NON-FARM EMPLOYMENT UNDER STATE LAW: SELECTED YEARS 1968 TO 2011

| State or other jurisdiction | 1968 (a) | 1970 (a) | 1972 | 1976 (a) | 1979 | 1980 | 1981 |
|---|---|---|---|---|---|---|---|
| Federal (FLSA) | $1.15 & $1.60 | $1.30 & $1.60 | $1.60 | $2.20 & $2.30 | $2.90 | $3.10 | $3.35 |
| Alabama | ... | ... | ... | ... | ... | ... | ... |
| Alaska | 2.10 | 2.10 | 2.10 | 2.80 | 3.40 | 3.60 | 3.85 |
| Arizona | 18.72 - 26.40/wk(b) | 18.72 - 26.40/wk(b) | 18.72-26.40/wk(b) | ... | ... | ... | ... |
| Arkansas | 1.25/day(b) | 1.10 | 1.20 | 1.90 | 2.30 | 2.55 | 2.70 |
| California | 1.65(b) | 1.65(b) | 1.65(b) | 2.00 | 2.90 | 2.90 | 3.35 |
| Colorado | 1.00 - 1.25(b) | 1.00 - 1.25(b) | 1.00 - 1.25(b) | 1.00 - 1.25(b) | 1.90 | 1.90 | 1.90 |
| Connecticut | 1.40 | 1.60 | 1.85 | 2.21 & 2.31 | 2.91 | 3.12 | 3.37 |
| Delaware | 1.25 | 1.25 | 1.60 | 2.00 | 2.00 | 2.00 | 2.00 |
| Florida | ... | ... | ... | ... | ... | ... | ... |
| Georgia | ... | ... | 1.25 | 1.25 | 1.23 | 1.25 | 1.25 |
| Hawaii | 1.25 | 1.60 | 1.60 | 2.40 | 2.65 | 2.90 | 3.10 |
| Idaho | 1.15 | 1.25 | 1.40 | 1.60 | 2.30 | 2.30 | 2.30 |
| Illinois | ... | ... | 1.40 | 2.10 | 2.30 | 2.30 | 2.30 |
| Indiana | 1.15 | 1.25 | 1.25 | 1.25 | 2.00 | 2.00 | 2.00 |
| Iowa | ... | ... | ... | ... | ... | ... | ... |
| Kansas | ... | ... | ... | ... | 1.60 | 1.60 | 1.60 |
| Kentucky | .65 - .75(b) | .65 - .75(b) | .65 - .75(b) | 1.60 | 2.00 | 2.15 | 2.15 |
| Louisiana | ... | ... | ... | ... | ... | ... | ... |
| Maine | 1.40 | 1.60 | 1.40 - 1.80 | 2.30 | 2.90 | 3.10 | 3.35 |
| Maryland | 1.00 & 1.15 | 1.30 | 1.60 | 2.20 & 2.30 | 2.90 | 3.10 | 3.35 |
| Massachusetts | 1.60 | 1.60 | 1.75 | 2.10 | 2.90 | 3.10 | 3.35 |
| Michigan | 1.25 | 1.25 | 1.60 | 2.20 | 2.90 | 3.10 | 3.35 |
| Minnesota | .70 - 1.15(b) | .70 - 1.15(b) | .75 - 1.60 | 1.80 | 2.30 | 2.90 | 3.10 |
| Mississippi | ... | ... | ... | ... | ... | ... | ... |
| Missouri | ... | ... | ... | ... | ... | ... | ... |
| Montana | ... | ... | 1.60 | 1.80 | 2.00 | 2.00 | 2.00 |
| Nebraska | 1.00 | 1.00 | 1.00 | 1.60 | 1.60 | 1.60 | 1.60 |
