# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAVIER ALAVEZ-LOPEZ, ANTONIO HERNANDEZ, WILLIAM TOVILLA, ALEJANDRO CONSTANTINO, ANTONIO GUTIERREZ, MARCO ANTONIO ORTEGA, on behalf of themselves and those similarly situated.<br><br>    PLAINTIFFS<br><br> v.<br><br>SOUTH JERSEY SANITATION CO., INC., *et al.*<br><br>    DEFENDANTS | CIVIL ACTION<br><br>No.: 1-10-CV-05647-NLH-KMW |

**PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION FOR COLLECTIVE ACTION CERTIFICATION AND AUTHORIZATION OF ISSUANCE OF NOTICE TO PROSPECTIVE FLSA CLASS MEMBERS**

Dated:      October 11, 2011

Counsel:     Richard S. Swartz, Esq.
               Joshua S. Boyette, Esq.

               SWARTZ SWIDLER LLC
               1878 Marlton Pike East. Ste. 10
               Cherry Hill NJ, 08003
               (856) 685-7420

               Attorney for Plaintiffs

**TABLE OF CONTENTS**

I.   Introduction ...........................................................................................................1
II.  The Members of the Proposed Opt-In Class Were All
     Subjected to the Same Illegal Pay Policy................................................................1
III. Defendant's arguments that factual differences preclude
     conditional certification is incorrect, premature, and need
     not be addressed until the final certification stage..............................................5
IV.  Conclusion..............................................................................................................8

# TABLE OF AUTHORITIES

## Cases

*Andrako v. United States Steel Corp*., 2011 U.S. Dist. LEXIS 23583 (W.D. Pa. Mar. 9, 2011) ............ 5, 7
*Aquilino v. Home Depot, Inc*, 2006 U.S. Dist. LEXIS 66084 (D.N.J. Sept. 6, 2006) ......................... 1, 2, 3
*Aquilino v. Home Depot, Inc.*, 2011 U.S. Dist. LEXIS 15759 (D.N.J. Feb. 15, 2011) .............................. 3
*Bramble v. Walmart, Inc*., 2011 U.S. Dist. LEXIS 39457 (E.D. Pa. Apr. 11, 2011) ................................. 7
*Chabrier v. Wilmington Fin., Inc.*, 2008 U.S. Dist. LEXIS 27761 (E.D. Pa. Apr. 4, 2008)........................ 5
*Garcia v. Freedom Mortg. Corp*., 274 F.R.D. 513 (D.N.J. 2011)............................................................ 5
*Ingram v. Coach USA, Inc*., 2008 U.S. Dist. LEXIS 5935 (D.N.J. Jan. 28, 2008) .................................... 2
*Lee v. Vance Exec. Protection Inc.*, 7 Fed. Appx. 160, 164 (4th Cir. 2001).............................................. 4
*Morisky v. Public Serv. Elec. & Gas Co*., 111 F. Supp. 2d 493 (D.N.J. 2000)...................................... 6, 7
*Purndamasidi v. Ichiban Japanese Restaurant*, 2010 U.S. Dist. LEXIS 101281 (D.N.J. Sept. 23, 2010)... 1
*Ritzer v. UBS Fin. Servs*., 2008 U.S. Dist. LEXIS 71635 (D.N.J. Sept. 22, 2008) ............................ 2, 3, 4
*Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)......................................... 2, 4, 5
*Walling v. Helmerich & Payne, Inc.*, 323 U.S. 37, 42 (1944)................................................................... 3

## Regulations

29 C.F.R. § 778.112 ......................................................................................................................... 5, 7
29 C.F.R. § 778.501 ......................................................................................................................... 5, 6

## I. Introduction

The standard required for a court to conditionally certify a collective action is minimal. It requires at most a modest factual showing that the plaintiffs are similarly situated to the proposed class. It is enough to show that all members of the purported class were subject to the same illegal pay policy.

Defendants argue that because Plaintiffs will have to prove their damages on an individual basis, Plaintiffs are not entitled to collective action certification, even though Plaintiffs seek to certify a class of all employees in the same job function subjected to the same illegal pay policy. This is a frivolous argument, an argument that if taken to its logical extreme would preclude all collective actions.

As Defendants have admitted that all employees in Plaintiffs' job function (*i.e.*, "throwers") were subjected to the same unlawful pay policy (*i.e.*, paid a daily rate without regard to the amount of overtime that they worked) , Plaintiffs have adduced more than sufficient evidence to meet their minimal burden of showing that they are similarly situated to the proposed class members.  Thus, this Court should conditionally certify Plaintiffs' claims as a collective action.

