UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| JAVIER ALAVEZ-LOPEZ, ANTONIO HERNANDEZ, WILLIAM TOVILLA, ALEJANDRO CONSTANTINO, ANTONIO GUTIERREZ, MARCO ANTONIO ORTEGA, on behalf of themselves and those similarly situated, | : | CIVIL ACTION |
| PLAINTIFFS | : | Civil Action No. 1:10-cv-05647 (NLH/KMW) |
| vs. | : | |
| SOUTH JERSEY SANITATION CO., INC. 9TH and Egg Harbor Road Hammonton, NJ 08037 | : | |
| and | : | |
| ANTHONY COLARSURDO, owner c/o South Jersey Sanitation Co., Inc. 9th and Egg Harbor Road Hammonton, NJ 08037 Or 253 N. White Horse Pike Hammonton, NJ 08037 | : | |
| DEFENDANTS. | : | |

---

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS AND/ OR STRIKE THE STATE LAW CLAIMS FROM PLAINTIFFS' COMPLAINT

Alyson Tomljenovic, Esquire
AMT (7045)
COOPER LEVENSON APRIL NIEDELMAN & WAGENHEIM, P.A.
1125 Atlantic Avenue - Third Floor
Atlantic City, NJ 08401
(609) 344-3161
File No. 47597-9
atomljenovic@cooperlevenson.com
Attorney for Defendants, South Jersey Sanitation Company, Inc. and Anthony Colarsurdo

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ........................................................................ iii

**INTRODUCTION** ..................................................................................... 4

**FACTUAL BACKGROUND** ...................................................................... 5

**LEGAL ARGUMENT** ............................................................................... 7

    A. **THIS COURT SHOULD DISMISS PLAINTIFFS' STATE LAW CLASS ACTION CLAIM AS THERE IS NO DIVERSITY AMONG THE PARTIES** .......................................................................................... 7

    B. **STANDARD FOR DISMISSAL PURSUANT TO F.R.C.P. 12(b)(6) AND MOTION TO STRIKE UNDER 12(f)** ............................................... 8

    C. **THIS COURT SHOULD DISMISS THE STATE LAW CLAIMS AS THE COLLECTIVE ACTION AND CLASS ACTION CLAIMS ARE INHERENTLY INCOMPATIBLE** .................................................... 9

    D. **THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS** ........................... 11

    E. **THIS COURT SHOULD DISMISS THE STATE LAW CLAIMS AS THEY ARE PREEMPTED BY THE FEDERAL ACTION UNDER THE FLSA** .... 14

**CONCLUSION** ....................................................................................... 17

## TABLE OF AUTHORITIES

**Cases**

Aquilino v. Home Depot U.S.A., 2006 U.S. Dist. LEXIS 48554 (July 17, 2006) ...................... 12

Barnello v. AGC Chemicals Americas, Inc., 2009 U.S. Dist. LEXIS 6410 (D.N.J. January 29, 2009) ................................................................................................................................. 13

Bell v. Citizen Fin. Group, Inc., 2011 U.S. Dist. LEXIS 64629 (W.D. Pa. June 6, 2011) ......... 15

Burkhart-Deal v. Citifinancial, Inc., 2008 U.S. Dist. LEXIS 44469 (W.D. Pa. June 5, 2008) ..... 8

De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 308 (3rd Cir. 2003).......................................... 11

Faltaous v. Johnson & Johnson, 2007 U.S. Dist. LEXIS 99473 (D.N.J. October 11, 2008) ........... 7

Ellis v. Edward D. Jones & Co., L.P., 527 F. Supp. 2d 439 (W.D. Pa 2007) ............... 12, 15, 16

Gade v. National Solid Wastes Management Ass'n, 505 U.S. 88 (1992) ..................................... 14

Herring v. Hewitt Assocs., 2006 U.S. Dist. LEXIS 56189 (D.N.J. August 11, 2006) ............. 9, 12

Int'l Paper Co. v. Ouellette, 479 U.S. 481 (1987) ....................................................................... 14

Joseph v. Caesar's Entm't Corp., No. 10-6293, 2011 U.S. Dist. LEXIS 79478 (D.N.J. July 21, 2011) ............................................................................................................................... passim

Kelly v. Borough of Union Beach, 2011 U.S. Dist. LEXIS 12839 (D.N.J. Feb. 8, 2011) ...... 14, 15

Knepper v. Rite Aid Corp., 764 F. Supp. 2d 707 (M.D. Pa. 2011) .............................................. 10

Michelon v. FM Home Improvement, Inc., 2010 U.S. Dist. LEXIS 93425 (D.N.J. September 8, 2010) ...................................................................................................................................... 13

Moeck v. Gray Supply Corp., 2006 U.S. Dist. LEXIS 511 (D.N.J. January 5, 2006) ................. 10

Morgan v. Gay, 471 F.3d 469 (3d Cir. 2006) ............................................................................. 7

Pierce v. Ortho Pharm. Corp., 84 N.J. 58 (1980) ........................................................................ 15

Samuel-Bassett v. Kia Motors Corp., 357 F.3d 392 (3d Cir. 2004) ............................................. 7

Shakib v. Back Bay Rest. Group, Inc., 2011 U.S. Dist. LEXIS 112614 (D.N.J. September 30, 2011) ................................................................................................................................... 9, 15

Wall Twp. Bd. of Educ. v. C.M., 534 F. Supp. 2d 487, 490 (D.N.J. January 30, 2008) ............. 7

Woodard v. FedEx Freight E., Inc., 250 F.R.D. 178 (W.D. Pa. 2008) ..................................... 9, 10

Zynn v. O'Donnell, 688 F. 2d 940 (3rd Cir. 1982) ........................................................................ 8


**Statutes**

28 U.S.C. §1331 ............................................................................................................................. 6

28 U.S.C. §1332 ..................................................................................................................... 4, 6, 7

28 U.S.C. §1367 ............................................................................................................ 6, 11, 12, 13

29 U.S.C. §§201 et seq ............................................................................................................. 5, 12

29 U.S.C. §§206 ............................................................................................................................. 4

29 U.S.C. §216 (b) ................................................................................................................. passim

29 U.S.C. §251(b)(3) .................................................................................................................... 12

N.J.S.A. §§34:11-56 et seq ....................................................................................................... 4, 5


**Rules**

Fed. R. Civ. P. 12(b) .................................................................................................................. 6, 7

Fed. R. Civ. P. 12(f) ...................................................................................................................... 9

Fed. R. Civ. P. 18(a) ...................................................................................................................... 6

Fed. R. Civ. P. 23 ..................................................................................................................... passim

## I.    **INTRODUCTION**

Plaintiffs filed this action against Defendants South Jersey Sanitation Company, Inc. and Anthony Colarsurdo, for allegedly failing to pay overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §206, and the New Jersey Wage and Hour Laws ("NJWHL"), N.J.S.A. §§34:11-56 et seq., including the New Jersey Wage Payment Law ("NJWPL"). In their Amended Complaint, plaintiffs seek to allow their FLSA claims to proceed as a collective action pursuant to the "opt-in" provision of 29 U.S.C. §216(b) and designating plaintiffs as representatives of those similarly situated. Plaintiffs also request that their state law claims be certified as a class action pursuant to Rule 23(b). Plaintiffs request the Court assert jurisdiction over the state law class action pursuant to the Class Action Fairness Act, 28 U.S.C. §1332. However, this Court should find that Plaintiffs have failed to show that they are entitled to have this Court exert jurisdiction over the state law claims pursuant to CAFA, as Plaintiffs have failed to demonstrate diversity among the parties.

Moreover, Plaintiffs seek to form both a class action under state law and a collective action under the FLSA; however, these mechanisms are "inherently incompatible," as the utilization of the former circumvents the requirements of the latter and undermines the policy underlying the amendments to the FLSA; therefore, this Court should dismiss and/or strike the state law claims. Alternatively, this Court should decline to exercise supplemental jurisdiction over the state law claims, or dismiss these claims based on a finding that the FLSA preempts the state law class action sought under Rule 23. Defendants therefore respectfully request that this Court dismiss the state law claims.

