IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAVIER ALAVEZ-LOPEZ, ANTONIO HERNANDEZ, WILLIAM TOVILLA, ALEJANDRO CONSTANTINO, ANTONIO GUTIERREZ, MARCO ANTONIO ORTEGA, LAZARO CORTEZ, ARMANDO CRUZ, JULIO TERAN, ERISAEL CRUZ JIMENEZ, YIMI HERNANDEZ, JOGLE HERNANDEZ, CAMERINO MARTINEZ, LUIS SANCHEZ, and EMILIANO CRUZ, on behalf of themselves and those similarly situated. <br><br> PLAINTIFFS <br><br> v. <br><br> SOUTH JERSEY SANITATION CO., INC. <br> 9th and Egg Harbor Road <br> Hammonton, NJ 08037 <br>   or <br> 253 N. White Horse Pike <br> Hammonton, NJ 08037 <br><br>   and <br><br> ANTHONY COLARSURDO, owner <br> c/o South Jersey Sanitation Co., Inc. <br> 9th and Egg Harbor Road <br> Hammonton, NJ 08037 <br>   or <br> 253 N. White Horse Pike <br> Hammonton, NJ 08037 <br><br>   DEFENDANTS | CIVIL ACTION <br><br> No. 1:10-05647 <br><br><br> **THIRD AMENDED COMPLAINT -** <br><br> **COLLECTIVE ACTION COMPLAINT** |

### THIRD AMENDED COLLECTIVE ACTION COMPLAINT

Plaintiffs Javier Alavez-Lopez, Antonio Hernandez, William Tovilla, Alejandro

Constantino, Marco Antonio Ortega, Lazaro Cortez, Armando Cruz, Julio Teran, Erisael Cruz

Jimenez, Yimi Hernandez, Jogle Hernandez, Camerino Martinez, Luis Sanchez, Emiliano Cruz,

and Antonio Gutierrez, on behalf of themselves and those similarly situated (hereinafter collectively "Plaintiffs"), by and through their undersigned counsel, hereby aver as follows:

## INTRODUCTION

1. This action arises about of Defendants' violations of the Fair Labor Standards Act ("FLSA"). Plaintiffs and those similarly situated assert that Defendants intentionally failed to pay them overtime compensation earned while in the employ of Defendants.

## JURISDICTION AND VENUE

2. The instant action is initiated pursuant to violations of the FLSA, 29 U.S.C. §201 *et seq*. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of such jurisdiction to comply with traditional notions of fair play and substantial justice.

3. This Court may properly exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §1331 because the instant action arises under the laws of the United States and seeks redress for violations of a federal law.

4. Pursuant to 28 U.S.C. §1391, venue is properly laid in this judicial district because Defendants conduct substantial, systematic, and continuous activity in this judicial district, and because a substantial part and/or all of the actions alleged herein took place in this judicial district.

## PARTIES

5. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

6. Plaintiff Javier Alavez-Lopez ("Plaintiff Alavez-Lopez") is an adult individual with an address located at 770 N. Egg Harbor Road, Hammonton, NJ 08037.

7. Plaintiff Antonio Hernandez ("Plaintiff Antonio Hernandez") is an adult

individual with an address located at 110 S. 2nd Street, Hammonton, NJ 08037.

8. Plaintiff William Tovilla ("Plaintiff Tovilla") is an adult individual with an address located at 230 23rd Avenue, Elwood, NJ 08217.

9. Plaintiff Alejandro Constantino ("Plaintiff Constantino") is an adult individual with an address located at 107 Peach Street, Hammonton, NJ 08037.

10. Plaintiff Antonio Gutierrez ("Plaintiff Gutierrez") is an adult individual with an address located at 239 South First Rd, Apt. A, Hammonton, NJ 08037.

11. Plaintiff Marco Antonio Ortega ("Plaintiff Ortega") is an adult individual with an address located at Bellvue Ave., Apt. 4, Hammonton, NJ.

12. The following additional Plaintiffs joined and opted-in to the above lawsuit subsequent to its initial filing: Lazaro Cortez, Armando Cruz, Emiliano Cruz, Julio Teran, Erisael Cruz Jimenez, Yimi Hernandez, Jogle Hernandez, Camerino Martinez, and Luis Sanchez ("Opt-In Plaintiffs").

