# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAVIER ALAVEZ-LOPEZ, *et al*.  <br><br>   PLAINTIFFS  <br><br> v.  <br><br> SOUTH JERSEY SANITATION CO., INC., *et al*.  <br><br>   DEFENDANTS | CIVIL ACTION  <br><br> No.: 1-10-CV-05647 |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER

Dated: January 9, 2012

Counsel: Richard S. Swartz, Esq.
Manali Arora, Esq.

SWARTZ SWIDLER LLC
1878 Marlton Pike East. Ste. 10
Cherry Hill NJ, 08003
(856) 685-7420

Attorneys for Plaintiffs

## TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................................1  
II. LEGAL ARGUMENT ...........................................................................................................2  
    a. Standard of Review.............................................................................................. 2  
    b. Named Plaintiffs are Entitled to a Protective Order as to Their Immigration status ............3  
III. CONCLUSION.....................................................................................................................6

## TABLE OF AUTHORITIES

**Cases**
*David v. Signal International, LLC et al.*, Civ. A. No. 08-1220 (E.D. La. April 2, 2009) ............. 3
*Disability Rights N.J., Inc. v. Velez*, Civ. A. No. 10-3950, 2011 U.S. Dist. LEXIS 78333 (D.N.J. July 19, 2011).................................................................................................................................. 2
*EEOC v. First Wireless Group, Inc*., 225 F.R.D. 404 (E.D.N.Y.2004)......................................... 4
*Flores v. Albertsons Inc*., 2002 WL 1163623 (C. D. Cal. Apr. 9, 2002)....................................... 3
*In re Reyes*, 814 F. 2d 168 (5th Cir. 1987) ............................................................................... 2, 3
*Liu v. Donna Karan International*, Inc., 207 F.Supp.2d 191 (S.D.N.Y.2002) .............................. 3
*Rivera v. NIBCO, Inc*., 364 F.3d 1057 (9th Cir. 2004)................................................................. 4
*Sanchez v. Creek Stone Farms Premium Beef, LLC*, Civ. A. No. 11-4037 (D.Kan., Nov. 23, 2011) ................................................................................................................................... 1, 5
*Serrano v. Underground Utilities Corp*., 407 N.J. Super. 253 (App. Div. 2009)...................... 4, 5
*Topo v. Dhir*, 210 F.R.D. 76, 78 (S.D.N.Y.2002)........................................................................ 3

**Rules**
Fed. R. Civ. P. 26(b)(1)................................................................................................................. 2
Fed. R. Civ. P. 26(c) ..................................................................................................................... 2

I. **INTRODUCTION**

On October 29, 2010, Plaintiffs Javier Alavez-Lopez (hereinafter "Plaintiff Lopez"), on behalf of himself and others similarly situated (hereinafter collectively "Plaintiffs"), filed a complaint in the above captioned matter against Defendant South Jersey Sanitation Co., Inc. and Defendant Anthony Colarsudo (hereinafter collectively "Defendants") alleging violations of the Fair Labor Standards Act (hereinafter "FLSA") and New Jersey Wage and Hour laws (hereinafter "NJWHL"). On December 1, 2010, Plaintiffs filed an Amended Complaint to name Antonio Hernandez, William Tovilla, Alejandro Constantino, Antonio Gutierrez and Marco Antonio Ortega as additional Plaintiffs. On October 3, 2011, Plaintiff filed a Second Amended Complaint to name Lazaro Cortez, Armando Cruz, Julio Teran, Erisael Cruz Jimenez, Yimi Hernandez, Jogle Hernandez, Camerino Martinez, Luis Sanchez and Emiliano Cruz as additional Plaintiffs (hereinafter "Plaintiffs"). Plaintiffs allege that they and all trash haulers, labeled by Defendants as "throwers," regularly worked approximately 13 hours per day and 65 hours per week but were paid a flat daily rate ranging from $80 to $95 per day. Thus, Plaintiffs assert that Defendants violated the FLSA and NJWHL by failing to pay any overtime premium for the hours worked in excess of forty per workweek, by failing to pay minimum wage for all hours worked, and by failing to implement a system to track the hours Plaintiffs worked.

