## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAVIER ALAVEZ-LOPEZ, *et al*. | |
|    PLAINTIFFS | CIVIL ACTION |
| v. | No.: 1-10-CV-05647 |
| SOUTH JERSEY SANITATION CO., INC., *et al*. | |
|    DEFENDANTS | |

**PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR PROTECTIVE ORDER AND OPPOSITION TO DEFENDANT'S CROSS MOTION TO COMPEL DISCOVERY**

Dated:   February 1, 2012

Counsel:   Richard S. Swartz, Esq.
           Justin L. Swidler, Esq.
           Manali Arora, Esq.

           SWARTZ SWIDLER LLC
           1878 Marlton Pike East. Ste. 10
           Cherry Hill NJ, 08003
           (856) 685-7420

           Attorneys for Plaintiffs

## TABLE OF CONTENTS

I.  INTRODUCTION ..........................................................................................................................1
II. LEGAL ARGUMENT ...................................................................................................................2
    a. Standard of Review ................................................................................................................ 2
    b. Of the Three Main Cases Cited by Defendant, Two are Distinguishable and One Holds that
       Immigration Status is *Not Discoverable* ..............................................................................3
    c. Contrary to Defendant's Assertion to this Court, Plaintiffs have Ample Evidence of the
       Hours they Worked ................................................................................................................ 7
    d. Defendant's Discovery Requests Relating to Other Employment is Also Inappropriate ….9
III. CONCLUSION...........................................................................................................................10

## TABLE OF AUTHORITIES

**Cases**

*Crisostomo v. Exclusive Detailing, Inc.*, Civ. A. No. 08-1770, 2010 U.S. Dist. LEXIS 64022 at
    *9 (D.N.J., June 28, 2010) ......................................................................................................... 7
*Disability Rights N.J., Inc. v. Velez*, Civ. A. No. 10-3950, 2011 U.S. Dist. LEXIS 78333 (D.N.J.
    July 19, 2011)............................................................................................................................ 2
*EEOC v. First Wireless Group, Inc*., 225 F.R.D. 404 (E.D.N.Y.2004)........................................... 5
*In re K.L. v. J Limited Partnership.*, 336 S.W. 3d 286 (Tex. Appx. 2010) .................................... 5
*Jin-Ming Lin v. Chinatown Rest. Corp.*, 771 F. Supp. 2d 185 (D. Mass. 2011)............................. 6
*Romero-Hernandez v. Alexander,* 2009 U.S. Dist. LEXIS 61017 (N.D. Miss. 2009) ................... 3
*Sanchez v. Creek Stone Farms Premium Beef, LLC*, Civ. A. No. 11-4037 (D. Kan., Nov. 23,
    2011) .......................................................................................................................................... 5
*Sandoval v. Rizzuti Farms, Ltd.*, 2009 U.S. Dist. LEXIS 37631 (E.D. Wash. 2009) ..................... 4
*Velasquez Catalan v. Vermillion Ranch L.P.,* 2007 U.S. Dist. LEXIS 22638 (D. Colo. 2007) ..... 3
*Williams v. Tri-County Growers, Inc*., 747 F.2d 121, 128 (3d Cir. 1984)...................................... 7
*Zavala v. Wal-Mart Stores, Inc.*, 393 F. Supp. 2d 295, 325 (D.N.J. 2005) .................................... 6
*Zeng Liu v. Donna Karan Int'l, Inc.*, 207 F. Supp. 2d 191, 192 (S.D.N.Y. 2002).......................... 6

**Other Authorities**

*South Jersey Sanitation Company, Inc. and Teamsters Union Local No. 115*, 4-CA-37537
    (NLRB, March 7, 2011)............................................................................................................ 8

**Rules**

Fed. R. Civ. P. 26(b)(1)................................................................................................................... 2
Fed. R. Civ. P. 26(c) ....................................................................................................................... 2

I.      **INTRODUCTION**

At its core, this lawsuit is simple; Plaintiffs asserts that Defendant violated federal law by failing to:

- pay its throwers minimum wage;
- pay its throwers overtime; and
- implement a system to track the time its throwers work.

This lawsuit seeks damages only for said violations.

Defendant, however, seeks discovery related to the immigration status of Plaintiffs. Such discovery is requested not because it is relevant (as will be discussed *infra,* not a single federal decision issued anywhere in the United States has ever held that such information is relevant to a wage and hour FLSA lawsuit), but because requesting such information is likely to have a *in terrorem*[1] effect on Plaintiffs, thereby intimidating Plaintiffs into withdrawing their claims and to intimidate other potential plaintiffs from making claims against Defendants. This Court must not permit such a practice.

