IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAVIER ALAVEZ-LOPEZ, *et al.*, on behalf of themselves and those similarly situated.<br><br>    PLAINTIFFS<br><br>  v.<br><br>SOUTH JERSEY SANITATION CO., INC., *et al.*<br><br>    DEFENDANTS | CIVIL ACTION<br><br><br>No.: 1-10-CV-05647-NLH-KMW |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR LEAVE TO FILE THEIR FOURTH AMENDED COMPLAINT**


By:    Richard S. Swartz, Esq.
       Josh Boyette, Esq.


Dated: March 14, 2012

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................................1

II.   STANDARD OF REVIEW ...............................................................................................1

III.  LEGAL ARGUMENT........................................................................................................2

IV.  CONCLUSION..................................................................................................................3

# TABLE OF AUTHORITIES

**Cases**

*Forman v. Davis*, 371 U.S.178, 83 S.Ct.227, 9 L.Ed. 2d 222 (1962) .......................................2, 3

*Freedom International Trucks, Inc. v. Eagle Enterprises, Inc. et al*., Civ. A. No. 97-4237 (D.N.J., September 15, 1988) .................................................................................................................2

*Harbor Laundry Sales, Inc. v. Mayflowers Textile Serv. Co.*, Civ. A. No. 09-6259, 2011 U.S. Dist. LEXIS 144878 (D.N.J. Dec. 16, 2011) ........................................................................................2

*Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004)........................................................................2

**Rules**

Fed. R. Civ. P.15.........................................................................................................................1, 2

LCvR 7.1(f)......................................................................................................................................1

Plaintiffs, by and through undersigned counsel, and pursuant to Fed. R. Civ. P.15, and L. Civ. R. 7.1(f), respectfully seek leave of the Court to file a Fourth Amended Complaint. In support of said request, Plaintiffs state as follows:

## I.   INTRODUCTION

Plaintiffs have prepared a Fourth Amended Complaint (attached hereto as Exhibit A) to simplify this matter. The Fourth Amended Complaint removes Plaintiffs' FLSA Collective Action claims (leaving intact their *individual* FLSA claims), and reinstates Plaintiffs' *individual* New Jersey state law claims (claims that were previously in the case). Plaintiffs have requested that Defendants consent to the filing of the Fourth Amended Complaint, but as of the date of the filing of this Motion for Leave, Defendants have not done so. Accordingly, Plaintiffs now seek leave of Court to file a Fourth Amended Complaint.

## II.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) "requires that leave to amend the pleadings be granted freely 'when justice so requires.'" *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (citing Fed. R. Civ. P. 15(a)) ("We have held that motions to amend pleadings should be liberally granted."); *see also Harbor Laundry Sales, Inc. v. Mayflowers Textile Serv. Co.*, Civ. A. No. 09-6259, 2011 U.S. Dist. LEXIS 144878 (D.N.J. Dec. 16, 2011).

It is well-settled law that leave to amend a Complaint is rarely denied and may be denied only where there is a demonstrable showing of prejudice to an opposing party. Indeed, both this Court and the United States Supreme Court have been clear that in the absence of a demonstrable

1

showing of prejudice to an opposing party, "this mandate is to be heeded." *Freedom International Trucks, Inc. v. Eagle Enterprises, Inc. et al.*, Civ. A. No. 97-4237 (D.N.J., September 15, 1988) *quoting Forman v. Davis*, 371 U.S.178 (1962). The limited situations in which such a motion may be denied is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment . . . ." *Forman*, 371 U.S. 178, 182 (1962).

### III.    ARGUMENT

The proposed Fourth Amended Complaint is offered in good-faith. The proposed amendment seeks only to simply this matter by removing FLSA Collective Action claims (leaving intact *individual* FLSA claims), and reinstating *individual* state law claims (claims that were previously in the case but inadvertently removed when the Class Action claims were removed).

Further, Defendants' rights will not be prejudiced by allowing the proposed amendment. Defendants would not be prejudiced by the removal of the FLSA Collective Action claims, nor by the reinstatement of the individual state law claims (claims that were previously in the case, so it cannot be said that Defendants did not have prior notice of same). Indeed, and to the contrary, proceeding with the claims *individually* (rather than as a Collective or Class Action) will reduce the burden on Defendants. It will also permit Plaintiffs to proceed with their related state law claims (claims that were inadvertently removed when the Class Action claims were removed), consistent with justice. It should also be noted that no additional parties would be added by proposed amendment. Finally, if the Court does permit the proposed amendment,

Plaintiffs will be required to file their individual state claims in state court, resulting in additional expense and duplication of effort for all parties.

Furthermore, the individual state claims do not implicate any of the issues Defendants raised in their Motion to Dismiss Plaintiffs' Class Action Claims filed on September 20, 2011, and mooted by the filing of Plaintiffs' First Amended Complaint. That motion was predicated on Defendants' argument that the opt-out nature of a Rule 23 class action was incompatible with Congress' intent in requiring FLSA collective actions to be formed on an opt-in basis. Here, the state claims brought are merely each individual plaintiff's individual claim under state law. Thus, the proposed amendment does not conflict in anyway with FLSA's opt-in provisions, and there is no basis to deny supplemental jurisdiction on these claims, since the same facts underlie both the federal and state causes of action.

In addition, the proceedings in this matter will *not* be unduly delayed by allowing the proposed amendment.  In fact, the proceedings may not be delayed at all, as discovery is currently __*stayed*__ pending the Court's ruling on Plaintiffs' pending motion for protective order. Moreover, *there has yet to be a single deposition in this matter* (as discovery is currently stayed).

In short, the proposed Fourth Amended Complaint simply allows Plaintiffs to pursue their *individual* federal and state claims while simultaneously reducing the burden on Defendants of having to litigate a parallel Collective Action.  Accordingly, such an amendment would be in the interest of justice and there appears to be no good-faith basis for opposing such an amendment, let alone the possibility of a showing of demonstrable prejudice.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully requests that this Court enter the attached Order granting their Motion for Leave and Ordering the Clerk of the Court to file the proposed Fourth Amended Complaint attached hereto as Exhibit A.

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

*/s/ Joshua S. Boyette*
Richard S. Swartz, Esq.
Josh Boyette, Esq.

Dated: March 15, 2012