

ATTORNEYS AT LAW

1878 Marlton Pike East, Suite 10
Cherry Hill, NJ 08003
Tel: (856) 685-7420
Fax: (856) 685-7417
marora@swartz-legal.com

October 4, 2012

**VIA ECF**
The Honorable Karen Williams, USMJ
United States Courthouse
4th and Cooper Streets
Camden, NJ
856-757-6848

      Re:    **Alavez-Lopez,** *et al.* **v. South Jersey Sanitation Co., Inc.,** *et al.*
            **Civ. A. No. 10-5647**

Dear Judge Williams:

      As your Honor may recall, this firm represents Plaintiffs in the above referenced matter. The parties currently have a discovery dispute which requires the Court's assistance.

      For nearly ten months, defendant South Jersey Sanitation Company, Inc. (hereinafter "Defendant") has continued to evade Plaintiffs' simple request to complete a 30(b)(6) deposition of its corporate representative. A deposition notice was originally sent to Defendant on November 22, 2011, noting a deposition for December 13, 2011. *See* Deposition Notice attached hereto as Exhibit A. Said deposition was unilaterally cancelled only a few days before the scheduled deposition. Defendant cited the need to take Plaintiffs' depositions prior to participating in the 30(b)(6) deposition. This despite not having sent any deposition notices to Plaintiffs regarding same.

      Thereafter, in January 2012, Plaintiffs again sent notice to Defendant noticing a deposition to take place on February 2, 2012. At the time, Defendant had also noted the deposition of Plaintiffs to take place in the weeks prior to the 30(b)(6) deposition of Defendant's corporate representative. On January 9, 2012, Plaintiffs filed a Motion for Protective Order. In response to Plaintiffs' Motion, Defendant canceled all scheduled depositions, including Defendant's deposition. Plaintiffs objected to Defendant's cancellation of the 30(b)(6) deposition of Defendant as it was unrelated to the issues raised in the protective order. *See* Letter dated January 13, 2012, attached hereto as Exhibit B. Nonetheless, Defendant did not appear for the noted deposition.

      On May 31, 2012, the Court issued an order, granting in part, Plaintiff's Motion for protective order. Thereafter, Defendant did not attempt to reschedule Plaintiffs' depositions. On September 4, 2012, Plaintiff again sent notice to Defendant seeking at 30(b)(6) deposition. Defendant did not state any objection to the notice or contact Plaintiff anytime thereafter to schedule depositions for Plaintiffs. Nonetheless, on October 3, 2012, nearly one month after receiving the initial deposition notice, and only in response to an inquiry from Plaintiff to



confirm the previously noted deposition, Defendant again unilaterally cancelled the deposition. Defendant again cited the need to take the deposition of Plaintiffs, despite not having served any notices regarding same.

Plaintiffs immediately reached out to Defendant, objecting to the cancellation of the deposition, and requesting that Defendant reschedule same. Nonetheless, Defendant has made it clear that it is unwilling to move forward with the deposition of its corporate designee at this time. *See* Email exchange attached hereto as Exhibit C. Accordingly, with the discovery deadline of October 12, 2012, fast approaching, Plaintiffs respectfully request that this Court hold a status conference in short order in hopes of assisting the parties in resolving the current discovery disputes.

Thank you for your prompt attention to this matter.

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

/s/*Manali Arora*
Manali Arora, Esq.


cc:   Counsel for the Defendants (via ECF)

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAVIER ALAVEZ-LOPEZ, ANTONIO HERNANDEZ, WILLIAM TOVILLA, ALEJANDRO CONSTANTINO, ANTONIO GUTIERREZ, MARCO ANTONIO ORTEGA, LAZARO CORTEZ, ARMANDO CRUZ, JULIO TERAN, ERISAEL CRUZ JIMENEZ, YIMI HERNANDEZ, JOGLE HERNANDEZ, CAMERINO MARTINEZ, LUIS SANCHEZ, EMILIANO CRUZ, on behalf of themselves and those similarly situated.<br><br>PLAINTIFFS<br>v.<br><br>SOUTH JERSEY SANITATION CO., INC.<br><br>and<br><br>ANTHONY COLARSURDO<br>c/o South Jersey Sanitation Co., Inc.<br><br>DEFENDANTS | CIVIL ACTION<br><br>No. 1:10-cv-05647-NLH-KMW |

