

ATTORNEYS AT LAW

Richard S. Swartz, Esquire
1878 Marlton Pike East
Society Hill Office Park, Suite 10
Cherry Hill, NJ 08003
Tel: (856) 685-7420
Fax: (856) 685-7417
marora@swartz-legal.com

October 26, 2012

**VIA FACSIMILE AND ECF**

The Honorable Karen Williams, USMJ
United States Courthouse
4th and Cooper Streets
Camden, NJ
856-757-6848

      **Re: Javier Alavez-Lopez, *et al.* v. South Jersey Sanitation Co., Inc., *et al.***
      **Docket No.: 1:10-CV-05647-NLH-KMW**

Dear Judge Williams:

As your Honor may recall, this firm represents Plaintiffs in the above referenced matter. The parties currently have a discovery dispute which requires the Court's assistance.

During a deposition on October 19, 2012, Defendants requested that Plaintiff Javier Alavez-Lopez verify his social security number as listed on his W-4 document held by Defendants. Plaintiffs contend that Defendants are attempting to use the Plaintiffs' immigration status to harass and intimidate those Plaintiffs who are not legal residents, and particularly intimidate those Plaintiffs with continued employment with Defendants. Given the Court's previous ruling that Defendants are not entitled to seek discovery of Plaintiff's social security cards, Plaintiffs believe such actions to be in direct violation of the May 31, 2012 order. Specifically, in denying Defendants' requests to discover Plaintiffs' social security numbers, the Court specifically stated that "it is an employer's obligation to examine a prospective employee's evidence of identity and employment authorization to verify that individuals' employment eligibility ***at the time of hiring***." The Court's order further stated "this court ***will not*** create an avenue for Defendants to use this litigation as a mechanism to conduct an investigation into Plaintiffs' legal right to work in this country." Nonetheless, Defendants continue to pursue such inquiries via Plaintiffs depositions.

On October 19, 2012, counsel for Plaintiff sent correspondence to Defendants seeking agreement not to pursue this line of questioning during future depositions on the basis of the Court's previous protective order. *See* Exhibit A attached hereto. In response, Defendants have alleged that they do not believe such questioning to be in violation of the Court's order, and have made clear that they intend to question each Plaintiff as to the veracity of social security numbers. *See* Exhibit B attached hereto. Accordingly, I write on behalf of both parties to seek the



ATTORNEYS AT LAW

Court's assistance prior to future Plaintiffs' depositions (currently scheduled to recommence on November 14, 2012).

Should your honor have any questions or concerns, please feel free to contact me at anytime. Thank you for your prompt attention to this matter.

Very truly yours,


/s/ *Manali Arora*
Manali Arora, Esq.
**SWARTZ SWIDLER, LLC**


cc:     Counsel for the defendants (via ECF)

# EXHIBIT A



ATTORNEYS AT LAW

1878 Marlton Pike East
Society Hill Office Park, Suite 10
Cherry Hill, NJ 08003
Tel: (856) 685-7420
Fax: (856) 685-7417
marora@swartz-legal.com

October 19, 2012

**VIA EMAIL AND FASCIMILE**
Alyson Tomljenovic
Cooper Levenson
1125 Atlantic Avenue
Atlantic City, NJ
Email: atomljenovic@cooperlevenson.com
Facsimile: (609)344-0939

**Re: Javier Alavez-Lopez, et al. v. South Jersey Sanitation Co., Inc., et al**

Dear Ms. Tomljenovic:

     During today's deposition of Javier Alavez-Lopez, you asked Mr. Lopez to verify information on his W-4 statement, including his social security number. As stated during the deposition, Plaintiffs believe such request to be in direct violation of the Court's protective order of May 31, 2012. Specifically, in granting Plaintiff's request for protective order to prevent discovery of Plaintiffs' social security number, the Court stated "it is an employer's obligation to examine a prospective employee's evidence of identity and employment authorization to verify that individual's eligibility *at the time of hiring*." Therefore, it is inappropriate for Defendants to seek to verify the Plaintiffs social security number at this time.

     Plaintiffs are concerned that Defendants' ongoing inquiry into their social security numbers is a tactic to harass and intimidate Plaintiffs from continuing with their lawsuit. Accordingly, Plaintiffs request that you Defendants agree that no other Plaintiffs shall be asked about their social security number in future depositions, including questions regarding the veracity of previously listed social security numbers. Please confirm same in writing by October 26, 2012. If Defendants refuse to enter into such agreement, Plaintiffs shall seek court assistance with regard to this matter.

     Thank you for your time and attention to this matter.

Very truly yours,

/s/*Manali Arora*

Manali Arora, Esq.
**SWARTZ SWIDLER, LLC**

# EXHIBIT B



1125 Atlantic Avenue
Atlantic City, NJ 08401
Phone 609-344-3161
Toll Free 800-529-3161
Fax 609-344-0939
www.cooperlevenson.com

Direct Phone (609) 572-7438
Direct Fax (609) 572-7439

**ALYSON TOMLJENOVIC**
EMAIL: atomljenovic@cooperlevenson.com

FILE NO. 47597/00009

October 26, 2012

Via Facsimile & Regular Mail

Manali Arora, Esquire
Swartz Swidler, LLC
1878 Marlton Pike - Suite 10
Cherry Hill, NJ 08003

> Re:   Alavez-Lopez, et al v. South Jersey Sanitation Company, Inc. and Anthony Colarsurdo
>        Civil Action No. 1:10-cv-05647

Dear Ms. Arora:

I am in receipt of your correspondence of October 19, 2012 regarding the above matter and must deny your request, as I do not believe inquiring into documents and information that Plaintiffs purportedly provided throughout their employment, which your office either produced or demanded Defendants produce, is in violation of the order issued by The Honorable Karen M. Williams.

Initially, that order addressed a discovery request for a copy of Plaintiffs' social security cards or other types of identification. In denying this specific request, the Court, in additional to believing that Defendants specifically sought the immigration status of Plaintiffs, also noted that it would be duplicative as Plaintiffs provided Defendants with that information within other documents, and therefore Defendants already obtained that information through a more convenient, less burdensome source. The Court's opinion also cited <u>Serrano v. Underground Utilities Corp.</u>, 407 N.J. Super. 253, 283 (App.Div. 2009) in which the court allowed inquiry about social security cards, etc., when the employer already has said documents in their files.

Throughout discovery, Plaintiffs' counsel made demands that Defendants produce the personnel files of Plaintiffs, which Defendant did and which contained such documents. Also, as noted above, Plaintiffs provided similar information. Defendants, while deposing Plaintiffs regarding their employment, including how said employment was achieved, what discussions were held and agreements were made regarding such issues as compensation, who was present and witness to all of the same, should be permitted to ask Plaintiffs about these documents. Inquiries into whether Plaintiffs, in fact, provided the information and whether said information is accurate is necessary not

**COOPER LEVENSON APRIL NIEDELMAN & WAGENHEIM, P.A.**

October 26, 2012
Page 2

only for discovering the specifics surrounding their employment, which is at the center of their claim, but also for credibility purposes as well refreshing recollection.

I would consent to a conference with Judge Williams to resolve the issue prior to depositions resuming on November 14, 2012.

Thank you for your attention.

Very truly yours,

Alyson Tomljenovic

CLAC 1938737.1