**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JAVIER ALAVEZ-LOPEZ, *et al.* | |
| Plaintiffs, | CIVIL ACTION |
| v. | No.: 1-10-CV-05647 |
| SOUTH JERSEY SANITATION CO., INC., *et al.* | |
| Defendants. | |

**PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION FOR SANCTIONS**

Dated:        February 20, 2013

Counsel:      Justin L. Swidler, Esq.
              Richard S. Swartz, Esq.

              SWARTZ SWIDLER LLC
              1878 Marlton Pike East. Ste. 10
              Cherry Hill NJ, 08003
              (856) 685-7420

              Attorneys for Plaintiffs

## **TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................................................... ii

TABLE OF AUTHORITIES .............................................................................................iii

INTRODUCTION AND FACTUAL BACKGROUND ........................................................ 1

LEGAL STANDARD...................................................................................................... 3

CONCLUSION.............................................................................................................. 7

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Bull v. United Parcel Service, Inc.*, 665 F.3d 68 (3d Cir. 2012)................................................ 3, 4

*In re Hechinger Inv. Co. of Delaware, Inc.*, 489 F.3d 568, 574 (3d Cir. 2007) ............................ 4

*Kounelis v. Sherrer*, 529 F.Supp.2d 503, 519 (D. NJ. 2008)........................................................ 4

*Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994)........................................ 4

*State Nat'l Ins. Co. v. County of Camden*, 2012 U.S. Dist. LEXIS 38504 (D.N.J. Mar. 21, 2012)
   (Hillman, J.) ................................................................................................................................ 4

## INTRODUCTION AND FACTUAL BACKGROUND

The instant matter has been pending before this Court for *a long time*. The case was filed in October of 2010 and has been subject to significant motion practice and discovery disputes along the way. After nearly two years of fact discovery, discovery is finally over.

The Court is likely familiar with the basic facts of this case, so Plaintiff will be brief in summarizing same. Plaintiffs are current and former employees of Defendants and are all employed as throwers. As throwers, their primary duties involve standing on the back of Defendants' garbage trucks and picking up curbside residential trash along the trucks' routes. Plaintiffs contend that they regularly worked 10-12 hours per day, and at times worked upwards of 13 hours or more per day. Plaintiffs regularly worked 5-6 days per week. This case asserts that Defendants failed to pay overtime premiums and failed to pay minimum wage to Plaintiffs. As is evident, the hours Plaintiffs actually worked is paramount to this matter.

For the nearly two and a half years of litigation which have passed, Defendants have maintained that they do not have accurate time records regarding the hours Plaintiffs worked. As recently as late January 2013 – when Plaintiffs' direct supervisor was deposed – Defendants' maintained that the most accurate records they had in their possession which illustrated the approximate actual hours worked by Plaintiffs were a combination of three types of documents, which provided some information – although not concrete – regarding the hours worked.[1] These documents consisted of (1) the daily attendance records of each Plaintiff; (2) the assignment

---

[1] Defendants even attempted to hide these documents initially from Plaintiffs, and Plaintiffs only received these documents *last month* despite requests for such documents dating back to May of 2011. In fact, Defendant Colasurdo, who testified as a designee witness for Defendant South Jersey Sanitation (a company of which he is the sole owner and a company at which he testified he works more 60-70 hours per week), testified in November of 2012 that Defendant South Jersey Sanitation had *no records* regarding the hours worked by the throwers. Deposition of Colasurdo at 12-14, *attached hereto* as "Exhibit 1"; *see also* Defendants' Answer to Interrogatories, at ¶1(e)] asserting same, *attached hereto* as "Exhibit 2."

sheets demonstrating with which truck driver each Plaintiff was assigned to work each day; and (3) the truck drivers' time sheets (as Defendants maintain accurate time records for the truck drivers). These records permitted Plaintiffs' direct supervisor to estimate the hours worked by each Plaintiff, and he established that each Plaintiff, based on these records, was entitled to overtime compensation (*i.e.* Plaintiffs worked more than 40 hours per week). Deposition of Morales at 161 (confirming that these three types of records "are the most accurate time records South Jersey Sanitation has in its possession regarding the hours the throwers worked" and confirming that "[b]ased on the records . . . each thrower worked at least one week for South Jersey Sanitation more than 40 hours"), *attached hereto* as "Exhibit 3."

