**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

JAVIER ALAVEZ-LOPEZ, *et al.*

      Plaintiffs,

            v.

SOUTH JERSEY SANITATION CO., INC.,
*et al.*

      Defendants.

CIVIL ACTION

No.: 1-10-CV-05647

**PLAINTIFFS' REPLY MEMORANDUM OF LAW**
**IN SUPPORT OF THEIR MOTION FOR SANCTIONS**

Dated:        March 13, 2013

Counsel:     Justin L. Swidler, Esq.
            Richard S. Swartz, Esq.

            SWARTZ SWIDLER LLC
            1878 Marlton Pike East. Ste. 10
            Cherry Hill NJ, 08003
            (856) 685-7420

            Attorneys for Plaintiffs

## PLAINTIFFS' REPLY MEMORANDUM OF LAW

On February 20, 2013, Plaintiffs filed their motion for spoliation sanctions, asserting that Defendants' conduct in withholding and failing to disclosure highly relevant documents entitled Plaintiffs to a spoliation inference.  At the time of the filing (the day after Plaintiffs had first learned of the existence of relevant documents while deposing Defendant Colasurdo), Plaintiffs did not have a copy of the recent deposition transcript of Colasurdo which preceded the filing. Plaintiffs now have his transcript, and attach same to this reply brief as "Exhibit 1."

As Plaintiffs correctly informed the Court, weeks after discovery closed, Defendant Colasurdo first disclosed the existence of the GPS records which, according to Colasurdo, have been installed on "most" of his trucks for a year and possible "a couple of months longer than a year." (Exhibit 1 at 18).  The records would show the exact times that the trucks left the yard each morning and returned in the afternoon.  (*Id.*).   It remains undisputed that Defendants did not keep specific records for the explicit purpose of recording the hours Plaintiffs worked for Defendants each day.  Nevertheless, Colasurdo confirmed in his deposition that these previously undisclosed and yet-to-be-produced records "**may be the most accurate records [Defendants] have regarding the hours the plaintiffs in this action worked**." (Exhibit 1 at 48-49).  Despite Defendant Colasurdo's testimony that these GPS records were likely the most accurate records in Defendants' possession reflecting the hours Plaintiffs worked, counsel for Defendants objected on the record to their production.  (*See* Exhibit 1 at 49).  To date, these records have not been produced.

Defendants incorrectly argue their conduct in withholding such relevant documents does not constitute "bad faith."  They assert that Defendants were completely unaware that the GPS records were responsive to the numerous requests Plaintiffs made for records relating to the time

Plaintiffs worked for Defendants.  Defendants then point to the fact that Plaintiffs never explicitly requested GPS records (which were never disclosed and to which Plaintiffs had no knowledge of their existence) as evidence that Defendants – who had the system installed and who were fully aware of their existence – could not have realized that such documents should have been produced in response to requests made by Plaintiffs and/or in Defendants' Rule 26 Disclosures.

Defendants' position in this case, however, is at significant odds with their stated contention in opposition to this motion that Defendants could not have realized that the GPS records were highly relevant in this matter.  Defendants' contend that the workday for each Plaintiff begins when the garbage truck reaches the first residential trash pickup location of the day and ends at the final pickup location. (Exhibit 1 at 40).  The *only* records in existence which could record such times are the GPS records.  (*Id.* at 40-41).  The routes and approximate amounts of time each route takes to complete has been the subject of multiple depositions in this case.  Approximations were used in depositions because of testimony from Defendants that there were no records which could concretely provide such time.  (*See, e.g.* Deposition of Edwin Morales at pp. 29, 43, 46, "Exhibit 2") (testifying regarding approximate times employees would have been picked up and begun working based on the less-accurate but produced records).  As it turns out, such records exist; Defendants have just withheld same from Plaintiffs for the entire duration of this entire case.  Moreover, even in the face of this pending motion, Defendants are *still* suppressing such evidence and have not provided the records to Plaintiffs.

For these reasons, and the reasons more fully briefed in Plaintiffs' original Memorandum of Law in Support of Plaintiffs' Motion for Spoliation Sanctions, Plaintiffs respectfully request

Respectfully Submitted,

*/s Justin L. Swidler*
Justin L. Swidler, Esq.
**SWARTZ SWIDLER, LLC**
1878 Marlton Pike East, Ste. 10
Cherry Hill, NJ 08003
Phone: (856) 685-7420
Fax: (856) 685-7417

March 13, 2013

4