| Nevada | 1.25 | 1.30 | 1.60 | 2.20 & 2.30 | 2.75 | 2.75 | 2.75 |
| New Hampshire | 1.40 | 1.45 & 1.60 | 1.60 | 2.20 - 2.30 | 2.90 | 3.10 | 3.35 |
| New Jersey | 1.40 | 1.50 | 1.50 | 2.20 | 2.50 | 3.10 | 3.35 |
| New Mexico | 1.15 - 1.40 | 1.30 - 1.60 | 1.30 - 1.60 | 2.00 | 2.30 | 2.65 | 2.90 |
| State or other jurisdiction | 1968 (a) | 1970 (a) | 1972 | 1976 (a) | 1979 | 1980 | 1981 |
| New York | 1.60 | 1.60 | 1.85 | 2.30 | 2.90 | 3.10 | 3.35 |
| North Carolina | 1.00 | 1.25 | 1.45 | 2.00 | 2.50 | 2.75 | 2.90 |
| North Dakota | 1.00 - 1.25 | 1.00 - 1.45 | 1.00 - 1.45 | 2.00 - 2.30 | 2.10 - 2.30 | 2.60 - 3.10 | 2.80 - 3.10 |
| Ohio | .75 - 1.25(b) | .75 - 1.25(b) | .75 - 1.25(b) | 1.60 | 2.30 | 2.30 | 2.30 |
| Oklahoma | 1.00 | 1.00 | 1.40 | 1.80 | 2.00 | 2.00 | 3.10 |
| Oregon | 1.25 | 1.25 | 1.25 | 2.30 | 2.30 | 2.90 | 3.10 |
| Pennsylvania | 1.15 | 1.30 | 1.60 | 2.20 | 2.90 | 3.10 | 3.35 |
| Rhode Island | 1.40 | 1.60 | 1.60 | 2.30 | 2.30 | 2.65 | 2.90 |
| South Carolina | ... | ... | ... | ... | ... | ... | ... |
| South Dakota | 17.00 - 20.00/wk | 1.00 | 1.00 | 2.00 | 2.30 | 2.30 | 2.30 |
| Tennessee | ... | ... | ... | ... | ... | ... | ... |
| Texas | ... | ... | 1.40 | 1.40 | 1.40 | 1.40 | 1.40 |
| Utah | 1.00 - 1.15(b) | 1.00 - 1.15(b) | 1.20 - 1.35(b) | 1.55 - 1.70(b) | 2.20 - 2.45(b) | 2.35 - 2.60(b) | 2.50 - 2.75(b) |
| Vermont | 1.40 | 1.60 | 1.60 | 2.30 | 2.90 | 3.10 | 3.35 |
| Virginia | ... | ... | ... | 2.00 | 2.35 | 2.35 | 2.65 |
| Washington | 1.60 | 1.60 | 1.60 | 2.20 - 2.30 | 2.30 | 2.30 | 2.30 |
| West Virginia | 1.00 | 1.00 | 1.20 | 2.00 | 2.20 | 2.20 | 2.75 |
| Wisconsin | 1.25 (b) | 1.30 (b) | 1.45 (b) | 2.10 | 2.80 | 3.00 | 3.25 |
| Wyoming | 1.20 | 1.30 | 1.50 | 1.60 | 1.60 | 1.60 | 1.60 |
| District of Columbia | 1.25 - 1.40 | 1.60 - 2.00 | 1.60 - 2.25 | 2.25 - 2.75 | 2.46 - 3.00 | 2.50 - 3.50 | 2.50 - 3.75 |
| Guam | 1.25 | 1.60 | 1.90 | 2.30 | 2.90 | 3.10 | 3.35 |
| Puerto Rico | .43 - 1.60 | .43 - 1.60 | .65 - 1.60 | .76 - 2.50 | 1.20 - 2.50 | 1.20 - 2.50 | 1.20 - 3.10 |
| U.S. Virgin Islands | NA | NA | NA | NA | 2.90 | 3.10 | 3.35 |