## II. The Members of the Proposed Opt-In Class Were All Subjected to the Same Illegal Pay Policy

In order to meet the limited burden necessary for conditional certification, Plaintiffs must show a factual nexus between their situation and the situation of other current and former employees that establishes that Plaintiffs and the proposed class members are "similarly situated." *See Purndamasidi v. Ichiban Japanese Restaurant*, 2010 U.S. Dist. LEXIS 101281 (D.N.J. Sept. 23, 2010), *quoting Aquilino v. Home Depot, Inc.*, 2006 U.S. Dist. LEXIS 66084 (D.N.J. Sept. 6, 2006).  In making this showing, courts have sometimes required nothing more

1

than substantial allegations that the putative class members were together the victims of a single illegal decision, policy, or plan. *See Sperling v. Hoffman-La Roche, Inc.,* 118 F.R.D. 392, 407 (D.N.J. 1988). In other cases, courts require additional information about who is in the potential class and the basis for inferring that the potential members are similarly situated. *Ritzer v. UBS Fin. Servs.*, 2008 U.S. Dist. LEXIS 71635 (D.N.J. Sept. 22, 2008) (Martini, J.). The merits of the claims "need not be evaluated nor discovery be completed in order for such a notice to be approved and disseminated." *Aquilino*, 2006 U.S. Dist. LEXIS 66084, at *2.

Courts have found that individuals were similarly situated for FLSA conditional certification where the individuals generally worked the same job duties and were subject to the same compensation policy. *See, e.g., Ritzer v. UBS Fin. Servs.*, 2008 U.S. Dist. LEXIS 71635 *at* *6-*8 (plaintiffs similarly situated to other technical support assistants); *Ingram v. Coach USA, Inc.*, 2008 U.S. Dist. LEXIS 5935 (D.N.J. Jan. 28, 2008) (Hayden J.) (dispatchers similarly situated where they had same job duties and sometimes worked over 40 hours without compensation).

In the instant matter, Plaintiffs meet this burden because all those similarly situated were employed by Defendants in the "thrower" job classification, individuals in this job classification all had the same duties, and all individuals in this job classification were subjected to the same improper compensation policy. Plaintiffs have plead and attested that individuals employed as throwers regularly worked 13 hour days. *See* Second Amended Complaint; *see also* Affidavit of Julio Terah, *attached to* Plaintiff's Motion for Conditional Certification as Exhibit B. Defendants have certified that all "throwers" were paid a flat sum for a day's work and were not paid additional compensation for hours worked over 40, in violation of 29 C.F.R. § 778.112 and § 778.501. *See* Defendants' Answers to Plaintiffs Initial Interrogatories ¶ 1(b), *attached to*

Plaintiff's Motion for Conditional Certification as Exhibit C. Accordingly, Plaintiffs' easily meet their limited burden for conditional certification. *See, e.g., Ritzer v. UBS Fin. Servs.*, 2008 U.S. Dist. LEXIS 71635 (D.N.J. Sept. 22, 2008) (Martini, J.).

Defendants argue in their Response to Plaintiffs' Motion that Plaintiffs cannot show that all members of proposed class were subjected to the same illegal policy because some throwers may not have worked any overtime. *See* Defendants' Brief at 7. Fatal to this "defense" is the fact that Defendants have also admitted that they adopted their compensation scheme under the understanding that throwers would work 10 hours per day. *See* Defendants' Answers to Plaintiffs' Initial Interrogatories ¶ 1(b), *attached to* Plaintiff's Motion for Conditional Certification as Exhibit C. While it is possible that there were some throwers who did not work any overtime and therefore do not have claims, those individuals can be decertified at the final certification stage after discovery is complete. *See, e.g., Aquilino v. Home Depot, U.S.A., Inc.,* 2011 U.S. Dist. LEXIS 15759 (D.N.J. Feb. 15, 2011) (noting disparate factual situations between plaintiffs as a factor to weigh at the decertification stage).