## II.   **FACTUAL BACKGROUND**

Plaintiffs filed their original Complaint in the U.S. District Court for the District of New Jersey on October 29, 2010 against Defendants South Jersey Sanitation Company, Inc. and Anthony Colarsurdo.   (See true and complete copy of Plaintiffs' Original Complaint filed October 29, 2010 at Exhibit "A").  Plaintiffs asserted in the original complaint that "Defendants intentionally failed to pay them overtime compensation earned while in the employ of Defendants." (See Exhibit A, ¶1).  Plaintiffs claimed this was a violation of both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 et seq., and the New Jersey Wage and Hour Laws ("NJWHL"), N.J.S.A. §§34:11-56 et seq., including the New Jersey Wage Payment Law ("NJWPL").  (See Exhibit B, ¶¶34, 40 & 43).  All three Counts are supported by the same alleged facts, that "Defendants failed to pay Plaintiffs any overtime compensation…"  (See Exhibit B, ¶¶33, 39 & 42).  Subsequent to this filing, Plaintiffs amended their complaint twice.

The Second Amended Complaint was filed on October 3, 2011.  (See true and complete copy of Plaintiffs' Second Amended Complaint filed October 3, 2011 at Exhibit "B").  Plaintiffs made the same claim that "Defendants intentionally failed to pay them overtime compensation earned while in the employ of Defendants." (See Exhibit B, ¶1).  Again, Plaintiffs claim this was a violation of both the FLSA and the NJWHL and NJWPL.  (See Exhibit B, ¶¶62, 72 & 76).  All three Counts are supported by the same alleged facts, that "Defendants failed to pay Plaintiffs any overtime compensation…"  (See Exhibit B, ¶¶65, 71 & 74).

Plaintiffs seek also to bring the FLSA claim "as a collective action for and in behalf of themselves and those employees similarly situated, pursuant to the 'opt-in' provisions of 29 U.S.C. §216(b)."  (See Exhibit B, ¶79).  Additionally, Plaintiffs seek to bring their NJWHL and NJWPL claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure "on

5

behalf of themselves and those similarly situated." (See Exhibit B, ¶81).   Plaintiffs   claim   this
Court has jurisdiction over their FLSA claim pursuant to 28 U.S.C. §1331 "because the instant
action arises under the laws of the United States and seeks redress for violations of a federal
law." (See Exhibit B, ¶3).  Plaintiffs also assert that this Court should maintain supplemental
jurisdiction over their state law claims pursuant to 28 U.S.C. §1367 and Federal Rule of Civil
Procedure 18(a) "because they are sufficiently related to the claim(s) within the Court's original
jurisdiction that they form part of the same case or controversy." (See Exhibit B, ¶4).

Lastly, in their latest Complaint, Plaintiffs assert that this Court should retain original
jurisdiction over the state law claims pursuant to the Class Action Fairness Act of 2005
("CAFA"), 28 U.S.C. §1332(d), "because at least one putative class member working in New
Jersey is a citizen of a state other than the state which South Jersey Sanitation is a citizen of, the
class consists of more than 100 class members, and the amount in controversy in the instant
action well exceeds five million dollars." (See Exhibit B, ¶5).

Both the named defendants, South Jersey Sanitation Company, Inc. and Anthony
Colarsurdo, are located in Hammonton, New Jersey. (See Exhibit B, caption & ¶¶23-24).  All
plaintiffs named in the complaint are listed as residing in Hammonton, Elwood or Vineland, New
Jersey. (See Exhibit B, ¶¶8-22).  As none of the class members live outside of the State of New
Jersey where the defendants reside and operate, plaintiffs fail to demonstrate the requisite
diversity for jurisdiction under CAFA.

Moreover, a class action and a collective action are "inherently incompatible," as the use
of Rule 23 circumvents the requirements of the §216(b) of the FLSA and undermines the policy
and Congressional intent underlying that section, defendants respectfully request that this Court
dismiss and/or strike these claims pursuant to Rule 12(b)(6).  Alternatively, defendants request

6

this Court decline to exercise supplemental jurisdiction over plaintiffs' state law claims, or dismiss the same, as they are preempted by the FLSA.

## III.   LEGAL ARGUMENT

### A.   THIS COURT SHOULD DISMISS PLAINTIFFS' STATE LAW CLASS ACTION CLAIM AS THERE IS NO DIVERSITY AMONG THE PARTIES.

Plaintiffs assert diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d); however, plaintiffs do not meet the requirements under the statute.  Under 28 USCS §1332(d)(2), [t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $ 5,000,000, exclusive of interest and costs, and is a class action in which—

> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

The Third Circuit placed the burden on the party attempting to remove a case to federal court under CAFA to prove to a legal certainty they have met the requirements.  Faltaous v. Johnson & Johnson, 2007 U.S. Dist. LEXIS 99473 at *15 (D.N.J. October 11, 2008) (citing Morgan v. Gay, 471 F.3d 469 (3d Cir. 2006), cert. denied,552 U.S. 940 (2007) and Samuel-Bassett v. Kia Motors Corp., 357 F.3d 392 (3d Cir. 2004)).

Rule 12(b)(1) allows a defendant to move to dismiss a claim for lack of subject matter jurisdiction at any time.  Wall Twp. Bd. of Educ. v. C.M., 534 F. Supp. 2d 487, 490 (D.N.J. January 30, 2008).  "The defendant may facially challenge subject matter jurisdiction by arguing that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction."  Ibid.

In the present case, the complaint lists all parties residing within the State of New Jersey; therefore, Plaintiffs' state class action claim cannot be supported by CAFA. Defendants are located in Hammonton, New Jersey. All of the plaintiffs who have joined this action are listed as residents of Hammonton, Vineland or Elwood, New Jersey. As Plaintiffs have not demonstrated the diversity necessary to maintain a claim under CAFA, Defendants request that this Court dismiss Plaintiff's state law class action claim.

## B. STANDARD FOR DISMISSAL PURSUANT TO F.R.C.P. 12(b)(6) AND MOTION TO STRIKE UNDER 12(f)

"In deciding a motion to dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff." Burkhart-Deal v. Citifinancial, Inc., 2008 U.S. Dist. LEXIS 44469 (W.D. Pa. June 5, 2008). If, after so doing, it appears beyond doubt that no relief can be granted under any set of facts that can prove consistent with the allegations, the Court shall dismiss the complaint for failure to state a claim. Zynn v. O'Donnell, 688 F. 2d 940, 941 (3rd Cir. 1982).

> In making this determination, a court must engage in a two-part analysis. First, the court must separate factual allegations from legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Second, the court must determine whether the factual allegations are sufficient to show that the plaintiff has a "plausible claim for relief." Determining plausibility is a "context-specific task" that requires the court to "draw on its judicial experience and common sense." A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible.

Joseph v. Caesar's Entm't Corp., No. 10-6293, 2011 U.S. Dist. LEXIS 79478 at 6-7 (D.N.J. July 21, 2011) (citations omitted).

> [T]he Plaintiffs "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." To survive a motion to dismiss, the complaint must state a plausible claim. Thus, assuming that the factual allegations

8

in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level."

Shakib v. Back Bay Rest. Group, Inc., 2011 U.S. Dist. LEXIS 112614 at *6 (D.N.J. September 30, 2011) (citations omitted).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Herring v. Hewitt Assocs., 2006 U.S. Dist. LEXIS 56189 at *3 (D.N.J. August 11, 2006)(citation omitted).

Under Federal Rule of Civil procedure 12(f), a "court may strike from a pleading. . . any redundant, immaterial, impertinent, or scandalous matter." Woodard v. FedEx Freight E., Inc., 250 F.R.D. 178, 181 (W.D. Pa. 2008).  It is within the discretion of the District Court whether to grant a motion to strike.  Ibid.  "[A] district court will strike class action allegations without permitting discovery or waiting for a certification motion where the complaint and any affidavits clearly demonstrate that the plaintiff cannot meet the requirements for a class action." Id. at 182.

## C. THIS COURT SHOULD DISMISS THE STATE LAW CLAIMS AS THE COLLECTIVE ACTION AND CLASS ACTION CLAIMS ARE INHERENTLY INCOMPATIBLE

In Woodard v. FedEx Freight E., Inc., the Court found "a state wage law class action cannot be maintained in the same proceeding as an FLSA collective action because the opt-out mechanism of Rule 23 class actions is 'inherently incompatible' with the opt-in scheme of FLSA collective actions." Woodard, 250 F.R.D. 178, 180 (W.D. Pa. 2008); see also Joseph v. Caesar's Entm't Corp., No. 10-6293, 2011 U.S. Dist. LEXIS 79478 (D.N.J. July 21, 2011).  Under the FLSA, a collective action may be created pursuant to 29 U.S.C. § 216(b).  Under § 216(b), "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."