13. Plaintiff Lazaro Cortez ("Plaintiff Cortez") is an adult individual with an addressed located at 729 Quince St., Vineland, NJ 08360.

14. Plaintiff Armando Cruz ("Plaintiff Armando Cruz") is an adult individual with an address located at 313 S. 3rd St., Apt. 2, Vineland, NJ 08360.

15. Plaintiff Emiliano Cruz ("Plaintiff Emiliano Cruz") is an adult individual with an address located at 313 S. 3rd St., Apt. 2, Vineland, NJ 08360.

16. Plaintiff Julio Teran ("Plaintiff Teran") is an adult individual with an address located at 1008 N. Chew Road, Hammonton, NJ 08037.

17. Plaintiff Yimi Hernandez ("Plaintiff Yemi Hernandez") is an adult individual with an address located at 4092 W. Adams Cir., Hammonton NJ 08037.

18. Plaintiff Jogle Hernandez ("Plaintiff Jogle Hernandez") is an adult individual with an address located at 26 22nd Road, Hammonton, NJ.

19. Plaintiff Camerino Martinez ("Plaintiff Martinez") is an adult individual with an address located at 162 Broadway, Hammonton, NJ.

20. Plaintiff Luis Sanchez ("Plaintiff Sanchez") is an adult individual with an address located at 1008 N. Chew Rd., Hammonton, NJ.

21. Plaintiff Erisael Cruz Jimenez ("Plaintiff Jimenez") is an adult individual with an address located at 313 S. 3rd St., Apt. 2, Vineland, NJ.

22. Defendant South Jersey Sanitation Co., Inc. ("Defendant Sanitation Co."), upon information and belief, is a New Jersey corporation and conducts business within the state of New Jersey.

23. Defendant Anthony Colarsurdo ("Defendant Colarsurdo"), upon information and belief, is the Owner of Defendant Sanitation Co. and is responsible for overseeing and approving payroll for Defendant Sanitation Co.

24. Defendant Sanitation Co. and Defendant Colarsurdo shall be collectively referred to herein as "Defendants."

25. John Does 1-10, whose identities and addresses are presently unknown to Plaintiff, are individuals who are responsible for overseeing and approving payroll for Defendant Sanitation Co.

26. XYZ Corporations 1-10, whose identities and addresses are presently unknown to Plaintiff, are alter egos of Defendant Sanitation Co.

27. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope

of their employment with and for Defendants.

## FACTUAL BACKGROUD

28.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

29.     Defendant Sanitation Co. is a vendor for many municipalities, engaged to pick up the trash of the residents of the municipalities.

30.     Plaintiff Alavez-Lopez worked for Defendants from in or about April 2004 through on or about May 21, 2010.

31.     Plaintiff Antonio Hernandez began working for Defendants in or about September 2004, continues to work for Defendants through the present and, assuming Defendants do not unlawfully retaliate against him for joining in this lawsuit, will continue working for Defendants into the foreseeable future.

32.     Plaintiff Tovilla began working for Defendants in or about 2003, continues to work for Defendants through the present and plans to continue working for Defendants into the foreseeable future.

33.     Plaintiff Constantino began working for Defendants in or about 2003, continues to work for Defendants through the present and plans to continue working for Defendants into the foreseeable future.

34.     Plaintiff Gutierrez began working for Defendants in or about 2008, continues to work for Defendants through the present and plans to continue working for Defendants into the foreseeable future.

35.     Plaintiff Ortega began working for Defendants in or about July 2010, continues to work for Defendants through the present and plans to continue working for Defendants into the foreseeable future.

36. Plaintiff Cortez began working for Defendants in or about 2003, continues to work for Defendants through the present and plans to continue working for Defendants into the foreseeable future.

37. Plaintiff Armando Cruz began working for Defendants in or about March 2010, continues to work for Defendants through the present and plans to continue working for Defendants into the foreseeable future.

38. Plaintiff Julio Teran began working for Defendants in or about 2005, continues to work for Defendants through the present and plans to continue working for Defendants into the foreseeable future.

39. Plaintiff Yimi Hernandez began working for Defendants in or about 2004, continues to work for Defendants through the present and plans to continue working for Defendants into the foreseeable future.