On July 19, 2011, Defendants propounded discovery requests upon Plaintiffs in the form of interrogatories and requests for production of documents. Via the discovery requests, Defendants sought information related to the immigration status of Plaintiffs. Plaintiffs objected to Defendants requests on the basis that the information was not relevant or reasonably calculated to lead to the discovery of admissible evidence, and that the information was sought to harass and annoy Plaintiffs. Plaintiffs have attempted in good faith to confirm with Defendants

whether or not Defendants intend to seek such information at deposition.  *See* Certification of Richard S. Swartz and attached exhibits attached hereto as Exhibits A and B.

Accordingly, for the reasons stated above, Plaintiffs respectfully request that this Court grant the attached Protective Order, barring Defendants from seeking discovery on all issues related to Plaintiffs' immigration status.

## II.   LEGAL ARGUMENT

### A.   Standard of Review

In accordance with the Federal Rules of Civil Procedure, a party "may obtain discovery regarding any matter, not privileged, ***which is relevant to*** the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1) (emphasis added).  Accordingly, discovery regarding matters not relevant to the subject matter involved may be shielded from discovery by way of a Protective Order.  Fed. R. Civ. P. 26(c). Moreover, even information relevant to the subject matter involved may be shielded from discovery "for good cause" to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  *Id.*, *see also Disability Rights N.J., Inc. v. Velez*, Civ. A. No. 10-3950, 2011 U.S. Dist. LEXIS 78333 (D.N.J. July 19, 2011).   Plaintiffs herein are entitled to a Protective Order as to the immigration status for either or both reasons.

### B.   Plaintiffs are Entitled to a Protective Order as to Their Immigration Status

Via interrogatory no. 5 as well as document requests nos.1, 2, 3 and 4, Defendants seek information related to Plaintiffs' tax related forms along with copies of Plaintiffs' social security cards and documents related to Plaintiffs' right to live and work in the United States.  Such evidence is neither relevant to nor reasonably calculated to lead to evidence admissible at trial in this lawsuit asserting wage and hour violations.  *See In re Reyes*, 814 F. 2d 168 (5th Cir. 1987).

As Defendants have already sought discovery of such information via interrogatories and document production requests (to which Plaintiffs objected), Plaintiffs fear that Defendants will again seek discovery of their immigration status via depositions, further delaying the prosecution of Plaintiffs' valid claims.  Thus, Plaintiffs respectfully request that this Court grant a Protective Order limiting Defendants' ability to discover all evidence related to Plaintiffs' immigration status, for either or both of the reasons stated above.

"It is well established that the protections of the Fair Labor Standards Act are applicable to citizens and aliens alike and ***whether the alien is documented or undocumented is irrelevant***."  *In re Reyes*, 814 F.2d at 170.  Accordingly, Federal Courts have routinely disallowed discovery related to the immigration status of plaintiffs bringing claims under the FLSA related to wage and hour violations that allegedly occurred during the time of a Plaintiff's employment. *Topo v. Dhir*, 210 F.R.D. 76, 78 (S.D.N.Y.2002) ("when the question of a party's immigration status only goes to a *collateral issue . . . **the protective order becomes necessary*** as 'it is entirely likely that any undocumented [litigant] forced to produce documents related to his or her immigration status will withdraw from the suit rather than produce such documents and face … potential deportation'") (***granting protective order*** barring discovery relating to the immigration status of the plaintiff in an FLSA claim) (emphasis added); *Flores v. Albertsons Inc.*, 2002 WL 1163623, *6 (C. D. Cal. Apr. 9, 2002) (***granting protective order*** barring discovery relating to the immigration status of the plaintiff in an FLSA claim) (emphasis added); *Liu v. Donna Karan International*, Inc., 207 F.Supp.2d 191, 193 (S.D.N.Y.2002) (***granting protective order*** barring discovery relating to the immigration status of the plaintiff in an FLSA claim) (emphasis added); *David v. Signal International, LLC et al.*, Civ. A. No. 08-1220 (E.D. La. April 2, 2009) (***granting protective order*** barring discovery relating to the immigration status