As discussed in Plaintiffs' original motion for a protective order, such tactics, while unfortunately a not-too-infrequently attempted tool used by employers to scare undocumented workers from pursuing wage and hour claims, have fortunately been uniformly rejected by federal courts. In its opposition to said motion (and in its cross-motion to compel), Defendant relies on case law that stands for the proposition that a plaintiff's immigration status is relevant when a plaintiff seeks backpay damages for time they *did not work*. As the instant lawsuit does not seek such damages, and instead only seeks damages for hours that Plaintiffs actually worked,

---

[1] *In terrorem* means "in order to frighten" or "in to a state of terror." BLACK'S LAW DICTIONARY, 7th Ed. p. 825

1

none of the cases cited by Defendant speaks against the entry of a protective order as requested by Plaintiffs.  In contrast, the cases relied on by Plaintiffs are directly on-point.

Accordingly, Plaintiffs respectfully request that this Court grant their motion for a protective order and deny Defendant's cross-motion to compel.

## II.     LEGAL ARGUMENT

### A.     Standard of Review

In accordance with the Federal Rules of Civil Procedure, a party "may obtain discovery regarding any matter, not privileged, *which is relevant to* the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1) (emphasis added).  Thus, discovery regarding matters not relevant to the subject matter involved may be shielded from discovery by way of a protective order.  Fed. R. Civ. P. 26(c).

However, even information relevant to the subject matter involved may be shielded from discovery "for good cause" to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.; see also Disability Rights N.J., Inc. v. Velez*, Civ. A. No. 10-3950, 2011 U.S. Dist. LEXIS 78333 (D.N.J. July 19, 2011).

Thus, even if Plaintiffs' immigration status was somehow relevant in this lawsuit (which it is not, as demonstrated by well-established case law), the requested protective order should be granted as Defendant only seeks such discovery to harass and annoy Plaintiffs.

### B.     Of the Three Main Cases Cited by Defendant, Two are Distinguishable and One Holds that Immigration Status is *Not Discoverable.*

While Plaintiffs have cited to numerous cases from around the country that are directly on point, and which uniformly hold that a defendant *may not seek immigration status* in a lawsuit

premised solely on unpaid overtime and/or minimum wage violations, Defendant's cases are far from analogous to the instant set of facts.

Defendant first cites to *Romero-Hernandez v. Alexander,* 2009 U.S. Dist. LEXIS 61017 (N.D. Miss. 2009) for its proposition that it may request immigration status in an FLSA wage and hour lawsuit. Defendant so grossly misrepresents to the Court what *Romero-Hernandez* actually held that Defendant's use of the case borders on dishonest. *Romero-Hernandez* involved two types of claims: FLSA wage and hour claims *and* H-2A employment contract claims (immigration contract claims). *Id.* at *17. In that case even the "**defendants recognize[d] that immigration status has been found not relevant to claims under the FLSA**" but instead sought such information relating to the contract claims. *Id.* The Court found that the immigration status might be relevant relating to the backpay requests of plaintiffs for hours "**that they may not have actually worked**" (the plaintiffs sought relief on contract claims because they were not provided as many hours as due under the contract; the defendant could defend such a claim by asserting the employee could not lawfully work the hours not assigned, even if such failure to assign hours was a breach of the contract). *Id.* at 21. Importantly, the court did not permit discovery on immigration for the FLSA claims, which only sought compensation for hours actually worked *See id.* at 17.

Defendant next cites to *Velasquez Catalan v. Vermillion Ranch L.P.,* 2007 U.S. Dist. LEXIS 22638 (D. Colo. 2007). Yet *Velasquez* is clearly distinguishable. In *Velasquez*, the plaintiffs made claims for "injuries under the Fair Labor Standards Act, the Trafficking Victims Protection Reauthorization Act, the Racketeer Influenced and Corrupt Organization Act, the Colorado Wage Claim Act, and Common Law claims under Colorado law for breach of contract, false imprisonment, outrageous conduct, and promissory estoppel. [The plaintiffs] seek

3

economic and non-economic damages, liquidated damages, penalties, treble damages, pain and suffering damages, costs, pre-judgment interest, and post-judgment interest." *Id.* at 2-3. The Court found that the plaintiffs put their immigration status at issue by claiming that the defendants forced them to abscond (the plaintiffs claimed they held valid H2-A visas, but defendants' conduct forced them to abscond). *Id.* at 5. Importantly, the court did not overlook the mountain of federal precedent holding that immigration status is generally not discoverable; instead the court found this particular set of facts was unique. *Id.* "Under the facts and circumstances" presented, the court required disclosure of immigration status. *Id.*

Finally, Defendant cites to *Sandoval v. Rizzuti Farms, Ltd.*, 2009 U.S. Dist. LEXIS 37631 (E.D. Wash. 2009). In *Sandoval*, the defendant sought immigration information from the plaintiffs. The Court opined:

> The harm in disclosing Plaintiffs' immigration status is significant and real. If disclosed, documented workers would fear either alteration to their immigration status or revealing immigration issues with family and friends; undocumented workers would fear criminal prosecution and deportation. Either way, farmhands would be reluctant to exercise their rights under existing state and federal laws for fear of repercussions from their employers. The resulting "chilling effect" is impermissible. Defendants' willingness to treat as confidential the discovery relating to immigration status is unavailing. Even requiring Plaintiffs to answer immigration status-related questions during discovery would likely deter them, and future plaintiffs, from bringing meritorious claims.