## **NOTICE OF 30(B)(6) DEPOSITION**

PLEASE TAKE NOTICE THAT at 11:00 am on Wednesday, December 14, 2011 at the Law Offices of Swartz Swidler, LLC, 1878 Marlton Pike East, Society Hill Office Park Suite 10, Cherry Hill, New Jersey, 08108, Plaintiff Javier Alavez-Lopez, on behalf of himself, other Plaintiffs, and those similarly situated will, pursuant to Federal Rule of Civil Procedure 30(b)(6), take the deposition of South Jersey Sanitation Co., Inc.'s corporate designee(s) by oral examination. Defendant's designee will be expected to testify as to:

a) All aspects of the pay practices of South Jersey Sanitation Co, Inc. relating to the payment of wages to its employees designated as "throwers" from December 2007 to the present ("the requested time period") including but not limited to:

   1. The method of calculation for daily wages;

   2. The number of hours worked each workweek by "throwers;"

      3. The "regular rate" of each "thrower" and how Defendant calculated same;

      4. The method or system used to track the number of hours each "thrower" works each workweek;

      5. The method or system used to estimate the number of hours each "thrower" works each workweek; and

      6. The scheduling process and/or the shifts worked by "throwers."

b) The duties of individuals employed as "throwers" during the requested time period.

c) Defendant's internal overtime exemption designations for "throwers" during the requested time period.

d) All information pertaining to the "daily incentive amount" given to each thrower employed by Defendant during the requested time period, including but not limited to: the amount of such "daily incentive amount," how such "daily incentive amount" was calculated, and who calculated it.

The designee should bring all documents necessary to answering questions about the above topics. The deposition will continue from day to day until completed. The deposition will be recorded by stenographic means.

                    Very truly yours,

                    SWARTZ SWIDLER, LLC

                    *s/ Richard S. Swartz*
                    RICHARD S. SWARTZ, ESQ.

Dated: November 22, 2011

# EXHIBIT B


**SWARTZ SWIDLER, LLC**
ATTORNEYS AT LAW

1878 Marlton Pike East
Society Hill Office Park, Suite 10
Cherry Hill, NJ 08003
Tel: (856) 685-7420
Fax: (856) 685-7417
marora@swartz-legal.com

January 13, 2011

**VIA ELECTRONIC MAIL**
Alyson M. Tomljenovic, Esq.
atomljenovic@cooperlevenson.com
1125 Atlantic Avenue,
Atlantic City, NJ 08401

    Re: Javier Alavez-Lopez, et al. v. South Jersey Sanitation Co., Inc., et al
    Docket No.: 1:10-CV-05657-NLH-KMW

Dear Alyson:

    I received notice from your office this morning that Defendants seek to cancel all depositions scheduled in the above captioned matter until the Court has ruled upon Plaintiffs' Motion for Protective Order. While I understand the Defendants' position as to postponing Plaintiffs' depositions, there is no good faith basis for posting the scheduled deposition of Defendants' corporate designee.

    Via the 30(b)(6) deposition, Plaintiffs will only seek discovery as to Defendants' pay policies and practices (see 30(b)(6) deposition notice sent January 4, 2012). As Plaintiffs deposition testimony has no bearing on the information to be sought at Defendant's 30(b)(6) deposition, there is no basis for Defendants to postpone the deposition.

    Kindly confirm that Defendants will produce their corporate designee for the 30(b)(6) deposition currently scheduled for February 2, 2012. If Defendants will refuse to produce the designee, kindly explain in detail the rational for the refusal.