Yesterday, on February 19, 2013, Defendant Colasurdo was deposed as a fact witness (due to scheduling conflicts, the Parties agreed to depose Colasurdo after the discovery end date).[2] Colasurdo was questioned regarding the lack of time records he has maintained relating to the hours Plaintiffs worked. For the first time, Colasurdo testified that the records previously provided to Plaintiffs throughout the pendency of this lawsuit are *not* the most accurate time records available. Instead, Colasurdo testified that South Jersey Sanitation maintains GPS records demonstrating the locations of each of its trucks at any given time, and that such records are the most accurate records in Defendants' possession regarding the hours Plaintiffs worked for Defendants. Up until yesterday, these records had never been identified by Defendants, and Plaintiffs were completely unaware of the existence of such records. To date, they have never been produced, and opposing counsel repeatedly objected – on the record – to such production.

Nevertheless, the age of this case demands that Defendants not be permitted to further delay this case by obstructing discovery and disclosing the existence of extremely relevant

---

[2] Plaintiffs do not yet have a copy of the transcript from the deposition taken yesterday, but due to the facts which follow, Plaintiffs feel compelled to immediately bring this issue to the Court's attention. Plaintiffs will supplement this filing once they receive the transcript to provide same to Court.

documents weeks after discovery has closed.  Should this Court permit Defendants to produce same, every deposition in this case would need to be reopened (as these withheld documents are so relevant to the underlying dispute that all witnesses deposed would need to be questioned regarding the information on such documents).  Further, Defendant Colasurdo identified four individuals (all management and administrative employees who are not throwers) who are aware of such documents and have access to same, and all four would need to be deposed.  Finally, as Defendants have so belatedly produced same (and only following the admission from Defendants' own management that the time records produced previously establish Plaintiffs' right to overtime compensation), the authenticity of the documents would clearly be in dispute, meaning that Defendants' computer and GPS systems would need to be forensically examined to establish that the records have not been altered or changed in any inappropriate manner.  In essence, if this Court permits same, it will be sending the case back another year.  The Court would then be forced – in an effort to cure the significant and undue prejudice caused by Defendants' failure to produce records which Defendants now claim are "the most accurate records" available regarding the time Plaintiffs' worked – to reopen discovery on a significant scale.  Substantial amounts of time, attorneys' fees, and costs will all be incurred at a level which is inexcusable and should not be tolerated.

For these reasons, Plaintiffs respectfully request that this Honorable Court find that Defendants have spoiled evidence, and award appropriate sanctions for same.

## **LEGAL STANDARD**

Our Court of Appeals has recently reviewed the standards regarding spoliation of evidence.  *See Bull v. United Parcel Service, Inc.*, 665 F.3d 68 (3d Cir. 2012).  In *Bull*, our Court of Appeals clarified that spoliation of evidence is not limited to situations where evidence has

been destroyed.  Instead, in situations where "a party's failure to produce a document [has] the same practical effect as destroying it . . . [the] nonproduction of evidence is rightfully characterized as spoliation." *Id.* at 72.  "Spoliation occurs where: the evidence was in the party's control; the evidence is relevant to the claims or defenses in the case; there has been actual suppression or withholding of evidence; and, the duty to preserve the evidence was reasonably foreseeable to the party." *Id.*

"When faced with a motion for spoliation sanctions . . . a court must first determine whether that party failed in its duty to preserve." *State Nat'l Ins. Co. v. County of Camden*, 2012 U.S. Dist. LEXIS 38504 (D.N.J. Mar. 21, 2012) (Hillman, J.).  If the Court determines that the duty to preserve attached and that the evidence was withheld and/or destroyed, the Court must use its discretion to determine the appropriate sanction.  *In re Hechinger Inv. Co. of Delaware, Inc.*, 489 F.3d 568, 574 (3d Cir. 2007).  Sanctions for spoliation include "(1) dismissal of a claim or granting judgment in favor of a prejudiced party, (2) suppression of evidence, (3) an adverse inference, referred to as the spoliation inference, (4) fines, or (5) attorneys' fees and costs." *State Nat'l Ins. Co.*, 2012 U.S. Dist. LEXIS 38054 at *4.  In determining the appropriate sanction, a court must balance (1) the degree of fault of the party who spoiled evidence; and (2) the degree of prejudice suffered by the opposing party.  In addition, the court must ask "whether a lesser sanction could avoid the prejudice to the opposing party, and where the offending party is seriously at fault, will serve to deter such conduct by others in the future. " *Kounelis v. Sherrer*, 529 F.Supp.2d 503, 519 (D. NJ. 2008), *quoting Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994).