Case 1:10-cv-05647-KMW Document 35 Filed 10/03/11 Page 35 of 41 PageID: 161

| State or other jurisdiction | 1988 | 1991 | 1992 | 1994 | 1996 | 1997 | 1998 |
|---|---|---|---|---|---|---|---|
| Federal (FLSA) | $3.35 | $3.80 | $4.25 | $4.25 | $4.25 | $4.75 | $5.15 |
| Alabama | ... | ... | ... | ... | ... | ... | ... |
| Alaska | 3.85 | 4.30 | 4.75 | 4.75 | 4.75 | 5.25 | 5.65 |
| Arizona | ... | ... | ... | ... | ... | ... | ... |
| Arkansas | 3.25 | 3.35 | 3.65 | 4.25 | 4.25[c] | 4.25[c] | 5.15[c] |
| California | 3.35 | 4.25 | 4.25 | 4.25 | 4.25 | 4.75 | 5.15 |
| Colorado | 3.00 | 3.00 | 3.00 | 3.00 | 3.00 | 4.75 | 5.15 |
| Connecticut | 3.75 | 4.25 | 4.27 | 4.27 | 4.27 | 4.77 | 5.18 |
| Delaware | 3.35 | 3.80 | 4.25 | 4.25 | 4.65 | 5.00 | 5.15 |
| Florida | ... | ... | ... | ... | ... | ... | ... |
| Georgia | 3.25 | 3.25 | 3.25 | 3.25 | 3.25(d) | 3.25(d) | 3.25(d) |
| Hawaii | 3.85 | 3.85 | 3.85 | 5.25 | 5.25 | 5.25 | 5.25 |
| Idaho | 2.30 | 3.80 | 4.25 | 4.25 | 4.25 | 4.25 | 5.15 |
| Illinois | 2.30 | 3.80 | 4.25 | 4.25 | 4.25[c] | 4.75[c] | 5.15[c] |
| Indiana | 2.00 | 3.35 | 3.35 | 3.35 | 3.35(e) | 3.35(e) | 3.35(e) |
| Iowa | | 4.25 | 4.65 | 4.65 | 4.65 | 4.75 | 5.15 |
| Kansas | 1.60 | 2.65 | 2.65 | 2.65 | 2.65 | 2.65 | 2.65 |
| Kentucky | 3.35 | 3.80 | 4.25 | 4.25 | 4.25 | 4.25 | 4.25 |
| Louisiana | ... | ... | ... | ... | ... | ... | ... |
| Maine | 3.65 | 3.85 | 4.25 | 4.25 | 4.25 | 4.75 | 5.15 |
| Maryland | 3.35 | 3.80 | 4.25 | 4.25 | 4.25 | 4.75 | 5.15 |
| Massachusetts | 3.65 | 3.75 | 4.25 | 4.25 | 4.75 | 5.25 | 5.25 |
| Michigan | 3.35 | 3.35 | 3.35 | 3.35 | 3.35(e) | 3.35(e) | 5.15(e) |
| Minnesota | 3.55 & 3.50(f) | 4.25(g) | 4.25(g) | 4.25(g) | 4.25(g) | 4.25(g) | 5.15(g) |
| Mississippi | ... | ... | ... | ... | ... | ... | ... |
| Missouri | ... | 3.80 | 4.25 | 4.25 | 4.25 | 4.75 | 5.15 |
| Montana | 3.35 | 3.80 | 4.25(g) | 4.25(g) | 4.25(g) | 4.75(g) | 5.15(g) |
| Nebraska | 3.35 | 3.35 | 4.25 | 4.25 | 4.25[c] | 4.25[c] | 5.15[c] |
| Nevada | 3.35 | 3.80 | 4.25 | 4.25 | 4.25 | 4.75 | 5.15 |
| New Hampshire | 3.55 | 3.85 | 4.25 | 4.25 | 4.25 | 4.75 | 5.15 |
| New Jersey | 3.35 | 3.80 | 4.25 | 5.05 | 5.05 | 5.05 | 5.05 |
| New Mexico | 3.35 | 3.35 | 3.35 | 4.25 | 4.25 | 4.25 | 4.25 |
| New York | 3.35 | 3.80 | 4.25 | 4.25 | 4.25 | 4.25 | 4.25 |
| North Carolina | 3.35 | 3.35 | 3.80 | 4.25 | 4.25 | 4.25 | 5.15 |