Though the Court need not and should not examine the merits of Plaintiffs' claims on a motion for conditional certification, *see Aquilino*, 2006 U.S. Dist. LEXIS 66084 at *2, it is clear that Defendants violated the FLSA's overtime requirement for those throwers who did work more than 40 hours per week. As outlined more fully in Plaintiffs' Motion for Certification, Defendants' attempts to characterize their pay policy as a split-day plan is *per se* illegal under FLSA. *See* 29 C.F.R. § 778.501; *see also Walling v. Helmerich & Payne, Inc.,* 323 U.S. 37, 42 (1944). Of course, Plaintiffs were not actually paid under a split-day plan. Plaintiffs were paid a flat sum for a day's work without regard to the amount of overtime that they worked. The

3

regulations interpreting FLSA could not be clearer as to the illegality of the admitted-to pay practices:

> If the employee is paid a flat sum for a day's work or for doing a particular job, without regard to the number of hours worked in the day or at the job, and if he receives no other form of compensation for services, his regular rate is determined by totaling all the sums received at such day rates or job rates in the workweek and dividing by the total hours actually worked. He is then entitled to extra half-time pay at this rate for all hours worked in excess of 40 in the workweek.

29 C.F.R. § 778.112.

Defendants admit in their interrogatory responses that "throwers are paid the full daily rate regardless of how many hours are worked." *See* Defendants' Answers to Plaintiffs' Initial Interrogatories ¶ 1(b), *attached to* Plaintiffs' Motion for Conditional Certification as Exhibit C Thus, this payment scheme is a flat sum for a day's work that does not take into account the actual number of hours worked, violating 29 C.F.R. § 778.112. Defendants were required to total these rates weekly, divide the total rates by the total hours actually worked to calculate the regular rate of pay, and pay extra half-time pay for all hours worked in excess of 40 in the workweek. *See id.* Defendants never did this with any of the throwers, and therefore subjected all throwers to an improper method of calculating overtime. *See* Defendants' Answers to Plaintiffs' Initial Interrogatories ¶ 1(b), *attached to* Plaintiff's Motion for Conditional Certification as Exhibit C; *see also, e.g., Lee v. Vance Exec. Protection Inc.*, 7 Fed. Appx. 160, 164 (4th Cir. 2001) (holding that being paid a flat sum for a day's work that included but did not pay for overtime hours *impermissible* under FLSA).

Since all throwers were subjected to this same improper method of computing overtime, all throwers are similarly situated for the purpose of conditional certification. *See Sperling v. Hoffman-La Roche, Inc.,* 118 F.R.D. 392, 407 (D.N.J. 1988); *Ritzer v. UBS Fin. Servs.*, 2008 U.S. Dist. LEXIS 71635 (D.N.J. Sept. 22, 2008) (Martini, J.). Thus, this Court should reject

4

Defendants' specious arguments to the contrary and grant Plaintiffs' Motion for Conditional Certification and Notice.

### III. Defendant's arguments that factual differences preclude conditional certification is incorrect, premature, and need not be addressed until the final certification stage

Defendants also argue that Plaintiffs are not entitled to collective certification because individual factual determinations may be necessary to resolve their claims. This argument is wrong as a matter of law. That individual throwers may have worked varying amounts of overtime is insufficient reason to preclude collective action certification. **The need for individualized findings regarding damages does not require class decertification even at the final certification stage.** *See, e.g., Andrako v. United States Steel Corp.*, 2011 U.S. Dist. LEXIS 23583 at *22 (W.D. Pa. Mar. 9, 2011); *Chabrier v. Wilmington Fin., Inc.*, 2008 U.S. Dist. LEXIS 27761 at *8 (E.D. Pa. Apr. 4, 2008) ("The need for individual factual determinations is not fatal to certification of a FLSA collective action"); *see also Garcia v. Freedom Mortg. Corp.*, 274 F.R.D. 513 (D.N.J. 2011) (difficulties in calculating damages is not sufficient to warrant decertification).

A finding that plaintiffs are "similarly situated" does nothing more than grant plaintiffs the right to maintain a collective action. *Sperling v. Hoffmann-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988). Each plaintiff is still required to meet his or her own individual burden of proof at trial. *Id.* Certification as a collective action merely allows "unified trial preparation, prosecution, and defense" on what is alleged to be a single illegal policy effecting all plaintiffs. *Id.* Thus, the fact that plaintiffs will be required to prove their damages individually does not preclude conditional certification. *Id.*

Second, even if individual damages determinations were a proper reason to deny certification (which they are not), denial of certification due to individual factual differences is

5

properly postponed until the second stage of the certification process after there has been sufficient discovery to actually assess the individual differences between claims. *See Morisky v. Public Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497 (D.N.J. 2000).