Thus, in order to become an "opt-in" plaintiff in a collective action filed pursuant to the FLSA, one must take affirmative action and notify the court. 29 U.S.C. § 216(b).  This procedure stands in contrast to the mechanism to form a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

"Rule 23(a) provides that '[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members' if the requirements of Rule 23 are met." Woodard, supra, 250 F.R.D. at 185.  Under this Rule, the putative class members are assumed to be part of the class unless they affirmatively "opt-out" of the class.  Ibid.  If these members fail to request exclusion from the class, they will be bound by the judgment.  Id. at 186.  "Because of the incongruity between the opt-out Rule 23 class action and the opt-in § 216(b) collective action, Rule 23 is inapplicable to FLSA claims."  Ibid.

"[T]he 'FLSA's opt-in requirement codifies Congress's desire to: (1) control the volume of minimum wage and overtime litigation by eliminating representative (i.e., opt-out) actions; and (2) increase each individual's knowledge and involvement in the action by ensuring the no one's rights are litigated without their knowledge.'"  Knepper v. Rite Aid Corp., 764 F. Supp. 2d 707 (M.D. Pa. 2011).

"Congress created the opt-in procedure under the FLSA for the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers from the burden of representative actions."  Moeck v. Gray Supply Corp., 2006 U.S. Dist. LEXIS 511 at *15 (D.N.J. January 5, 2006).  "Allowing [a plaintiff] to circumvent the opt-in requirement and bring unnamed parties into federal court by calling upon state statutes similar to the FLSA would undermine Congress's intent to limit these types of claims to collective actions."  Id. at *15-16.

10

In this case, both the state and federal claims are based on the same factual and legal allegations against defendants. Plaintiffs merely seek to circumvent the Congressional mandate that those plaintiffs joining an action of this type affirmatively "opt-in" to said action. As such this Court should dismiss and/or strike the state law claims as they are inherently incompatible to the federal claims brought.

### D. THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS

In a recent opinion, U.S. District Judge Robert Kugler declined to exercise supplemental jurisdiction over plaintiff's state law claims, as he found they undermined the underlying policy of the FLSA. Joseph, supra, 2011 U.S. Dist. LEXIS 79478 at 16. This matter also arose from plaintiff's allegations of unlawful employment compensation practices. Id. at 2. Specifically, plaintiff claimed that "Defendants intentionally failed to pay and did not pay Plaintiff and those similarly situated overtime wages for time worked in excess of forty hours in a workweek." Ibid. Plaintiff claimed that as a result, Defendants had violated both the FLSA and New Jersey Wage and Hour Laws. Id. at 3. In his complaint, plaintiff similarly asserted both a collective action claim pursuant to the "opt-in" provision of the FLSA, 29 U.S.C. §216(b) and a class action claim under the New Jersey Wage and Hour Laws pursuant to Rule 23. Id. at 2-3. The Court dismissed the latter pursuant to 28 U.S.C. §1367.

In Joseph, the Court noted that under 28 U.S.C. §1367(a), "a district court may exercise supplemental jurisdiction where state-law claims share a 'common nucleus of operative fact[s]' with the claims that supported the district court's original jurisdiction." Id. at 10, (quoting De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 308 (3rd Cir. 2003)). In that case, as here, the factual allegations giving rise to all claims were identical, that is that Defendants failed to pay

plaintiff(s) overtime compensation. Ibid. Thus, the Court found that it was entitled to exercise supplemental jurisdiction over the state law claim. Ibid.

Under 28 U.S.C. §1367(c)(4), however, a Court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if...in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Joseph, supra, 2011 U.S. Dist. LEXIS 79478 at 12. The Court in Joseph found such a reason in its examination of the Congressional policy behind the creation of the FLSA "opt-in" requirement. Id. at 19.

After Congress enacted the FLSA, 29 U.S.C. §§201 et. seq., the Supreme Court broadly expanded its scope resulting in a massive influx of litigation against employers, threatening their financial ruin. Id. at 12-13. Congress enacted the Portal-to-Portal Act (PPA)[1], which added the following to §216(b): "no employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Id. at 14. By doing so, "the PPA furthered Congress' goal to 'define and limit the jurisdiction of the courts,' by limiting collective actions under the FLSA to employees who expressly consented to joining the lawsuit." Ibid. (citing 29 U.S.C. §251(b)(3)).

> ... Plaintiff cannot bring an FLSA claim using the Rule 23 class action device because the FLSA expressly precludes Plaintiff from exercising that option with its opt-in requirement. That distinction is critical because Congress enacted the PPA to limit the scope of collective action under the FLSA to plaintiffs who expressly "opt-in" under the framework created by §216(b). Thus, to allow Plaintiff to circumvent the FLSA's opt-in requirement by bringing an identical action under Rule 23's opt-out regime would undermine the "crucial policy decision" Congress made to limit the scope of an FLSA collective action.

Id. at 16-17 (citations omitted). See also Herring v. Hewitt Assocs., 2006 U.S. Dist. LEXIS 56189 (D.N.J. August 11, 2006). Congress' intent in passing the PPA was two-fold: "limiting

---

[1] In discussing the development of CAFA, this Court has found "there is nothing in this law or its statutory history that suggests Congress was modifying the opt-in provisions of the FLSA" with its creation Aquilino v. Home Depot U.S.A., 2006 U.S. Dist. LEXIS 48554 at *6n1 (July 17, 2006). Thus, the Congressional intent behind the PPA remains undisturbed, despite the passage of CAFA.

private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers of the burden of representative actions." Ellis v. Edward D. Jones & Co., L.P., 527 F. Supp. 2d 439 (W.D. Pa 2007) (citations omitted).

Finding that undermining the Congressional intent behind the construction of §216(b) of the FLSA was a "compelling reason" pursuant to 28 U.S.C. §1367(c)(4), the Court declined to exercise supplemental jurisdiction over the state law causes of action and dismissed plaintiff's NJWHL and NJWPL claims.  Joseph, supra, 2011 U.S. Dist. LEXIS 79478 at 19.  See also Michelon v. FM Home Improvement, Inc., 2010 U.S. Dist. LEXIS 93425 (D.N.J. September 8, 2010) (finding the "conflict" between the "opt-in" and "opt-out" provisions provided a compelling reason to decline exercising supplemental jurisdiction); Barnello v. AGC Chemicals Americas, Inc., 2009 U.S. Dist. LEXIS 6410 (D.N.J. January 29, 2009) (finding state law claims could not proceed with collective action under FLSA because "[a]llowing Plaintiffs to engage in this tactic would defeat a "crucial policy decision" of the FLSA, namely Congress's intent to avoid opt-out collective actions in favor of the opt-in requirement.")

Similarly, this Court should decline to exercise jurisdiction over and dismiss plaintiffs' state law claims.  As in Joseph, here, plaintiffs' FLSA claims and NJWHL and NJWPL claims are based on the same alleged facts, that is that Defendants failed to pay them proper overtime compensation.  However, allowing Plaintiffs to create both a class action and a collective action based on this allegation would undermine the purpose of §216(b), namely to limit these types of actions to include only those plaintiffs who affirmatively "opt-in" to the suit.  Therefore, this Court should find that preserving the intended aim of this section of the FLSA is a "compelling reason" to decline to exercise supplemental jurisdiction over plaintiffs' state law claims and dismiss the same.

13

E. **THIS COURT SHOULD DISMISS THE STATE LAW CLAIMS AS THEY ARE PREEMPTED BY THE FEDERAL ACTION UNDER THE FAIR LABOR STANDARDS ACT**

A federal statute can either explicitly provide that it preempts a particular state law or such preemption can be implied. Int'l Paper Co. v. Ouellette, 479 U.S. 481, 491 (1987). Preemption may be implied "when the federal legislation is 'sufficiently comprehensive to make reasonable the inference that Congress 'left no room' for supplementary state regulation.' In addition to express or implied pre-emption, a state law also is invalid to the extent that it 'actually conflicts with a . . . federal statute.'" Ibid. (citations omitted). The Supreme Court has held that such "conflict preemption" exists when "'compliance with both federal and state regulations is a physical impossibility,' or where state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress,'" Gade v. National Solid Wastes Management Ass'n, 505 U.S. 88, 98 (1992)(citations omitted).