40. Plaintiff Jogle Hernandez began working for Defendants in or about 2008, continues to work for Defendants through the present and plans to continue working for Defendants into the foreseeable future.

41. Plaintiff Camerino Martinez began working for Defendants in or about 2001, continues to work for Defendants through the present and plans to continue working for Defendants into the foreseeable future.

42. Plaintiff Luis Sanchez began working for Defendants in or about 2005, continues to work for Defendants through the present and plans to continue working for Defendants into the foreseeable future.

43. Plaintiff Emiliano Cruz also works for Defendants and plans to continue working for Defendants into the foreseeable future.

44. Plaintiff Erisael Cruz Jimenez also worked for Defendants.

45. Plaintiffs worked for Defendants as laborers, riding on the back of trash trucks to pick up trash.

46. Defendants required that Plaintiffs begin their workday at 5:00 a.m.

47. Defendants required that Plaintiffs not end their workday until all trash on their respective routes was picked up; this required that Plaintiffs work until approximately 6:00 p.m. each workday.

48. Defendants required that Plaintiffs work Monday through Friday each workweek.

49. To the extent Defendants permitted Plaintiffs to take a break during the workday, Defendants permitted Plaintiffs to take a hurried lunch breach of about 15 to 20 minutes.

50. Plaintiffs work and/or worked for Defendants, on average, 13 hour days (from 5:00 a.m. to approximately 6:00 p.m., with a hurried and short break for lunch).

51. For each workday that Plaintiff Alvarez-Lopez worked, Defendants paid Mr. Alvarez-Lopez only $95, so that Defendants paid Plaintiff Alvarez-Lopez only $475 per workweek for approximately 65 hours of manual labor.

52. For each workday that Plaintiff Antonio Hernandez worked and continues to work, Defendants pay Plaintiff Antonio Hernandez only $100 (Defendants initially paid him $85 per workday; in 2008, Defendants began paying him $90 per workday; in 2009, Defendants began paying him $95 per workday; and in 2010, Defendants began paying him $100 per workday), so that Defendants currently pay Plaintiff Hernandez only $500 per workweek for approximately 65 to 70 hours of manual labor.

53. For each workday that Plaintiff Tovilla worked and continues to work, Defendants pay Plaintiff Tovilla only $95 (Defendants initially paid him $85 per workday; in

2005, Defendants began paying him $90 per workday; in 2009, Defendants began paying him $95 per workday), so that Defendants currently pay Plaintiff Tovilla only $475 per workweek for approximately 65 hours of manual labor.

54. For each workday that Plaintiff Constantino worked and continues to work, Defendants pay Plaintiff Constantino only $95 (Defendants initially paid him $80 per workday, gave him a raise approximately every two years, and two years ago, began paying him $95 per workday), so that Defendants currently pay Plaintiff Constantino only $475 per workweek for approximately 65 hours of manual labor.

55. For each workday that Plaintiff Gutierrez worked and continues to work, Defendants pay Plaintiff Gutierrez only $95 (Defendants initially paid him $85 per workday, and approximately one and a half years after, began paying him $95 per workday), so that Defendants currently pay Plaintiff Gutierrez only $475 per workweek for approximately 65 hours of manual labor.

56. For each workday that Plaintiff Ortega worked and continues to work, Defendants pay Plaintiff Ortega only $90, so that Defendants currently pay Plaintiff Ortega only $450 per workweek for approximately 65 hours of manual labor.

57. For each workday that Plaintiff Lazaro Cortez worked and continues to work, Defendants pay Plaintiff Lazaro Cortez only $100 (Defendants paid him $90 per workday in 2007; in 2008, Defendants began paying him $95 per workday; in 2009, Defendants began paying him $95 per workday; and in 2010, Defendants began paying him $100 per workday), so that Defendants currently pay Plaintiff Cortez only $500 per workweek for approximately 65 to 70 hours of manual labor.

58. For each workday that Plaintiff Armando Cruz worked and continues to work,

Defendants pay Plaintiff Armando Cruz only $85, so that Defendants currently pay Plaintiff Armando Cruz only $425 per workweek for approximately 65 hours of manual labor.