of the plaintiff in an FLSA claim) (emphasis added). *See also Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1065 (9th Cir. 2004) (***prohibiting the defendants from seeking discovery of the plaintiffs' immigration status*** in national origin discrimination suit); *EEOC v. First Wireless Group, Inc.*, 225 F.R.D. 404 (E.D.N.Y.2004) (***granting protective order*** barring discovery related to the plaintiffs' immigration status in discrimination suit and ***rejecting the defendant's argument that such information was discoverable for <u>credibility</u> purposes***) (emphasis added). The rationale behind the Courts' willingness to grant such protective orders is because "discovery of the Charging Parties' immigration status . . . 'would constitute unacceptable burden on public interest due to [a] chilling effect." *Id*. at 406. ("The prejudice to plaintiff [of allowing discovery] outweighs any potential relevance this information may have to the defense").

Similar to Federal Courts, the New Jersey Superior Court, Appellate Division, has followed the lead of Federal Courts in denying defendants the ability to seek discovery of a plaintiff's immigration status in FLSA suits. *See Serrano v. Underground Utilities Corp*., 407 N.J. Super. 253 (App. Div. 2009) (granting plaintiffs' Motion for Protective Order and restricting defendants ability to seek discovery as to plaintiffs' immigration status). In *Serrano*, the plaintiffs, also day laborers, filed suit on behalf of themselves and those similarly situated, also due to the defendants' failure to provide overtime compensation. When the defendants sought discovery of plaintiffs' immigration status, plaintiffs moved for a Protective Order. In granting the plaintiffs' motion for a Protective Order, the New Jersey Court echoed the stance of the Federal Courts, ***noting that discovery of immigration related evidence was <u>not relevant</u> to any defenses that could be raised <u>nor was the information discoverable for credibility purposes</u>***. *Id*. at 280.

The practice of granting requests for Protective Orders was most recently upheld by the Federal District Court for the District of Kansas in the matter of *Sanchez v. Creek Stone Farms Premium Beef, LLC*, Civ. A. No. 11-4037 (D.Kan., Nov. 23, 2011) ("information relating to Plaintiffs' immigration status, has **no bearing** on the underlying issue of this case: whether Plaintiffs are entitled to recover unpaid wages for work already performed under the FLSA"; granting the plaintiffs' Motion for Protective Order as to all discovery requests related to the plaintiffs' immigration status). In *Sanchez*, the plaintiffs filed a class action complaint on behalf of themselves and others similarly situated against the defendants, a meat processing facility, for failure to pay for all hours worked and for failure to pay overtime premiums for hours worked in excess of 40 hours per week. The named plaintiff in the matter was a native of El Salvador. Via interrogatories and requests for production of documents, the defendants sought to discover information related to the named plaintiff's social security number as well as the named plaintiff's federal and state tax returns. The plaintiffs in turn filed a Motion for Protective Order. In granting the Motion for Protective Order, the Federal Court noted the ***long standing history across Federal Courts in <u>denying</u> the defendants' the ability to seek information related to a plaintiff's immigration status in an FLSA claim***. Additionally, the Federal Court stated that *even if defendants sought such information for purposes of* **credibility** *or to show* **"unclean hands,"** the Protective Order must be granted because ***"any benefit to Defendant [in discovering such information] would be <u>far outweighed</u> by the damage and prejudice which would result to Plaintiffs if discovery into their immigration status is permitted."*** *Id*. (emphasis added).

Given the factual similarities between the issues raised in *Sanchez* and *Serrano*, Plaintiffs herein respectfully request that this Court adopt the rationale of the set forth across Federal

5

Courts as well as the Superior Court of New Jersey. Accordingly, Plaintiffs request that this Court enter the attached Protective Order.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Honorable Court grant their Motion for Protective Order and limit Defendants' ability to seek discovery as to their immigration status.

      Respectfully Submitted,

/s Richard S. Swartz
**SWARTZ SWIDLER, LLC**
Richard S. Swartz, Esq.
Manali Arora, Esq.
1878 Marlton Pike East. Ste. 10
Cherry Hill NJ, 08003
(856) 685-7420

Dated: January 9, 2012