*Id.* at 4. Importantly, the plaintiffs in *Sandoval* were seeking backpay for periods of time they did not work under a retaliation theory (which is not present in the instant matter). The court held that when a plaintiff seeks pay for time they did **not** work, their legal ability to work is relevant. Nevertheless, the court found that "overriding interest in preventing the chilling of rights justifies a protective order at this time." The court held that only if and when it became clear that the claims seeking backpay for time **not** worked would go to trial would such discovery concerning immigration status be permitted (following summary judgment motions).

4

*Id.* at 5. Even then, discovery into immigration status would only be permitted as it "relates to their backpay claims under [state law]." *Id.* at 6.

Finally, in a desperate and vein effort to be creative, Defendant cites to *In re K.L. v. J Limited Partnership.*, 336 S.W. 3d 286 (Tex. Appx. 2010), a state court decision from Texas, to support its contention that Plaintiffs' immigration status is relevant to assess their "credibility" in this lawsuit. The plaintiff in that case sought damages for backpay for time *not worked* as a result of retaliation. As has been previously discussed, courts have distinguished such claims from true wage and hour claims which only seek compensation for time when the plaintiffs actually worked, as is the case in the instant matter. Nevertheless, the court in *In re K.L.* permitted the defendant to request a social security number so it could run a background search. In permitting such discovery, the Texas state court failed to cite a single federal case granting such authority. It is also worth noting that not a single federal case from around the country, not even in Texas, has followed the state court decision. While Texas judges can interpret Texas state law as they deem fit, federal courts around the county – including in this circuit, have universally rejected such arguments, and this Court should not be persuaded by a single case decided in Texas in resolving this incredibly delicate matter. *See, e.g.*, *EEOC v. First Wireless Group, Inc.*, 225 F.R.D. 404 (E.D.N.Y.2004) (*granting protective order* barring discovery related to the plaintiffs' immigration status, **rejecting the defendant's argument that such information was discoverable for credibility purposes**); *see also Sanchez v. Creek Stone Farms Premium Beef, LLC*, Civ. A. No. 11-4037 (D. Kan., Nov. 23, 2011). ("The Court is mindful of [d]efendant's argument that the information requested has potential relevance to its 'unclean hands' defense to [p]laintiff's equitable, state law claim for unjust enrichment. Even so, the Court finds that **any benefit to [d]efendant would be far outweighed by 'the damage and**

5

*prejudice which would result to [p]laintiffs if discovery into their immigration status is permitted"*) (emphasis added).

In the lawsuit before this Court, Plaintiffs do not seek backpay for time they did not work. Instead, they only seek unpaid overtime and minimum wage violations for time *they did work*. In such claims, immigration status is **not relevant** and **not discoverable**. *See, e.g., In re Reyes*, 814 F.2d 168, 170 (5th Cir. 1987) ("It is well established that the protections of the Fair Labor Standards Act are applicable to citizens and aliens alike and **_whether the alien is documented or undocumented is irrelevant._**") (emphasis added). *Jin-Ming Lin v. Chinatown Rest. Corp.*, 771 F. Supp. 2d 185 (D. Mass. 2011) ("[T]he plaintiffs' immigration status is irrelevant to their FLSA claims and their suitability to lead a class. The defendants' motions to compel are denied."); *Zeng Liu v. Donna Karan Int'l, Inc.*, 207 F. Supp. 2d 191, 192 (S.D.N.Y. 2002) ("courts addressing the issue of whether defendants should be allowed to discover plaintiff-workers' immigration status in cases seeking unpaid wages brought under the FLSA have found such information to be undiscoverable"); *Zavala v. Wal-Mart Stores, Inc.*, 393 F. Supp. 2d 295, 325 (D.N.J. 2005) (finding that immigration status is not relevant to FLSA claims and explaining that this is why federal jurisprudence forbids discovery of same).

Accordingly, it is respectfully requested that this Court grant Plaintiffs' motion for a protective order and deny Defendant's motion to compel.