                                Very truly yours,

                                */s/Manali Arora*

                                Manali Arora, Esq.
                                SWARTZ SWIDLER, LLC

# EXHIBIT C



## Re; 30(b)(6) Deposition in South Jersey Sanitatino

**Justin Swidler** <jswidler@swartz-legal.com>   Wed, Oct 3, 2012 at 2:30 PM
To: Tomljenovic Alyson <ATOMLJENOVIC@cooperlevenson.com>, Manali Arora <marora@swartz-legal.com>

Alyson:

I received your letter unilaterally adjourning the 30(b)(6) deposition
which we have been attempting to schedule for most of this year,
literally going back 9 months. The reason for this last-second
adjournment is because Defendants are now claiming they must depose 11
plaintiffs prior to any defense deposition. Unfortunately, this i not
the way discovery works. We made the requests first, and Defendants
may not unilaterally delay the deposition which we work with you to
schedule the 11 plaintiffs in this case, which no doubt due to
scheduling will take substantial to get everything scheduled. Please
provide an alternative date for the 30(b)(6) deposition by no later
than this Friday, or we will seek assistance from the Court.


--
Very Truly Yours,

Justin L. Swidler, Esq.
Swartz Swidler, LLC
1878 Marlton Pike East
Society Hill Office Park, Ste. 10
Cherry Hill, NJ 08003
Tel: (856) 685-7420
Direct Dial: (856) 283-3523
Fax: (856) 685-7417


Information contained in this e-mail and any documents, files, or
previous e-mail messages attached to it, are privileged and
confidential. If you are not the intended recipient of this e-mail,
you are hereby notified that any disclosure, copying, dissemination,
distribution, or use of any information, attachments, documents,
files, or previous e-mails attached to it is STRICTLY PROHIBITED. If
you have received this e-mail in error, please immediately notify the
sender by telephone or e-mail reply, and delete the e-mail as well as
any documents, files, or previous e-mail message contained within,
promptly.



# Re; 30(b)(6) Deposition in South Jersey Sanitatino

**Justin Swidler** <jswidler@swartz-legal.com>  Wed, Oct 3, 2012 at 2:57 PM
To: Tomljenovic Alyson <ATOMLJENOVIC@cooperlevenson.com>
Cc: Manali Arora <marora@swartz-legal.com>

Alyson:

As an initial matter, the Court did not force Plaintiffs to provide the discovery involving their immigration status, as Defendants had improperly requested; our motion for a protective order was partially granted. This is easily verifiable, and indeed I find it somewhat surprising that you have decided make such a clearly false representation in your short email below.

While we are willing to work with you to schedule the plaintiffs, we are not willing to wait to start taking depositions until you have shceduled a time to depose all 11 plaintiffs, some of whom will have to travel to be deposed. Delaying discovery in this respect will do nothing except prolong the case and make it impossible for us to take all the discovery we need within the deadlines. Based on your email below, it seems there is little more to discuss and we will seek court assistance so that we can get discovery without such delay tactics by Defendants.

On Wed, Oct 3, 2012 at 2:40 PM, Tomljenovic Alyson
<ATOMLJENOVIC@cooperlevenson.com> wrote:
> Justin,
> Our office attempted to schedule the depositions of your clients in January of this year; however all discovery had to be postponed as a result of your clients refusal to provide discovery and the subsequent and costly motion practice which needed to be completed, which resulted an order that they produce the requested discovery.
>  Plaintiffs then failed to provide the same within the time required by the Court. As usual, Defendant consented to an extension of time to allow Plaintiffs to produce discovery in this matter, many of whom have failed.
> Defendant has not been responsible for the delays which have occurred in this matter. Our office made it clear long ago we needed to depose Plaintiffs prior to the deposition of our corporate designee as was discussed in front of the Court. Subsequently, the Notice we received less than a month ago selected a date on which I have several other depositions scheduled in another matter.
>
> I will speak to our deposition coordinator, as well as lead counsel Russell Lichtenstein, and we will be sure to come up with some dates quickly to depose your clients.
>
> Thank you.
[Quoted text hidden]
> _____
> This email has been scanned by the Symantec Email Security.cloud service.
> For more information please visit http://www.symanteccloud.com _____
>
>
> _____
> This email has been scanned by the Symantec Email Security.cloud service.

Case 1:10-cv-05647-KMW   Document 67   Filed 10/04/12   Page 11 of 11 PageID: 628

> For more information please visit http://www.symanteccloud.com
> _____

[Quoted text hidden]