Here, there can be little question that Defendants failed in their duty to disclose, preserve, and produce the GPS records.   According to Defendant Colasurdo – the sole owner of

4

Defendant South Jersey Sanitation, Co., these records constitute the most accurate records in Defendants' possession regarding the hours worked by Plaintiffs.  The number of hours Plaintiffs worked is likely the only disputed factual issue in this entire case – while the Parties are likely to disagree significantly on the law, it appears that the Parties agree factually on every other material issue (*i.e.* the Parties do not disagree regarding Plaintiffs' duties or the amount(s) Defendants paid Plaintiffs).  These records accordingly should have been disclosed and produced in Defendants' Rule 26 Disclosures, should have been disclosed in depositions (prior to yesterday), should have been disclosed in answering interrogatories, and should have been disclosed and produced when responding to document requests.  Yet Defendants failed to disclose the existence of such records until yesterday – and to date have *never* produced such records.

As discovery is now over, the extremely late nature of the disclosure of these records makes the failure of Defendants to have previously disclosed and produced same have the same practical effect as the destruction of the evidence.  If these records were produced now, Plaintiffs would be compelled to re-depose each witness they have deposed, would be forced to issue new written discovery requests, and would be forced to depose at least 4 newly identified witnesses who are allegedly familiar with the previously non-disclosed records.  Moreover, the extremely late nature of the disclosure – especially in light of such records only being disclosed shortly after Defendants were forced to concede that the records they had previously produced establish that Plaintiffs were entitled to overtime – means the records' authenticity themselves would have to be examined, likely by a computer forensics' expert.  Each of these requests requires substantial amounts of time and money.  The Plaintiffs in this matter have already waited nearly

three years to have this case resolved; it would be extremely unfair for this Court to reopen discovery so significantly because of Defendants utter fail to disclose and produce evidence.

For these reasons, Plaintiffs request that this Court sanction Defendants by providing an inference that Defendants have willfully withheld the GPS records because such records would harm Defendants by demonstrating that Plaintiffs worked more than 40 hours per week. This sanction is considerably less than this Court striking Defendants' pleadings with prejudice, is significant enough to cure the prejudice harmed by Defendants' conduct, and will not cause further delay to this case. Plaintiffs further seek this Court sanction Defendants in the amount of $1500 for Defendants' discovery abuses which have led to the instant filing.

In the alternative, should this Court instead order Defendants to produce the GPS records, it is requested that this Court (1) compel Defendants to provide a forensic copy of the computer which contains the GPS records, preserved as of February 19, 2013 (the date when Plaintiffs' counsel informed Defendants on the record to preserve same); (2) compel Defendants to provide a forensic copy of all the GPS devices; (3) provide to Plaintiffs a list of every truck which has GPS installed upon it, and when such GPS devices were installed; (4) reopen discovery for Plaintiffs for 90 days to permit Plaintiffs to examine the records, submit the records to their computer forensic expert, re-depose two witnesses, re-depose the 30(b)(6) witness, take the deposition of the four newly identified employees who had access to such data, and issue new written discovery requests regarding the GPS data; (5) adjourn all other deadlines in this case by at least 90 days; and (6) sanction Defendants in the amount of $10,000 for the estimated costs and fees which will be incurred as a result of this sanction and the necessary discovery which will need to be completed.

## CONCLUSION

For the aforementioned reasons, Plaintiffs respectfully request that this Honorable Court grant Plaintiffs' motion and provide the financial sanction and spoliation inference requested.

Respectfully Submitted,

_/s Justin L. Swidler_____
Justin L. Swidler, Esq.
**SWARTZ SWIDLER, LLC**
1878 Marlton Pike East, Ste. 10
Cherry Hill, NJ 08003
Phone: (856) 685-7420
Fax: (856) 685-7417

February 20, 2013

7