| State or other jurisdiction | 1988 | 1991 | 1992 | 1994 | 1996 | 1997 | 1998 |
|---|---|---|---|---|---|---|---|
| North Dakota | 2.80 - 3.10 | 3.40 | 4.25 | 4.25 | 4.25 | 4.75 | 5.15 |
| Ohio | 2.30 | 3.80(g) | 4.25(g) | 4.25(g) | 4.25(g) | 4.25(g) | 4.25(g) |
| Oklahoma | 3.35 | 3.80(g) | 4.25(g) | 4.25(g) | 4.25(g) | 4.75(g) | 5.15(g) |
| Oregon | 3.35 | 4.75 | 4.75 | 4.75 | 4.75 | 5.50 | 6.00 |
| Pennsylvania | 3.35 | 3.80 | 4.25 | 4.25 | 4.25 | 4.75 | 5.15 |
| Rhode Island | 3.65 | 4.25 | 4.45 | 4.45 | 4.45 | 5.15 | 5.15 |
| South Carolina | ... | ... | ... | ... | ... | ... | ... |
| South Dakota | 2.80 | 3.80 | 4.25 | 4.25 | 4.25 | 4.25 | 5.15 |
| Tennessee | ... | ... | ... | ... | ... | ... | ... |
| Texas | 3.35 | 3.35 | 3.35 | 3.35 | 3.35 | 3.35 | 3.35 |
| Utah | 2.50 - 2.75(b) | 3.80 | 4.25 | 4.25 | 4.25 | 4.75 | 5.15 |
| Vermont | 3.55 | 3.85 | 4.25 | 4.25 | 4.75(e) | 5.00(e) | 5.25(e) |
| Virginia | 2.65 | 2.65 | 3.65 | 4.25 | 4.25[c] | 4.75[c] | 5.15[c] |
| Washington | 2.30 | 4.25 | 4.25 | 4.25 | 4.90 | 4.90 | 4.90 |
| West Virginia | 3.35 | 3.35 | 3.80 | 4.25 | 4.25 (d) | 4.25 (d) | 4.75 (d) |
| Wisconsin | 3.35 | 3.80 | 3.80 | 4.25 | 4.25 | 4.75 | 5.15 |
| Wyoming | 1.60 | 1.60 | 1.60 | 1.60 | 1.60 | 1.60 | 1.60 |
| District of Columbia | 3.50 - 4.85 | 3.70 - 4.85 | 3.90 - 5.45 | 4.25 | 5.25 (h) | 5.75 | 6.15 |
| Guam | 3.35 | 3.80 | 4.25 | 4.25 | 4.25 | 4.75 | 5.15 |
| Puerto Rico | 1.20 - 3.35 | 1.20 - 4.25(h) | 1.20 - 4.25(h) | 1.20 - 4.25(h) | 1.20 - 4.75(h) | 1.20 - 4.75(h) | 1.20 - 5.15(h) |
| U.S. Virgin Islands | 3.35 | 4..65(g.,j) | 4..65(g.,j) | 4.65(g.,j) | 4.65(g.,j) | 4.65(g.,j) | 4.65(g.,j) |

| State or other jurisdiction | 2000 | 2001 | 2002 | 2003 | 2004 | 2005 | 2006 |
|---|---|---|---|---|---|---|---|
| Federal (FLSA) | $5.15 | $5.15 | $5.15 | $5.15 | $5.15 | $5.15 | $5.15 |
| Alabama | ... | ... | ... | ... | ... | ... | ... |
| Alaska | 5.65 | 5.65 | 5.65 | 7.15 | 7.15 | 7.15 | 7.15 |
| Arizona | ... | ... | ... | ... | ... | ... | ... |
| Arkansas | 5.15[c] | 5.15[c] | 5.15[c] | 5.15[c] | 5.15[c] | 5.15[c] | 5.15 [c] |
| California | 5.75 | 6.25 | 6.75 | 6.75 | 6.75 | 6.75 | 6.75 |
| Colorado | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 |
| Connecticut | 6.15 | 6.40 | 6.70 | 6.90 | 7.10 | 7.10 | 7.40 |