Defendants rely almost solely on *Morisky* in their brief for their argument that individual factual differences between potential opt-in plaintiffs warrant denying certification of the instant matter as a collective action. However, *Morisky* is inapposite, since *Morisky* was decided under a different standard than the standard applicable to the instant matter. The court in *Morisky* made clear that due to the special and unique procedural circumstances of that case, it was applying the stricter **stage two certification analysis** in its decision to certify a class*,* not the "fairly lenient" stage one analysis that is typically applied to a motion for conditional certification and applicable to the instant motion.

> The *Morisky* court explained its reasons for departing from the usual standard as follows:
>
> This case is somewhat different. **It is clearly beyond the first tier of the above analysis**, as over 100 potential plaintiffs have already opted into this lawsuit. Further, pursuant to the most recent scheduling order issued by Magistrate Judge Rosen, discovery was to have been completed by January 14, 2000, well before the present motion was filed. **It is appropriate, therefore, for the Court to apply a stricter standard in its analysis of the question before it, and in doing so, finds that plaintiffs have not met their burden.**

*Morisky*, 111 F. Supp. 2d at 497-498 (emphasis added).

Thus, the holding in *Morisky* provides absolutely no basis for denying conditional certification at the first stage of the certification process absent the special circumstances present in that case, *i.e.*, the completion of full discovery and the opt-in of more than a hundred plaintiffs. Defendants have made no argument as to why this motion should be decided under *Morisky*'s heightened standard.

Furthermore, even if *Morisky* were relevant to an initial motion for conditional certification, the facts alleged in *Morisky* are distinguishable from those in the instant action. *Morisky* dealt with a motion to certify a class of hundreds of employees who were all employed *in different job positions*, *with vastly different job duties*. *Morisky*, 111 F. Supp. 2d at 498 (D.N.J. 2000). That fact pattern is substantially different from the instant one, in which Plaintiffs allege (and as Defendants admit in their Answers to Interrogatories) that a single illegal policy was applied to a single group of employees who all had the same job duties and were employed in the same job function. *Morisky* does not stand for the broader proposition that the mere differences in hours worked requires a highly detailed fact-specific analysis that warrants denial of collective action certification.  That would be absurd.

Defendants similarly err in relying on *Bramble v. Walmart Inc.* for their contention that individual differences in damages bar collective action certification. *See* Defendant's Brief at 8. *Bramble*, like *Morisky*, dealt with individual differences related to the performance of job duties and, correspondingly, class members potential exemption from the FLSA. 2011 U.S. Dist. LEXIS 39457, at *1-*2 (E.D. Pa. Apr. 11, 2011).  These differences meant that each individual class member needed to prove through an individualized case-specific analysis that he or she was a non-exempt employee eligible for overtime. *Id.* In the instant matter, the only individual differences between class members relates to hours worked and the calculation of damages. As explained above, individual damages determinations are not a valid reason to deny collective action certification. *See, e.g., Andrako v. United States Steel Corp.*, 2011 U.S. Dist. LEXIS 23583 at *22 (W.D. Pa. Mar. 9, 2011).

Finally, with regard to Defendants' argument that Plaintiffs have failed to fully consider the importance of a conditional certification ruling to Defendants' interests, Plaintiffs would only

7

note that Defendants' own arguments support a finding of conditional certification. Defendants appear to concede that discovery is needed on the issue of hours worked to determine whether and which throwers are entitled to overtime. Plaintiffs have already outlined in their initial brief the importance of conditional certification and notice for the potential opt-in plaintiffs, specifically that the statute of limitations for potential plaintiffs' claims continue to run until they file notices to opt-in. *See* Plaintiffs' Motion for Conditional Certification at 9. The two-stage certification process allows Plaintiffs to inform the potential opt-in plaintiffs of the suit, conduct needed discovery on the issue of hours worked, and place both Defendants and the Court in a better position to assess at the final certification stage whether and which opt-in plaintiffs should be permitted to continue their claims as a collective action.

As Plaintiffs have met their limited burden of showing they were "similarly situated" in that they were all subjected to the same illegal overtime compensation policy, Plaintiffs respectfully request that the Court grant Plaintiffs' motion.

### IV. Conclusion

For the foregoing reasons, Plaintiffs respectfully requests that this Court grant Plaintiffs' motion for collective action certification and authorization for issuance of notice.

Respectfully submitted,

/s/ *Joshua S. Boyette*
Joshua S. Boyette
Richard S. Swartz
SWARTZ SWIDLER, LLC
*Attorneys for Plaintiffs*