In Kelly v. Borough of Union Beach, 2011 U.S. Dist. LEXIS 12839 at *5 (D.N.J. February 8, 2011), the District Court of New Jersey discussed the doctrine of preemption. The Court noted that it is rooted in the Supremacy Clause of our Constitution, which reads, "the 'Constitution, and the Laws of the United States which shall be made in Pursuance hereof . . . shall be the supreme Law of the Land.'" Ibid. at *5-6 (quoting U.S. Const. Art. VI, cl. 2). The Court found that the following were three situations in which preemption would be deemed appropriate:

> (1) "express" preemption, applicable when Congress has expressed its intent to preempt state law; (2) "field" preemption, applicable when Congress has manifested its intent to preempt state law through pervasive regulation or where a federal interest is dominant enough to preclude state enforcement; and (3) "conflict" preemption, applicable when a state law must be nullified insofar as it conflicts with federal law.

Id. at *5-6.

In <u>Kelly</u>, the District Court held that plaintiff's state common law claims were preempted by the FLSA, and dismissed them accordingly. <u>Id</u>. at *8. The Court found that all claims arising out of the plaintiff's cause of action for nonpayment of compensatory time were based on the same facts, Defendant's nonpayment. <u>Ibid</u>. As such, the Court found that, in that case, the "field" preemption applied as the FLSA had a "sufficiently comprehensive remedial provision" to apply to the case. <u>Id</u>. at *6-8. <u>See also</u> <u>Shakib v. Back Bay Rest. Group, Inc.</u>, 2011 U.S. Dist. LEXIS 112614 at (D.N.J. September 30, 2011) (finding that a retaliation claim brought pursuant to <u>Pierce v. Ortho Pharm. Corp.</u>, 84 N.J. 58 (1980) is preempted by plaintiff's retaliation claim under §215 of the FLSA as it arises out of the same set of facts).

In <u>Ellis v. Edward D. Jones & Co., L.P.</u>, the District Court for the Western District of Pennsylvania found that there was support among the case law "for the proposition that, so long as the common law claims are grounded on the same facts as the FLSA claims and are therefore 'duplicative,' Plaintiffs' sole remedy lies with the FLSA." 527 F. Supp. 2d 439, 454 (W.D. Pa 2007). In that case, using the conflict preemption analysis, the District Court dismissed many of the Plaintiffs' state law claims, including those for unpaid overtime wages. <u>Id</u>. at 452-54. The Court held that the prosecution of both claims together would frustrate the Congressional intent of the FLSA "opt-in" provision, and, thus dismissed the state law claims "to avoid this impermissible conflict." <u>Ibid</u>. <u>See also</u> <u>Bell v. Citizen Fin. Group, Inc.</u>, 2011 U.S. Dist. LEXIS 64629 at *13-14 (W.D. Pa. June 6, 2011) (finding "that the incompatibility between the opt-in collective action and the opt-out class action is such that the plaintiffs' Rule 23 claims cannot proceed as class actions in so far as they overlap with their FLSA claims.")

In <u>Ellis</u>, the plaintiffs filed their claims in various U.S. District Courts, seeking recovery of unpaid overtime compensation pursuant to both federal and state wage and hour laws. <u>Id</u>. at

440-41. The Court noted the discord between the FLSA "opt-in" collective action and the Rule 23 "opt-out" class action, as similarly detailed in the prior sections. Id. at 440-41. The Court found that depending on the choice of action, one could represent a group significantly larger under Rule 23 than one under the FLSA. Id. at 444. The Court noted the Congressional goals behind the PPA and the amending of §216(b) of the FLSA were "to limit private FLSA claims to those affirmatively asserted by affected employees 'in their own right,' and to 'free[] employers of the burden of representative actions.'" Id. at 451 (citations omitted). The Court held that "[a]llowing Plaintiffs to 'circumvent the [FLSA] opt-in requirement and bring unnamed parties into federal court by calling upon state statutes similar to the FLSA would undermine Congress's intent to limit these types of claims to collective actions.'" Id. at 451-52 (citations omitted).

Here, as in the cases above, the claims under both federal and state laws are based on the same factual allegations. All counts are supported by the same assertion, that "Defendants failed to pay Plaintiffs any overtime compensation..." As such, Plaintiffs are attempting to have this Court permit them to evade the requirements of an "opt-in" collective action under FLSA, by bringing an identical suit in the same court as a class action under Rule 23. Accordingly, this Court should find that the FLSA collective action preempts the state law wage and hour class action, as the latter is inherently incompatible to the former and undermines the clear Congressional intent behind it, that is to limit the number of "opt-in" plaintiffs to those who affirmatively request that their claim be adjudicated in an action led by these particular plaintiffs.

16

IV.    **CONCLUSION**

For the foregoing reasons, it is respectfully requested that the Court grants Defendants'

Motion dismissing and/or striking the state law claims from Plaintiffs' Complaint.

Respectfully submitted,

COOPER LEVENSON APRIL
NIEDELMAN & WAGENHEIM, P.A.

By:/s/ Alyson M. Tomljenovic
        Alyson M. Tomljenovic, Esquire
        Attorney for Defendants, South Jersey Sanitation
        Company, Inc. *and* Anthony Colarsurdo

DATED:  NOVEMBER 1, 2011

CLAC 1568758.1

17

# E X H I B I T  "A"

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Javier Alavez-Lopez<br>770 N. Egg Harbor Road<br>Hammonton, NJ 08037<br><br>   Plaintiff<br><br>   v.<br><br>South Jersey Sanitation Co., Inc.<br>9th and Egg Harbor Road<br>Hammonton, NJ 08037<br>  or<br>253 N. White Horse Pike<br>Hammonton, NJ 08037<br><br>  and<br><br>Anthony Colarsurdo, Owner<br>c/o South Jersey Sanitation Co., Inc.<br>9th and Egg Harbor Road<br>Hammonton, NJ 08037<br>  or<br>253 N. White Horse Pike<br>Hammonton, NJ 08037<br><br>  Defendants | CIVIL ACTION<br><br>No. _____ |

## CIVIL ACTION COMPLAINT

Plaintiff, Javier Alavez-Lopez ("Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.    This action arises about of Defendants' violations of the Fair Labor Standards Act ("FLSA") and New Jersey Wage & Hour Laws.  Plaintiff asserts that Defendants intentionally failed to pay Plaintiff overtime compensation earned while in the employ of Defendants.

## JURISDICTION AND VENUE

2.      The instant action is initiated pursuant to violations of the FLSA, 29 U.S.C. §201

*et seq.*  This Court may properly maintain personal jurisdiction over Defendants because their

contacts with this state and this judicial district are sufficient for the exercise of such jurisdiction

to comply with traditional notions of fair play and substantial justice.

3.      This Court may properly exercise original subject matter jurisdiction over the

instant action pursuant to 28 U.S.C. §1331 because the instant action arises under the laws of the

United States and seeks redress for violations of a federal law.

4.      This Court may also maintain supplemental jurisdiction over Plaintiff's state law

claims pursuant to 28 U.S.C. §1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure,

because they are sufficiently related to the claim(s) within the Court's original jurisdiction that

they form part of the same case or controversy.

5.      Pursuant to 28 U.S.C. §1391, venue is properly laid in this judicial district

because Defendants conduct substantial, systematic, and continuous activity in this judicial

district, and because a substantial part and/or all of the actions alleged herein took place in this

judicial district.

## PARTIES

6.      The foregoing paragraphs are incorporated herein as if set forth in their entirety.

7.      Plaintiff is an adult individual with an address as set forth in the caption.

8.      Defendant South Jersey Sanitation Co., Inc. ("Defendant Sanitation Co."), upon

information and belief, is a New Jersey corporation and conducts business within the state of

New Jersey.

9.      Defendant Anthony Colarsurdo ("Defendant Colarsurdo"), upon information and

belief, is the Owner of Defendant Sanitation Co. and is responsible for overseeing and approving payroll for Defendant Sanitation Co.