59. For each workday that Plaintiff Teran worked and continues to work, Defendants pay Plaintiff Teran only $95 (Defendants initially paid him $85 per workday, and approximately one and a half years after, began paying him $95 per workday), so that Defendants currently pay Plaintiff Gutierrez only $475 per workweek for approximately 65 hours of manual labor.

60. For each workday that Plaintiff Yimi Hernandez worked and continues to work, Defendants pay Plaintiff Yimi Hernandez only $90, so that Defendants currently pay Plaintiff Yimi Hernandez only $450 per workweek for approximately 65 hours of manual labor.

61. For each workday that Plaintiff Jogle Hernandez worked and continues to work, Defendants pay Plaintiff Jogle Hernandez only $90 (Defendants initially paid him $85 per workday, and approximately one and a half years after, began paying him $90 per workday), so that Defendants currently pay Plaintiff Jogle Hernandez only $450 per workweek for approximately 65 hours of manual labor.

62. For each workday that Plaintiff Camarino Martinez worked and continues to work, Defendants pay Plaintiff Camarino Martinez only $95 (Defendants paid him $90 per workday in 2007; in 2008, Defendants began paying him $95 per workday), so that Defendants currently pay Plaintiff Camarino Martinez only $475 per workweek for approximately 65 hours of manual labor.

63. For each workday that Plaintiff Luis Sanchez worked and continues to work, Defendants pay Plaintiff Sanchez only $100 (Defendants paid him $90 per workday in 2007; in 2008, Defendants began paying him $95 per workday; in 2009, Defendants began paying him $95 per workday; and in 2010, Defendants began paying him $100 per workday), so that

Defendants currently pay Plaintiff Sanchez only $500 per workweek for approximately 65 to 70 hours of manual labor.

64. For each workday that Plaintiff Emiliano Cruz works, Defendant pays Plaintiff Emiliano Cruz a single daily rate of $90 (and $450 a week) that fails to account for and pay for overtime wages.

65. For each workday that Plaintiff Erisael Cruz Jimenez works, Defendant pays Plaintiff Erisael Cruz Jimenez a single daily rate of $90 (and $450 a week) that fails to account for and pay for overtime wages.

66. Plaintiffs and those similarly situated are non-exempt employees within the meaning of the FLSA.

67. Defendants knew that Plaintiffs and those similarly situated are and were non-exempt employees within the meaning of the FLSA.

68. Defendants failed to pay Plaintiffs and those similarly situated any overtime compensation (compensation at the rate of 1.5 times their regular rate of pay) for the hours that they worked in excess of 40 each workweek.

69. Defendant Colarsurdo makes, and at all relevant times has made, the decisions not to pay Plaintiffs the overtime compensation due them.

70. Defendants additionally failed to pay the minimum wage for all Plaintiffs who's daily pay rate was less than $94.25, i.e., the named plaintiffs Armando Cruz, Yimi Hernandez, Jogle Hernandez, Emiliano Cruz, and Erisael Cruz Jimenez.

71. Additionally, assuming Defendants were in fact paying a regular rate of pay for all hours worked under 40 and one and one half times the regular rate of pay for all hours worked over 40, Defendants failed to pay the minimum wage for all employees paid in this manner. By

way of example, for the Plaintiffs who made the maximum daily rate of $100 per day, they would have been paid a rate of $6.45 per hour for the first 40 hours per week ($259) and $9.67 per hour for the additional 25 hours per week worked over 40 hours ($241).

72. Plaintiff Alvarez-Lopez last performed services for Defendants on May 21, 2010.

73. Plaintiffs Antonio Hernandez, Tovilla, Constantino, Gutierrez, Ortega, Cortez, Armando Cruz, Emiliano Cruz, Jimenez, Teran, Yimi Hernandez, Jogle Hernandez, Martinez, and Sanchez continue to work for Defendants to date, and absent unlawful retaliation by Defendants will continue to work for Defendants into the foreseeable future.

## FLSA COLLECTIVE ACTION ALLEGATIONS

74. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

75. Defendants intentionally failed to pay its laborers any overtime compensation for the hours they worked in excess of 40 each workweek.

76. Members of the FLSA class, which include all current and former laborers who worked on trash trucks for Defendants, are similarly situated to the named Plaintiffs.