### C. Contrary to Defendant's Assertion to this Court, Plaintiffs have Ample Evidence of the Hours they Worked

Because Defendant has failed in its legal obligation to implement and maintain a system to track the hours worked by Plaintiffs (*see* Defendant's response to interrogatory #1(e) *admitting to this failure*, attached hereto as Exhibit A), Defendant now seeks to take advantage of that failure by asserting that Plaintiffs cannot prove their case because Plaintiffs cannot prove

6

the *exact* number of hours they worked each workweek. This logic flies in the face of commonsense, as well as the holdings of this Court and the Third Circuit. In *Crisostomo v. Exclusive Detailing, Inc.*, Civ. A. No. 08-1770, 2010 U.S. Dist. LEXIS 64022 at *9 (D.N.J., June 28, 2010) (*quoting Williams v. Tri-County Growers, Inc.*, 747 F.2d 121, 128 (3d Cir. 1984)), this Court, quoting the Third Circuit in *Williams v. Tri-County Growers,* made clear that "an employee should not be penalized and an employer benefitted by the employer's failure to comply with its duty under [the FLSA] to maintain accurate records." Thus, Defendant's assertion that, to win their case, Plaintiffs need produce evidence as to the *exact* number of hours worked each workweek is simply wrong. Plaintiffs' sworn answers to interrogatories as to the average number of hours they worked each workweek is more than sufficient, given Defendant's admitted failure to comply with its legal obligation to implement and maintain a time tracking system.

Nonetheless, Plaintiffs have repeatedly sought during discovery to establish a more precise analysis of the hours they worked for Defendant. Plaintiffs have done so by requesting the time records that Defendant has maintained for the drivers that drive the trash trucks on which Plaintiffs ride. Defendant has repeatedly failed to produce same.

In an interesting twist of events, Plaintiffs now have information sufficient to substantiate their claims of working approximately 65 hours a workweek. The hours Plaintiffs worked each workweek may be confirmed by cross-referencing of the names of Defendant's drivers that were identified in a recent (December 2011) decision of the National Labor Relations Board ("NLRB") involving Defendant and its drivers, with payroll records previously produced in this lawsuit by Defendant.

7

In *South Jersey Sanitation Company, Inc. and Teamsters Union Local No. 115*, 4-CA-37537 (NLRB, March 7, 2011) (a copy of which is attached hereto as "Exhibit B"), the NLRB lists the identity of Defendant's drivers and, in its findings of fact, states that Defendant's drivers report to work at 4:30 a.m. each day and are thereafter dispatched to their routes with two throwers per truck (*i.e.*, with two Plaintiffs). *See* Exhibit B at 2:25-27. As Defendant has already produced pay records for all of its employees, including its drivers (though Defendant has refused to identify which employees are drivers), and because the pay records for the drivers set forth the number of hours each driver worked in each workweek (unlike the pay records for the Plaintiffs who are throwers), the hours that Plaintiffs worked can be minimally ascertained by cross-referencing the pay records of the drivers of the trucks on which Plaintiffs rode.

Defendant's records confirm what Plaintiffs have been contending all along – that they work on average about 65 hours per workweek. See, for example, the pay records of:

- Santos Diaz, showing a total of 3,545.63 hours worked in 2010, an average of 68.19 hours worked per week;

- Rogelio Serrano, showing a total of 3,994.73 hours worked in 2010, an average of 76.82 hours worked per week;

- David Morales, showing a total of 1,888.25 hours worked in a 23 week period in 2010, an average of 82 hours worked per week.

*See* pay records, attached hereto as "Exhibit C."

### D. Defendant's Discovery Requests Relating to Other Employment is Also Inappropriate

With respect to Defendant's claim that it is entitled to discovery of Plaintiffs' employment history *before* Plaintiffs began working for Defendant, *before* the relevant time period of this lawsuit, or *after* any Plaintiff stopped working for Defendant, such discovery is not only ***irrelevant*** to this lawsuit, it is clearly sought to ***harass and annoy*** Plaintiffs. Again, the

issues in this lawsuit concern Defendant's failure to pay minimum wage and overtime during the time period relevant to this lawsuit, as well as Defendant's failure to implement a time tracking system during said period. Thus, discovery not relevant to the issues in this lawsuit, or discovery that, even if arguably relevant, would unduly harass Plaintiffs while having only marginal potential benefit to Defendant, should not be permitted. Even discovery related to Plaintiffs performing work for other employers *outside* of the hours that they worked for Defendant should not be permitted.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Honorable Court grant their motion for a protective order and deny Defendant's cross-motion to compel discovery.

Respectfully Submitted,

/s Richard S. Swartz
**SWARTZ SWIDLER, LLC**
Richard S. Swartz, Esq.
Justin L. Swidler, Esq.
Manali Arora, Esq.
1878 Marlton Pike East. Ste. 10
Cherry Hill NJ, 08003
(856) 685-7420

Dated: February 1, 2012