Case 1:10-cv-05647-KMW Document 35 Filed 10/03/11 Page 36 of 41 PageID: 162

| | 2000 | 2001 | 2002 | 2003 | 2004 | 2005 | 2006 |
|---|---|---|---|---|---|---|---|
| Delaware | 5.65 | 6.15 | 6.15 | 6.15 | 6.15 | 6.15 | 6.15 |
| Florida | .. | .. | .. | .. | .. | .. | 6.40 |
| Georgia | 3.25(d) | 3.25(d) | 5.15(d) | 5.15(d) | 5.15(d) | 5.15(d) | 5.15(d) |
| Hawaii | 5.25 | 5.25 | 5.75 | 6.25 | 6.25 | 6.25 | 6.75 |
| Idaho | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 |
| Illinois | 5.15[c] | 5.15[c] | 5.15[c] | 5.15[c] | 5.50[c] | 6.50[c] | 6.50[c] |
| Indiana | 5.15(e) | 5.15(e) | 5.15(e) | 5.15(e) | 5.15(e) | 5.15(e) | 5.15(e) |
| Iowa | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 |
| Kansas | 2.65 | 2.65 | 2.65 | 2.65 | 2.65 | 2.65 | 2.65 |
| Kentucky | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 |
| Louisiana | .. | .. | .. | .. | .. | .. | .. |
| Maine | 5.15 | 5.15 | 5.75 | 6.25 | 6.25 | 6.35 | 6.50 |
| Maryland | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 |
| Massachusetts | 6.00 | 6.75 | 6.75 | 6.75 | 6.75 | 6.75 | 6.75 |
| Michigan | 5.15(e) | 5.15(e) | 5.15(e) | 5.15(e) | 5.15(e) | 5.15(e) | 5.15(e) |
| Minnesota | 4.90 - 5.15(g) | 4.90 - 5.15(g) | 4.90 - 5.15(g) | 4.90 - 5.15(g) | 4.90 - 5.15(g) | 4.90 - 5.15(g) | 5.25 - 6.15(g) |
| Mississippi | .. | .. | .. | .. | .. | .. | .. |
| Missouri | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 |
| Montana | 4.00 - 5.15(g) | 4.00 - 5.15(g) | 4.00 - 5.15(g) | 4.00 - 5.15(g) | 4.00 - 5.15(g) | 4.00 - 5.15(g) | 4.00 - 5.15 |
| Nebraska | 5.15[c] | 5.15[c] | 5.15[c] | 5.15[c] | 5.15[c] | 5.15[c] | 5.15[c] |
| Nevada | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 |
| New Hampshire | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 |
| New Jersey | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 | 6.15 |
| New Mexico | 4.25 | 4.25 | 4.25 | 4.25 | 5.15 | 5.15 | 5.15 |
| New York | 4.25 | 5.15 | 5.15 | 5.15 | 5.15 | 6.00 | 6.75 |
| North Carolina | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 |

| State or other jurisdiction | 2000 | 2001 | 2002 | 2003 | 2004 | 2005 | 2006 |
|---|---|---|---|---|---|---|---|
| North Dakota | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 |
| Ohio | 2.80 - 4.25(g) | 2.80 - 4.25(g) | 2.80 - 4.25(g) | 2.80 - 4.25(g) | 2.80 - 4.25(g) | 2.80 - 4.25(g) | 2.80 - 4.25(g) |
| Oklahoma | 2.00 - 5.15(g) | 2.00 - 5.15(g) | 2.00 - 5.15(g) | 2.00 - 5.15(g) | 2.00 - 5.15(g) | 2.00 - 5.15(g) | 2.00 - 5.15 |
| Oregon | 6.50 | 6.50 | 6.50 | 6.90 | 7.05 | 7.25 | 7.50 |
| Pennsylvania | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 |
| Rhode Island | 5.65 | 6.15 | 6.15 | 6.15 | 6.75 | 6.75 | 6.75 |
| South Carolina | .. | .. | .. | .. | .. | .. | .. |
| South Dakota | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 |
| Tennessee | .. | .. | .. | .. | .. | .. | .. |
| Texas | 3.35 | 3.35 | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 |
| Utah | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 |
| Vermont | 5.75(e) | 6.25(e) | 6.25(e) | 6.25(e) | 6.75(e) | 7.00(e) | 7.25 |
| Virginia | 5.15[c] | 5.15[c] | 5.15[c] | 5.15[c] | 5.15[c] | 5.15[c] | 5.15[c] |
| Washington | 6.50 | 6.72 | 6.90 | 7.01 | 7.16 | 7.35 | 7.63 |
| West Virginia | 5.15(d) | 5.15(d) | 5.15(d) | 5.15(d) | 5.15(d) | 5.15(d) | 5.15(d) |
| Wisconsin | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 | 5.70 |
| Wyoming | 1.60 | 1.60 | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 |
| District of Columbia | 6.15 | 6.15 | 6.15 | 6.15 | 6.15 | 6.60 | 7.00 |
| Guam | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 |
| Puerto Rico | 3.61 - 5.15(i) | 3.61 - 5.15(i) | 3.61 - 5.15(i) | 3.61 - 5.15(i) | 3.61 - 5.15(i) | 3.61 - 5.15(i) | 3.61 - 5.15(i) |
| U.S. Virgin Islands | 4.30 - 4.65(g,j) | 4.30 - 4.65(g,j) | 4.30 - 4.65(g,j) | 4.30 - 4.65(g,j) | 4.30 - 4.65(g,j) | 4.30 - 4.65(g,j) | 4.30 - 4.65 (g) |