10.    Defendant Sanitation Co. and Defendant Colarsurdo shall be collectively referred to herein as "Defendants."

11.    John Does 1-10, whose identities and addresses are presently unknown to Plaintiff, are individuals who are responsible for overseeing and approving payroll for Defendant Sanitation Co.

12.    XYZ Corporations 1-10, whose identities and addresses are presently unknown to Plaintiff, are alter egos of Defendant Sanitation Co.

13.    At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## **FACTUAL BACKGROUD**

14.    The foregoing paragraphs are incorporated herein as if set forth in their entirety.

15.    Defendant Sanitation Co. is a vendor for many municipalities, engaged to pick up the trash of the residents of the municipalities.

16.    Plaintiff worked for Defendants from in or about April 2004 through on or about May 21, 2010.

17.    Plaintiff worked for Defendants as a laborer, riding on the back of trash trucks to pick up trash.

18.    Defendants required that Plaintiff begin his workday at 5:00 a.m.

19.    Defendants required that Plaintiff not end his workday until all trash on Plaintiff's route was picked up; this required that Plaintiff work until approximately 6:00 p.m. each

workday.

20.     Defendants required that Plaintiff work Monday through Friday each workweek.

21.     To the extent Defendants permitted Plaintiff to take a break during the workday, Defendants permitted Plaintiff to take a hurried lunch breach of about 15 to 20 minutes.

22.     Plaintiff worked for Defendants, on average, 13 hour days (from 5:00 a.m. to approximately 6:00 p.m., with a hurried and short break for lunch).

23.     For each workday that Plaintiff worked, Defendants paid Plaintiff only $95, so that Defendants paid Plaintiff only $475 per workweek for approximately 75 hours of manual labor.

24.     Plaintiff was a non-exempt employee within the meaning of the FLSA and the New Jersey Wage and Hour laws.

25.     Defendants knew that Plaintiff was a non-exempt employee within the meaning of the FLSA and the New Jersey Wage and Hour laws.

26.     Defendants failed to pay Plaintiff any overtime compensation (compensation at the rate of 1.5 times Plaintiff's regular rate of pay) for the hours that he worked in excess of 40 each workweek.

27.     Defendant Colarsurdo made the decision(s) not to pay Plaintiff the overtime compensation due him.

28.     Plaintiff last performed services for Defendants on May 21, 2010.

### COUNT I
### Violations of the Fair Labor Standards Act (29 U.S.C. § 206)
### (Failure to Pay Overtime Wages)

29.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

30.     At all times relevant herein, Defendants have and continue to be an "employer"

Case 1:10-cv-05647-KMW-DJS   Document 22   Filed 10/26/10   Page 5 of 7 PageID: 5

within the meaning of the FLSA.

31.     At all times relevant herein, Plaintiff was employed by Defendants as an "employee" within the meaning of the FLSA.

32.     The FLSA requires covered employers, such as Defendants, to minimally compensate employees, such as Plaintiff, 1.5 times the employees' regular rate of pay for each hour that the employees work over 40 in a workweek.

33.     Defendants failed to pay Plaintiff any overtime compensation whatsoever, let alone 1.5 times Plaintiff's regular rate of pay for each hour that he worked over 40 each workweek.

34.     As a result of Defendants' failure to pay Plaintiff the overtime compensation due him, Defendants have violated and continue to violate the FLSA.

**COUNT II**
**<u>Violations of the New Jersey Wage & Hour Law</u>**
**(Failure to Pay Overtime Wages)**

35.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

36.     At all times relevant herein, Defendants have and continue to be an "employer" within the meaning of the New Jersey Wage & Hour Laws.

37.     At all times relevant herein, Plaintiff was employed by Defendants as an "employee" within the meaning of the New Jersey Wage & Hour Laws.

38.     The New Jersey Wage & Hour Laws require covered employers, such as Defendants, to minimally compensate employees, such as Plaintiff, 1.5 times the employees' regular rate of pay for each hour that the employees work over 40 in a workweek.

39.     Defendants failed to pay Plaintiff any overtime compensation whatsoever, let alone 1.5 times Plaintiff's regular rate of pay for each hour that he worked over 40 each

workweek.

40.    As a result of Defendants' failure to pay Plaintiff the overtime compensation due

him, Defendants have violated and continue to violate the New Jersey Wage & Hour Laws.

**COUNT III**
**Violations of the New Jersey Wage Payment Law**
**(Unpaid Wages)**

41.    The foregoing paragraphs are incorporated herein as if set forth in their entirety.

42.    Defendants failed to pay Plaintiff any overtime compensation for the hours he

worked in excess of 40 each workweek.

43.    The aforesaid actions constitute violations of the New Jersey Wage Payment Law.

44.    As the individual who made the decision(s) not to pay Plaintiff, Defendant

Colarsurdo is individually liable for the aforesaid violations.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court enter an Order providing that:

A.    Defendants are to compensate Plaintiff, and/or otherwise make Plaintiff whole for

any and all compensation Plaintiff would have received had it not been for Defendants' illegal

actions;

B.    Plaintiff is to be awarded liquidated damages, as permitted by applicable law, in

an amount believed by the Court or trier of fact to be appropriate given Defendants' willful,

deliberate, malicious, and outrageous conduct, and to deter Defendants and other employers from

engaging in such misconduct in the future;

C.    Plaintiff is to be accorded any and all other equitable and legal relief as the Court

deems just, proper, and appropriate;

      D.     Plaintiff is to be awarded the costs and expenses of this action, prejudgment interest, and reasonable attorney's fees as provided by applicable federal and state law;

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

*/s/ Richard S. Swartz*
Richard S. Swartz
1878 Marlton Pike East, Suite 10
Cherry Hill, NJ 08003
856-685-7420
Attorneys for Plaintiff

Dated: October 29, 2010

JS 44 (Rev. 12/07) Case 1:10-cv-05647-KMW Document 1 Filed 10/29/10 Page 1 of 1 PageID: 8

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Javier Alavez-Lopez | South Jersey Sanitation Co., Inc., et al. |

(b) County of Residence of First Listed Plaintiff   Camden

County of Residence of First Listed Defendant   Camden

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

Swartz Swidler, LLC 1878 Marlton Pike E., Suite 10
Cherry Hill, NJ 08003
856-685-7420 phone
rswartz@swartz-legal.com

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1   U.S. Government Plaintiff
☒ 3   Federal Question (U.S. Government Not a Party)
☐ 2   U.S. Government Defendant
☐ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | PERSONAL PROPERTY | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☒ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | IMMIGRATION | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Violation of FLSA adn NJ Wage & Hour laws

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S)
(See instructions)

JUDGE

DOCKET NUMBER

Explanation:

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 10/28/2010 | /s/Richard S. Swartz |

# E X H I B I T  "B"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JAVIER ALAVEZ-LOPEZ, ANTONIO HERNANDEZ, WILLIAM TOVILLA, ALEJANDRO CONSTANTINO, ANTONIO GUTIERREZ, MARCO ANTONIO ORTEGA, LAZARO CORTEZ, ARMANDO CRUZ, JULIO TERAN, ERISAEL CRUZ JIMENEZ, YIMI HERNANDEZ, JOGLE HERNANDEZ, CAMERINO MARTINEZ, LUIS SANCHEZ, EMILIANO CRUZ, on behalf of themselves and those similarly situated.<br><br>    PLAINTIFFS<br><br>    v.<br><br>SOUTH JERSEY SANITATION CO., INC.<br>9th and Egg Harbor Road<br>Hammonton, NJ 08037<br>    or<br>253 N. White Horse Pike<br>Hammonton, NJ 08037<br><br>    and<br><br>ANTHONY COLARSURDO, owner<br>c/o South Jersey Sanitation Co., Inc.<br>9th and Egg Harbor Road<br>Hammonton, NJ 08037<br>    or<br>253 N. White Horse Pike<br>Hammonton, NJ 08037<br><br>    DEFENDANTS | CIVIL ACTION<br><br>No. _____<br><br><br>**SECOND AMENDED COMPLAINT -**<br>**COLLECTIVE AND CLASS ACTION**<br>**COMPLAINT** |

## SECOND AMENDED CIVIL ACTION COMPLAINT
## COLLECTIVE AND CLASS ACTION

Plaintiffs Javier Alavez-Lopez, Antonio Hernandez, Tovilla William, Alejandro

Constantino, Lazaro Cortez, Armando Cruz, Julio Teran, Erisael Cruz Jimenez, Yimi Hernandez,

Jogle Hernandez, Camerino Martinez, Luis Sanchez, Emiliano Cruz, and Antonio Gutierrez, on

behalf of themselves and those similarly situated (hereinafter collectively "Plaintiffs"), by and through their undersigned counsel, hereby aver as follows:

## INTRODUCTION

1.      This action arises about of Defendants' violations of the Fair Labor Standards Act ("FLSA") and New Jersey Wage & Hour Laws.  Plaintiffs and those similarly situated assert that Defendants intentionally failed to pay them overtime compensation earned while in the employ of Defendants.