77. Members of the FLSA class have substantially similar job requirements, and were subject to a common practice, policy, or plan that requires them to perform uncompensated work for the benefit of the Defendants in excess of 40 hours each workweek.

78. There are numerous similarly situated current and former employees of Defendants who were uncompensated for overtime work in violation of FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

79. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

80. Therefore, Plaintiffs should be permitted to bring this action as a collective action for and in behalf of themselves and those employees similarly situated, pursuant to the "opt-in" provisions of 29 U.S.C. § 216(b).

## COUNT I
### Violations of the Fair Labor Standards Act (29 U.S.C. § 206)
**(Failure to Pay Overtime Wages)**

81. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

82. At all times relevant herein, Defendants have and continue to be an "employer" within the meaning of the FLSA.

83. At all times relevant herein, Plaintiffs were employed by Defendants as an "employee" within the meaning of the FLSA.

84. The FLSA requires covered employers, such as Defendants, to minimally compensate employees, such as Plaintiffs, 1.5 times the employees' regular rate of pay for each hour that the employees work over 40 in a workweek.

85. Defendants failed to pay Plaintiffs any overtime compensation whatsoever, let alone 1.5 times Plaintiffs' regular rate of pay for each hour that they worked over 40 each workweek.

86. As a result of Defendants' failure to pay Plaintiffs the overtime compensation due him, Defendants have violated and continue to violate the FLSA.

## COUNT II
### Violations of the Fair Labor Standards Act (29 U.S.C. § 206)
**(Failure to pay minimum wages)**
**(Plaintiffs Armando Cruz, Yimi Hernandez, Jogle Hernandez, Emiliano Cruz, and Erisael Cruz Jimenez and those similarly situated)**

87. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

88. The FLSA requires employers to pay employees the federal minimum wage,

currently set at $7.25 per hour.

89.     Defendants failed to pay Plaintiffs making less than $95 a day the minimum wage, as they were required to work approximately 13 hours per day and were therefore paid less than $7.25 per hour.

90.     As a result of Defendants failure to pay the minimum wage to these Plaintiffs, Defendants have violated the FLSA.

**COUNT III**
**Violations of the Fair Labor Standards Act (29 U.S.C. § 206)**
**(Failure to pay minimum wages)**
**(All Plaintiffs and those similarly situated)**

91.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

92.     If Defendants' pay practices are understood as paying a regular rate of pay for the first 40 hours worked, and a premium time-and-a-half rate of pay for hours worked over 40, Defendants failed to pay all plaintiffs the minimum wage for all hours worked up to 40.

93.     Specifically, since the highest amount any plaintiff was paid was $100 a day for 13 hours of work, or $500 a week for 65 hours per work, the regular rate of pay for the first 40 hours would be $6.45 per hour, and the overtime rate for the following 25 hours would be $9.68. At the daily rate of $95, the regular rate of pay would be $6.13 and the overtime rate would be $9.19.

94.     As a result of Defendants' failure to pay the minimum wage to these Plaintiffs, Defendants have violated the FLSA.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs prays that the Court enter an Order providing that:

A.      Plaintiffs' FLSA claims proceed as a collective action pursuant to the "opt-in" provision set forth in 19 U.S.C. § 216(b), and designate the above Plaintiffs as representatives of

those similarly situated;

B.  Defendants are to compensate Plaintiffs, and/or otherwise make Plaintiffs whole for any and all compensation Plaintiffs would have received had it not been for Defendants' illegal actions;

C.  Plaintiffs are to be awarded liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate given Defendants' willful, deliberate, malicious, and outrageous conduct, and to deter Defendants and other employers from engaging in such misconduct in the future;

D.  Plaintiffs are to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

E.  Plaintiffs are to be awarded the costs and expenses of this action, prejudgment interest, and reasonable attorney's fees as provided by applicable federal and state law;

F.  Plaintiffs are to receive a trial by jury to the extent allowed by applicable law.

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

/s *Joshua S. Boyette*
Joshua S. Boyette
Richard S. Swartz
1878 Marlton Pike East, Suite 10
Cherry Hill, NJ 08003
856-685-7420
Attorneys for Plaintiffs

Dated:  November 23, 2011