| State or other jurisdiction | 2007 | 2008 | 2009 | 2010 | 2011 | | |
|---|---|---|---|---|---|---|---|
| Federal (FLSA) | 5.15 | 5.85 | 6.55 | 7.25 | 7.25 | | |
| Alabama | .. | .. | .. | .. | .. | | |
| Alaska | 7.15 | 7.15 | 7.15 | 7.75 | 7.75 | | |
| Arizona | 6.75 | 6.90 | 7.25 | 7.25 | 7.35 | | |
| Arkansas | 6.25[c] | 6.25[c] | 6.25[c] | 6.25[c] | 6.25[c] | | |
| California | 7.50 | 8.00 | 8.00 | 8.00 | 8.00 | | |
| Colorado | 6.85 | 7.02 | 7.28 | 7.24 | 7.36 | | |
| Connecticut | 7.65 | 7.65 | 8.00 | 8.25 | 8.25 | | |
| Delaware | 6.65 | 7.15 | 7.15 | 7.25 | 7.25 | | |
| Florida | 6.67 | 6.79 | 7.21 | 7.25 | 7.25 | | |
| Georgia | 5.15(d) | 5.15(d) | 5.15(d) | 5.15(d) | 5.15(d) | | |
| Hawaii | 7.25 | 7.25 | 7.25 | 7.25 | 7.25 | | |
| Idaho | 5.15 | 5.85 | 6.55 | 7.25 | 7.25 | | |
| Illinois | 6.50[c] | 7.50[c] | 7.75[c] | 8.00[c] | 8.25[c] | | |
| Indiana | 5.15(e) | 5.85(e) | 6.55(e) | 7.25(e) | 7.25(e) | | |
| Iowa | 5.15 | 7.25 | 7.25 | 7.25 | 7.25 | | |
| Kansas | 2.65 | 2.65 | 2.65 | 7.25 | 7.25 | | |
| Kentucky | 5.15 | 5.85 | 6.55 | 7.25 | 7.25 | | |
| Louisiana | .. | .. | .. | .. | .. | | |
| Maine | 6.75 | 7.00 | 7.25 | 7.50 | 7.50 | | |

Case 1:10-cv-05647-KMW Document 35 Filed 10/03/11 Page 37 of 41 PageID: 163

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Maryland | 6.15 | 6.15 | 6.55 | 7.25 | 7.25 | | |
| Massachusetts | 7.50 | 8.00 | 8.00 | 8.00 | 8.00 | | |
| Michigan | 6.95(e) | 7.15(e) | 7.40(e) | 7.40(e) | 7.40(e) | | |
| Minnesota | 5.25-6.15(g) | 5.25-6.15(g) | 5.25-6.15(g) | 5.25-6.15(g) | 5.25-6.15(g) | | |
| Mississippi | ... | ... | ... | ... | ... | | |
| Missouri | 6.50 | 6.65 | 7.05 | 7.25 | 7.25 | | |
| Montana | 4.00-6.15(g) | 4.00-6.25(g) | 4.00-6.90(g) | 4.00-7.25(g) | 4.00-7.35(g) | | |
| Nebraska | 5.15[c] | 5.85[c] | 6.55[c] | 7.25[c] | 7.25[c] | | |
| Nevada | 6.15 | 6.33 | 6.55-6.85 | 6.55-7.55 | 7.25-8.25 | | |
| New Hampshire | 5.15 | 6.50 | 7.25 | 7.25 | 7.25 | | |
| New Jersey | 7.15 | 7.15 | 7.15 | 7.25 | 7.25 | | |
| New Mexico | 5.15 | 6.50 | 7.50 | 7.50 | 7.50 | | |
| New York | 7.15 | 7.15 | 7.15 | 7.25 | 7.25 | | |
| North Carolina | 6.15 | 6.15 | 6.55 | 7.25 | 7.25 | | |
| State or other Jurisdiction | 2007 | 2008 | 2009 | 2010 | 2011 | | |
| North Dakota | 5.15 | 5.85 | 6.55 | 7.25 | 7.25 | | |
| Ohio | 6.85 | 7.00 | 7.30 | 7.30 | 7.40 | | |
| Oklahoma | 2.00-5.15(g) | 2.00-5.85(g) | 2.00-6.55(g) | 2.00-7.25(g) | 2.00-7.25(g) | | |
| Oregon | 7.80 | 7.95 | 8.40 | 8.40 | 8.50 | | |
| Pennsylvania | 6.25 | 7.15 | 7.15 | 7.25 | 7.25 | | |
| Rhode Island | 7.40 | 7.40 | 7.40 | 7.40 | 7.40 | | |
| South Carolina | ... | ... | ... | ... | ... | | |
| South Dakota | 5.15 | 5.85 | 6.55 | 7.25 | 7.25 | | |
| Tennessee | ... | ... | ... | ... | ... | | |
| Texas | 5.15 | 5.85 | 6.55 | 7.25 | 7.25 | | |
| Utah | 5.15 | 5.85 | 6.55 | 7.25 | 7.25 | | |
| Vermont | 7.53(e) | 7.68(e) | 8.06(e) | 8.06(e) | 8.15(e) | | |
| Virginia | 5.15[c] | 5.85[c] | 6.55[c] | 7.25[c] | 7.25[c] | | |
| Washington | 7.93 | 8.07 | 8.55 | 8.55 | 8.67 | | |
| West Virginia | 5.85 | 6.55 | 7.25 | 7.25 | 7.25 | | |
| Wisconsin | 6.50 | 6.50 | 6.50 | 7.25 | 7.25 | | |
| Wyoming | 5.15 | 5.15 | 5.15 | 5.15 | 5.15 | | |
| District of Columbia | 7.00 | 7.00 | 7.55 | 8.25 | 8.25 | | |
| Guam | 5.15 | 5.85 | 5.85 | 7.25 | 7.25 | | |
| Puerto Rico | 3.61-5.15(i) | 3.61-5.15(i) | 4.10(i) | 4.10(i) | 4.10(i) | | |
| U.S. Virgin Islands | 4.30-6.15(g,j) | 4.30-6.15(j) | 4.30-6.15(j) | 4.30-7.25(j) | 4.30-7.25(j) | | |