## JURISDICTION AND VENUE

2.      The instant action is initiated pursuant to violations of the FLSA, 29 U.S.C. §201 *et seq.*  This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of such jurisdiction to comply with traditional notions of fair play and substantial justice.

3.      This Court may properly exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §1331 because the instant action arises under the laws of the United States and seeks redress for violations of a federal law.

4.      This Court may also maintain supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure, because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

5.      This Court has original subject matter jurisdiction over Plaintiffs' state law class claims pursuant to the Class Action Fairness Act of 2005 because at least one putative class member working in New Jersey is a citizen of a state other than the state which South Jersey Sanitation is a citizen of, the class consists of more than 100 class members, and the amount in

controversy in the instant action well exceeds five million dollars.

6.      Pursuant to 28 U.S.C. §1391, venue is properly laid in this judicial district because Defendants conduct substantial, systematic, and continuous activity in this judicial district, and because a substantial part and/or all of the actions alleged herein took place in this judicial district.

## PARTIES

7.      The foregoing paragraphs are incorporated herein as if set forth in their entirety.

8.      Plaintiff Javier Alavez-Lopez ("Plaintiff Alavez-Lopez") is an adult individual with an address located at 770 N. Egg Harbor Road, Hammonton, NJ 08037.

9.      Plaintiff Antonio Hernandez ("Plaintiff Antonio Hernandez") is an adult individual with an address located at 110 S. 2nd Street, Hammonton, NJ 08037.

10.     Plaintiff William Tovilla ("Plaintiff Tovilla") is an adult individual with an address located at 230 23rd Avenue, Elwood, NJ 08217.

11.     Plaintiff Alejandro Constantino ("Plaintiff Constantino") is an adult individual with an address located at 107 Peach Street, Hammonton, NJ 08037.

12.     Plaintiff Antonio Gutierrez ("Plaintiff Gutierrez") is an adult individual with an address located at 239 South First Rd, Apt. A, Hammonton, NJ 08037.

13.     Plaintiff Marco Antonio Ortega ("Plaintiff Ortega") is an adult individual with an address located at [#] Bellvue Ave., Apt. 4, Hammonton, NJ.

14.     The following additional Plaintiffs joined and opted-in to the above lawsuit subsequent to its initial filing: Lazaro Cortez, Armando Cruz, Julio Teran, Erisael Cruz Jimenez, Yimi Hernandez. Jogle Hernandez, Camerino Martinez, and Luis Sanchez ("Opt-In Plaintiffs.")

15.     Plaintiff Lazaro Cortez ("Plaintiff Cortez") is an adult individual with an

addressed located at 729 Quince St., Vineland, NJ 08360.

16.     Plaintiff Armando Cruz ("Plaintiff Armando Cruz") is an adult individual with an address located at 313 S. 3rd St., Apt. 2, Vineland, NJ 08360.

17.     Plaintiff Emiliano Cruz ("Plaintiff Emiliano Cruz") is an adult individual with an address located at 313 S. 3rd St., Apt. 2, Vineland, NJ 08360.

18.     Plaintiff Julio Teran ("Plaintiff Teran") is an adult individual with an address located at 1008 N. Chew Road, Hammonton, NJ 08037.

19.     Plaintiff Yimi Hernandez ("Plaintiff Yemi Hernandez") is an adult individual with an address located at 4092 W. Adams Cir., Hammonton NJ 08037.

20.     Plaintiff Jogle Hernandez ("Plaintiff Jogle Hernandez") is an adult individual with an address located at 26 22nd Road, Hammonton, NJ.

21.     Plaintiff Camerino Martinez ("Plaintiff Martinez") is an adult individual with an address located at 162 Broadway, Hammonton, NJ.

22.     Plaintiff Luis Sanchez ("Plaintiff Sanchez") is an adult individual with an address located at 1008 N. Chew Rd., Hammonton, NJ.

23.     Defendant South Jersey Sanitation Co., Inc. ("Defendant Sanitation Co."), upon information and belief, is a New Jersey corporation and conducts business within the state of New Jersey.

24.     Defendant Anthony Colarsurdo ("Defendant Colarsurdo"), upon information and belief, is the Owner of Defendant Sanitation Co. and is responsible for overseeing and approving payroll for Defendant Sanitation Co.

25.     Defendant Sanitation Co. and Defendant Colarsurdo shall be collectively referred to herein as "Defendants."

26.     John Does 1-10, whose identities and addresses are presently unknown to Plaintiff, are individuals who are responsible for overseeing and approving payroll for Defendant Sanitation Co.

27.     XYZ Corporations 1-10, whose identities and addresses are presently unknown to Plaintiff, are alter egos of Defendant Sanitation Co.

28.     At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUD

29.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

30.     Defendant Sanitation Co. is a vendor for many municipalities, engaged to pick up the trash of the residents of the municipalities.

31.     Plaintiff Alavez-Lopez worked for Defendants from in or about April 2004 through on or about May 21, 2010.

32.     Plaintiff Antonio Hernandez began working for Defendants in or about September 2004, continues to work for Defendants through the present and, assuming Defendants do not unlawfully retaliate against him for joining in this lawsuit, will continue working for Defendants into the foreseeable future.

33.     Plaintiff Tovilla began working for Defendants in or about 2003, continues to work for Defendants through the present and plans to continue working for Defendants into the foreseeable future.

34.     Plaintiff Constantino began working for Defendants in or about 2003, continues to work for Defendants through the present and plans to continue working for Defendants into the

foreseeable future.

35.     Plaintiff Gutierrez began working for Defendants in or about 2008, continues to work for Defendants through the present and plans to continue working for Defendants into the foreseeable future.

36.     Plaintiff Ortega began working for Defendants in or about July 2010, continues to work for Defendants through the present and plans to continue working for Defendants into the foreseeable future.

37.     Plaintiff Cortez began working for Defendants in or about 2003, continues to work for Defendants through the present and plans to continue working for Defendants into the foreseeable future.

38.     Plaintiff Armando Cruz began working for Defendants in or about March 2010, continues to work for Defendants through the present and plans to continue working for Defendants into the foreseeable future.

39.     Plaintiff Julio Teran began working for Defendants in or about 2005, continues to work for Defendants through the present and plans to continue working for Defendants into the foreseeable future.

40.     Plaintiff Yimi Hernandez began working for Defendants in or about 2004, continues to work for Defendants through the present and plans to continue working for Defendants into the foreseeable future.

41.     Plaintiff Jogle Hernandez began working for Defendants in or about 2008, continues to work for Defendants through the present and plans to continue working for Defendants into the foreseeable future.

42.     Plaintiff Camerino Martinez began working for Defendants in or about 2001,

continues to work for Defendants through the present and plans to continue working for Defendants into the foreseeable future.

43.     Plaintiff Luis Sanchez began working for Defendants in or about 2005, continues to work for Defendants through the present and plans to continue working for Defendants into the foreseeable future.

44.     Plaintiff Emiliano Cruz also works for Defendants and plans to continue working for Defendants into the foreseeable future.

45.     Plaintiffs worked for Defendants as laborers, riding on the back of trash trucks to pick up trash.

46.     Defendants required that Plaintiffs begin their workday at 5:00 a.m.

47.     Defendants required that Plaintiffs not end their workday until all trash on their respective routes was picked up; this required that Plaintiffs work until approximately 6:00 p.m. each workday.