**Sources:**

1) Wage data for the years 1968 through 1998 was obtained from the Book of the States, 1968 - 1999 edition, volume 32 which was published by the Council of State Governments.

2) Wage data for the years 2000 through the present was obtained from the U.S. Department of Labor, Office of State Standards Programs Wage and Hour Division web site Minimum Wage and Overtime Pay Standards Applicable to Nonsupervisory NONFARM Private Sector Employment Under State and Federal Laws.

**Note:**

Wage rates are for January 1 of each year except 1968 and 1972, which show rates as of February. A range of rates, as in Puerto Rico, reflects which rates differ by industry, occupation or other factors, as established under a wage-board type law. Wage rates in bold indicate an increase over the previous year's rate.

**Key:**

... - not applicable

N.A. - not available

(a) - under the Federal Fair Labor Standards Act (FLSA), the two rates shown in 1968, 1970, and 1976 reflect the former multiple-track minimum-wage system in effect from 1961 to 1978. The lower rate applied to newly covered persons brought under the act by amendments, whose rates were gradually phased in. A similar dual-track system was also in effect in certain years under the laws in Connecticut, Maryland, and Nevada.

(b) - For the years indicated, the laws in Arizona, Arkansas, California, Colorado, Kentucky, Minnesota, Ohio, Utah, and Wisconsin applied only to women and minors.

[c] - Rates applicable to employers of four or more.

(d) - Rates applicable to employers of six or more. In West Virginia, applicable to employers of six or more in one location.

(e) - Rates applicable to employers of two or more.

(f) - For the years 1988 to 1990, Minnesota had a two tier schedule with the higher rate applicable to employers covered by the FLSA and the lower rate to employers not covered by the FLSA.

Case 1:10-cv-05647-KMW Document 35 Filed 10/03/11 Page 38 of 41 PageID: 164

(g) - Minnesota sets a lower rate for enterprises with annual receipts of less than $500,000 ($4.90, January 1, 1998-January 1, 2005). The dollar amount prior to September 1, 1997 was $362,500 ($4.00 - January 1, 1991-January 1, 1997); Montana sets a lower rate for businesses with gross annual sales of $110,000 or less ($4.00 - January 1, 1992-January 1, 2005); Ohio sets a lower rate for employers with gross annual sales from $150,000 to $500,000 ($3.35 - January 1, 1991-January 1, 2005) and for employers with gross annual sales under $150,000 ($2.50 - January 1, 1991-January 1, 2005); Oklahoma sets a lower rate for employers of fewer than 10 full-time employees at any one location and for those with annual gross sales of less than $100,000 ($2.00, January 1, 1991-January 1, 2005); and the U.S. Virgin Islands sets a lower rate for businesses with gross annual receipts of less than $150,000 ($4.30, January 1, 1991-January 1, 2005).