48.     Defendants required that Plaintiffs work Monday through Friday each workweek.

49.     To the extent Defendants permitted Plaintiffs to take a break during the workday, Defendants permitted Plaintiffs to take a hurried lunch breach of about 15 to 20 minutes.

50.     Plaintiffs work and/or worked for Defendants, on average, 13 hour days (from 5:00 a.m. to approximately 6:00 p.m., with a hurried and short break for lunch).

51.     For each workday that Plaintiff Alvarez-Lopez worked, Defendants paid Mr. Alvarez-Lopez only $95, so that Defendants paid Plaintiff Alvarez-Lopez only $475 per workweek for approximately 65 hours of manual labor.

52.     For each workday that Plaintiff Antonio Hernandez worked and continues to work, Defendants pay Plaintiff Antonio Hernandez only $100 (Defendants initially paid him $85

per workday; in 2008, Defendants began paying him $90 per workday; in 2009, Defendants began paying him $95 per workday; and in 2010, Defendants began paying him $100 per workday), so that Defendants currently pay Plaintiff Hernandez only $500 per workweek for approximately 65 to 70 hours of manual labor.

53.    For each workday that Plaintiff Tovilla worked and continues to work, Defendants pay Plaintiff Tovilla only $95 (Defendants initially paid him $85 per workday; in 2005, Defendants began paying him $90 per workday; in 2009, Defendants began paying him $95 per workday), so that Defendants currently pay Plaintiff Tovilla only $475 per workweek for approximately 65 hours of manual labor.

54.    For each workday that Plaintiff Constantino worked and continues to work, Defendants pay Plaintiff Constantino only $95 (Defendants initially paid him $80 per workday, gave him a raise approximately every two years, and two years ago, began paying him $95 per workday), so that Defendants currently pay Plaintiff Constantino only $475 per workweek for approximately 65 hours of manual labor.

55.    For each workday that Plaintiff Gutierrez worked and continues to work, Defendants pay Plaintiff Gutierrez only $95 (Defendants initially paid him $85 per workday, and approximately one and a half years after, began paying him $95 per workday), so that Defendants currently pay Plaintiff Gutierrez only $475 per workweek for approximately 65 hours of manual labor.

56.    For each workday that Plaintiff Ortega worked and continues to work, Defendants pay Plaintiff Ortega only $90, so that Defendants currently pay Plaintiff Ortega only $450 per workweek for approximately 65 hours of manual labor.

57.    For each workday that Plaintiff Lazaro Cortez worked and continues to work,

Defendants pay Plaintiff Lazaro Cortez only $100 (Defendants paid him $90 per workday in 2007; in 2008, Defendants began paying him $95 per workday; in 2009, Defendants began paying him $95 per workday; and in 2010, Defendants began paying him $100 per workday), so that Defendants currently pay Plaintiff Cortez only $500 per workweek for approximately 65 to 70 hours of manual labor.

58.     For each workday that Plaintiff Armando Cruz worked and continues to work, Defendants pay Plaintiff Ortega only $85, so that Defendants currently pay Plaintiff Armando Cruz only $425 per workweek for approximately 65 hours of manual labor.

59.     For each workday that Plaintiff Teran worked and continues to work, Defendants pay Plaintiff Teran only $95 (Defendants initially paid him $85 per workday, and approximately one and a half years after, began paying him $95 per workday), so that Defendants currently pay Plaintiff Gutierrez only $475 per workweek for approximately 65 hours of manual labor.

60.     For each workday that Plaintiff Yimi Hernandez worked and continues to work, Defendants pay Plaintiff Yimi Hernandez only $90, so that Defendants currently pay Plaintiff Yimi Hernandez only $450 per workweek for approximately 65 hours of manual labor.

61.     For each workday that Plaintiff Jogle Hernandez worked and continues to work, Defendants pay Plaintiff Yimi Hernandez only $90 (Defendants initially paid him $85 per workday, and approximately one and a half years after, began paying him $90 per workday), so that Defendants currently pay Plaintiff Yimi Hernandez only $450 per workweek for approximately 65 hours of manual labor.

62.     For each workday that Plaintiff Camarino Martinez worked and continues to work, Defendants pay Plaintiff Camarino Martinez only $95 (Defendants paid him $90 per workday in 2007; in 2008, Defendants began paying him $95 per workday), so that Defendants

currently pay Plaintiff Hernandez only $475 per workweek for approximately 65 hours of manual labor.

63.    For each workday that Plaintiff Luis Sanchez worked and continues to work, Defendants pay Plaintiff Sanchez only $100 (Defendants paid him $90 per workday in 2007; in 2008, Defendants began paying him $95 per workday; in 2009, Defendants began paying him $95 per workday; and in 2010, Defendants began paying him $100 per workday), so that Defendants currently pay Plaintiff Sanchez only $500 per workweek for approximately 65 to 70 hours of manual labor.

64.    For each workday that Plaintiff Emiliano Cruz worked, Defendant pays Plaintiff Cruz a single daily rate that fails to account and pay for overtime wages.

65.    Plaintiffs and those similarly situated are non-exempt employees within the meaning of the FLSA and the New Jersey Wage and Hour laws.

66.    Defendants knew that Plaintiffs and those similarly situated are and were non-exempt employees within the meaning of the FLSA and the New Jersey Wage and Hour laws.

67.    Defendants failed to pay Plaintiffs and those similarly situated any overtime compensation (compensation at the rate of 1.5 times their regular rate of pay) for the hours that they worked in excess of 40 each workweek.

68.    Defendant Colarsurdo makes, and at all relevant times has made, the decisions not to pay Plaintiffs the overtime compensation due them.

69.    Defendants additionally failed to pay the minimum wage for all Plaintiffs who's daily pay rate was less than $94.25, i.e., the named plaintiffs Armando Cruz, Yimi Hernandez, and Jogle Hernandez.

70.    Additionally, assuming Defendants were in fact paying a regular rate of pay for

all hours worked under 40 and one and one half times the regular rate of pay for all hours worked over 40, Defendants failed to pay the minimum wage for all employees paid in this manner. By way of example, for the Plaintiffs who made the maximum daily rate of $100 per day, they would have been paid a rate of $6.45 per hour for the first 40 hours per week ($259) and $9.67 per hour for the additional 25 hours per week worked over 40 hours ($241).

71.    Plaintiff Alvarez-Lopez last performed services for Defendants on May 21, 2010.

72.    Plaintiffs Antonio Hernandez, Tovilla, Constantino, Gutierrez, Ortega, Cortez, Armando Cruz, Emiliano Cruz, Teran, Yimi Hernandez, Jogle Hernandez, Martinez, and Sanchez continue to work for Defendants to date, and absent unlawful retaliation by Defendants will continue to work for Defendants into the foreseeable future.

## FLSA COLLECTIVE ACTION ALLEGATIONS

73.    The foregoing paragraphs are incorporated herein as if set forth in their entirety.

74.    Defendants intentionally failed to pay its laborers any overtime compensation for the hours they worked in excess of 40 each workweek.

75.    Members of the FLSA class, which include all current and former laborers who worked on trash trucks for Defendants, are similarly situated to the named Plaintiffs.

76.    Members of the FLSA class have substantially similar job requirements, and were subject to a common practice, policy, or plan that requires them to perform uncompensated work for the benefit of the Defendants in excess of 40 hours each workweek.

77.    There are numerous similarly situated current and former employees of Defendants who were uncompensated for overtime work in violation of FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

78.     Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

79.     Therefore, Plaintiffs should be permitted to bring this action as a collective action for and in behalf of themselves and those employees similarly situated, pursuant to the "opt-in" provisions of 29 U.S.C. § 216(b).

## RULE 23 NEW JERSEY CLASS ACTION ALLEGATIONS

80.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

81.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, named Plaintiffs bring their claim for relief to redress Defendants' violations of the New Jersey Wage and Hour Law and the New Jersey Wage Payment Law on behalf of themselves and those similarly situated.

82.     Specifically, named Plaintiffs seek to represent a class of all present and former employees of Defendants who worked for Defendants as laborers on trash trucks.

83.     The proposed class is so numerous that the joinder of all class members is impracticable. Plaintiffs do not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is likely to number in the hundreds.

84.     Plaintiffs' claims are typical of the claims of members of the class, because Plaintiffs, like all class members, were/are employees of Defendants whom Defendants required to work more than 40 hours per workweek and then failed to pay overtime wages as required by New Jersey Wage and Hour Law and New Jersey Wage Payment Law.