(h) - In the District of Columbia, wage orders were replaced by a statutory minimum wage on October 1, 1993. A $5.45 minimum rate remained in effect for the laundry and dry cleaning industry as the result of the grandfather clause.

(i) - In Puerto Rico, separate minimum rates are in effect for almost 350 non-farm occupations by industry Mandatory Decrees. Rates are higher than those in the range listed in effect in a few specific occupations.

(j) - In the U.S. Virgin Islands, implementation of an indexed rate, which was to have started January 1, 1991, was delayed.

*Prepared By:*

Office of Communications
Wage and Hour Division
U.S. Department of Labor

This document was last revised in December 2010; unless otherwise stated, the information reflects requirements that were in effect, or would take effect, as of January 1, 2011.

Freedom of Information Act | Privacy & Security Statement | Disclaimers | Customer Survey | Important Web Site Notices | Plug-ins Used by DOL

U.S. Department of Labor | Frances Perkins Building, 200 Constitution Ave., NW, Washington, DC 20210
www.dol.gov | Telephone: 1-866-4-USWAGE (1-866-487-9243) | TTY: 1-877-889-5627 | Contact Us

# E X H I B I T   "E"

## AFFADAVIT OF JULIO TERAH

1. I, Julio Terah, being duly sworn, hereby state as follows:

2. I am an adult individual who resides at 1008 North Chew Road, Hammonton, NJ, 08037 and I am fully familiar with the facts stated herein.

3. I have been employed as a thrower for South Jersey Sanitation Co. since in or about April 2008 through the present.

4. Throwers who work for South Jersey Sanitation throw trash into trash trucks.

5. As a thrower I am paid a flat rate of pay each day I work for South Jersey Sanitation and, upon information and belief, so too are all of the other throwers who work for South Jersey Sanitation.

6. On average, I and, upon information and belief, all throwers who work for South Jersey Sanitation work approximately 13 hours per workday.

7. On average, I and, upon information and belief, all throwers who work for South Jersey Sanitation work approximately 65 hours per workweek.

8. South Jersey Sanitation does not pay me or, upon information and belief, its other throwers proper overtime compensation for the hours that we work in excess of 40 per workweek.

I swear under knowledge of perjury that the foregoing paragraphs are true and accurate to the best of my knowledge and belief. I understand that if any of the foregoing statements are willfully false, I am subject to punishment.

_Julio Terah_        _09/14/11_

Julio Terah            Date

## DECLARACIÓN JURADA DE ESCRITA

1. YO, Julio Terah, debidamente juramentada, declaran lo siguiente:

2. Soy un individuo adulto que reside en 1008 North Mastique Road, hammonton, NJ, 08037 yes toy plenamente familiarizados con los hechos aquí expuestos.

3. ME han sido empleados como un tirador de South Jersey Saneamiento Co. desde en oalrededor de abril de 2008 hasta el presente.

4. Piedras que trabajan para South Jersey Saneamiento tiren basura basura en camiones.

5. Como un tirador me paga una tarifa plana de pagar por cada día que trabajo en South Jerseysa neamiento y, en la información y de las creencias, también lo son todas las demás piedrasque tra bajan de South Jersey saneamiento.

6. En promedio, I y, en la información y de las convicciones, las piedras que trabajan para obrasd e saneamiento Jersey del Sur aproximadamente 13 horas por jornada laboral.

7. En promedio, I y, en la información y de las convicciones, las piedras que trabajan para obrasd e saneamiento Jersey del Sur aproximadamente 65 horas por semana.

8. South Jersey saneamiento no me paga o, en la información y de las convicciones, sus otraspied ras una adecuada compensación por horas extraordinarias para las horas que trabajamos enexces o de 40 por semana.

Juro bajo conocimiento de perjurio que los párrafos precedentes son verdadera y exacta al mejor de mi conocimiento y creencia. Yo entiendo que si cualquiera de las anteriores afirmaciones soni ntencionalmente falsa, estoy sujeto a sanción.

_Julio terh_
FILMA

_Julio terh_
NOMBRE

_09/14/11_
FECHA