85.     Plaintiffs will fairly and adequately protect the interests of the class because Plaintiffs' interests are coincident with, and not antagonistic to, those of the class. Plaintiffs have

retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

86.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendants' records.

87.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants. Furthermore, the amount at stake for individual class members, though substantial, may not great enough to enable all of the individual class members to maintain separate actions against Defendants.

88.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class is whether Defendants required Plaintiffs to work more than 40 hours per workweek without paying them overtime compensation as required under the law for hours they worked in excess of 40 a workweek.

89.     Damages for back wages due to class members are likely to range from $10,000 to $70,000 and average $50,000 per class member.

90.     This Court has original jurisdiction over Plaintiffs' state law class claims pursuant to the Class Action Fairness Act of 2005, because at least one putative class member is a citizen of a state other than the state which South Jersey Sanitation is a citizen of, the class consists of

more than 100 class members, and the amount in controversy in the instant action well exceeds five million dollars.

91.     This Court has supplemental jurisdiction over Plaintiffs' state law class claims because these claims arise out of the same case or controversy as Plaintiffs' federal claims.

## COUNT I
### Violations of the Fair Labor Standards Act (29 U.S.C. § 206)
### (Failure to Pay Overtime Wages)

92.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

93.     At all times relevant herein, Defendants have and continue to be an "employer" within the meaning of the FLSA.

94.     At all times relevant herein, Plaintiffs were employed by Defendants as an "employee" within the meaning of the FLSA.

95.     The FLSA requires covered employers, such as Defendants, to minimally compensate employees, such as Plaintiffs, 1.5 times the employees' regular rate of pay for each hour that the employees work over 40 in a workweek.

96.     Defendants failed to pay Plaintiffs any overtime compensation whatsoever, let alone 1.5 times Plaintiffs' regular rate of pay for each hour that they worked over 40 each workweek.

97.     As a result of Defendants' failure to pay Plaintiffs the overtime compensation due him, Defendants have violated and continue to violate the FLSA.

## COUNT II
### Violations of the New Jersey Wage & Hour Law
### (Failure to Pay Overtime Wages)

98.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

99.     At all times relevant herein, Defendants have and continue to be an "employer"

within the meaning of the New Jersey Wage & Hour Laws.

100.    At all times relevant herein, Plaintiffs were employed by Defendants as an "employee" within the meaning of the New Jersey Wage & Hour Laws.

101.    The New Jersey Wage & Hour Laws require covered employers, such as Defendants, to minimally compensate employees, such as Plaintiffs, 1.5 times the employees' regular rate of pay for each hour that the employees work over 40 in a workweek.

102.    Defendants failed to pay Plaintiffs any overtime compensation whatsoever, let alone 1.5 times Plaintiffs' regular rate of pay for each hour that they worked over 40 each workweek.

103.    As a result of Defendants' failure to pay Plaintiffs the overtime compensation due them, Defendants have violated and continue to violate the New Jersey Wage & Hour Laws.

## COUNT III
### Violations of the New Jersey Wage Payment Law
### (Unpaid Wages)

104.    The foregoing paragraphs are incorporated herein as if set forth in their entirety.

105.    Defendants failed to pay Plaintiffs any overtime compensation for the hours they worked in excess of 40 each workweek.

106.    The aforesaid actions constitute violations of the New Jersey Wage Payment Law.

107.    As the individual who made the decision(s) not to pay Plaintiffs, Defendant Colarsurdo is individually liable for the aforesaid violations.

## COUNT IV
### Violations of the Fair Labor Standards Act (29 U.S.C. § 206)
### (Failure to pay minimum wages)
### (Plaintiffs Armando Cruz, Yimi Hernandez, and Jogle Hernandez and those similarly situated)

108.    The foregoing paragraphs are incorporated herein as if set forth in their entirety.

109.    The FLSA requires employers to pay employees the federal minimum wage, currently set at $7.25 per hour.

110.    Defendants failed to pay Plaintiffs making less than $95 a day the minimum wage, as they were required to work approximately 13 hours per day and were therefore paid less than $7.25 per hour.

111.    As a result of Defendants failure to pay the minimum wage to these Plaintiffs, Defendants have violated the FLSA.

**COUNT V**
**Violations of the Fair Labor Standards Act (29 U.S.C. § 206)**
**(Failure to pay minimum wages)**
**(All Plaintiffs and those similarly situated)**

112.    The foregoing paragraphs are incorporated herein as if set forth in their entirety.

113.    If Defendants' pay practices are understood as paying a regular rate of pay for the first 40 hours worked, and a premium time-and-a-half rate of pay for hours worked over 40, Defendants failed to pay all plaintiffs the minimum wage for all hours worked up to 40.

114.    Specifically, since the highest amount any plaintiff was paid was $100 a day for 13 hours of work, or $500 a week for 65 hours per work, the regular rate of pay for the first 40 hours would be $6.45 per hour, and the overtime rate for the following 25 hours would be $9.68. At the daily rate of $95, the regular rate of pay would be $6.13 and the overtime rate would be $9.19.

115.    As a result of Defendants' failure to pay the minimum wage to these Plaintiffs, Defendants have violated the FLSA.

**COUNT VI**
**Violations of the New Jersey Wage & Hour Law**
**(Failure to Pay Minimum Wages)**

**(Plaintiffs Armando Cruz, Yimi Hernandez, and Jogle Hernandez and those similarly situated)**

116.    The foregoing paragraphs are incorporated herein as if set forth in their entirety.

117.    The New Jersey Wage & Hour Law and its regulations requires covered employers to pay their employees a minimum wage equivalent to the federal minimum wage or the wage set by New Jersey statute, whichever is greater. N.J.A.C. 12:56-3.1.

118.    The New Jersey Wage & Hour Law set the minimum wage to $7.15 an hour as of October 1, 2006.

119.    The federal minimum wage exceeded the New Jersey statutory minimum wage in July 2009 when it was set to a rate of $7.25 per hour.

120.    Defendants failure to pay Plaintiffs Armando Cruz, Yimi Hernandez, Jogle Hernandez, and those similarly situated plaintiffs making less than $95 a day after July 2009 and less than $93 a day prior to July 2009 constitutes a violation of the New Jersey Wage & Hour Law.

### COUNT VII
### Violations of the New Jersey Wage & Hour Law
### (Failure to Pay Minimum Wages)
### (All plaintiffs and those similarly situated)

121.    The foregoing paragraphs are incorporated herein as if set forth in their entirety.

122.    Under the analysis described above in paragraphs 113 and 114, Defendant failed to pay all Plaintiffs minimum wages for all hours worked up to 40 per week.

123.    Defendants' failure to pay Plaintiffs the minimum wage for hours worked up to 40 per week constitutes a violation of the New Jersey Wage & Hour Law.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs prays that the Court enter an Order providing that:

A.      Plaintiffs' FLSA claims proceed as a collective action pursuant to the "opt-in" provision set forth in 19 U.S.C. § 216(b), and designate the above Plaintiffs as representatives of those similarly situated;

B.      Plaintiffs' state law claims be certified as a class action pursuant to Rule 23(b)(1), 23(b)(2), and 23(b)(3).

C.      Defendants are to compensate Plaintiffs, and/or otherwise make Plaintiffs whole for any and all compensation Plaintiffs would have received had it not been for Defendants' illegal actions;

D.      Plaintiffs are to be awarded liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate given Defendants' willful, deliberate, malicious, and outrageous conduct, and to deter Defendants and other employers from engaging in such misconduct in the future;

E.      Plaintiffs are to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

F.      Plaintiffs are to be awarded the costs and expenses of this action, prejudgment interest, and reasonable attorney's fees as provided by applicable federal and state law;

G.      Plaintiffs are to receive a trial by jury to the extent allowed by applicable law.


                              Respectfully submitted,

                              **SWARTZ SWIDLER, LLC**

                              /s *Joshua S. Boyette*
                              Joshua S. Boyette
                              Richard S. Swartz
                              1878 Marlton Pike East, Suite 10
                              Cherry Hill, NJ 08003
                              856-685-7420
                              Attorneys for Plaintiffs

Dated: October 3, 2011